**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

EBONI STERNJOHN, et al

**MEMORANDUM OPINON**
**& ORDER**
Court File No. 02-842 MJD/JGL

v.

ROBERT KREISLER, JR
a/k/a Bob Peterson,
a/k/a Robert Peterson,
d/b/a Kreisler Real Estate Co.,
d/b/a Whittier Real Estate Co.,
d/b/a Whittier Community Apartments,
d/b/a KT Properties Partnership L.P.,
d/b/a Bristol Apartments,

Solar Partnership,
a/k/a Solar Partnership, L.L.P.
a/k/a Solar Partnership I, L.L.P.,
a/k/a Solar Partnership III, L.L.P.,
a/k/a Solar Partnership IV, L.L.P.,
d/b/a Solar Corporation,

Larry Hopfenspirger,
d/b/a Hopfenspirger Realty, Inc.,

Defendants.

---

This matter is before the Court on Defendants Solar Partnership and Larry Hopfenspirger's ("Solar Defendants") Motion for Summary Judgment. As discussed in detail below, the Defendants' Motion for Summary Judgment is denied.

FILED 1-7-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**FACTUAL BACKGROUND**

Plaintiffs Eboni SternJohn and Julius SternJohn ("SternJohns") are a married couple with two daughters. Eboni SternJohn is African American of part Native American ancestry and Julius SternJohn is African American. As of the filing of this action, Eboni SternJohn worked as a landscape store manager and Julius SternJohn was finishing his PhD in biochemistry at the University of Minnesota. (SternJohn Aff., ¶2). The SternJohns lived at an apartment complex at 2421 Pillsbury Avenue South, Minneapolis, ("Pillsbury Property") from September 1995 until July 15, 1999. (Id.).

Defendant Solar Partnership was fee owner of the property until July 17, 1998 (Def.'s Mem. Supp. Summ. J. at 2). Hopfenspirger is the managing partner of Solar Partnership, Solar Partnership L.L.P., Solar Partnership I, Solar Partnership III, L.L.P., and Solar Partnership IV, L.L.P. (Cummins Aff., Ex. 1). Hopfenspirger is also the president of Solar Corporation and Hopfenspirger Reality (Id.). Solar Partnership became Solar Partnership I, L.L.P., which was created eight days after the SternJohns filed their complaint against Solar Partnership with the Minnesota Department of Human Rights. (Def.'s Mem. Supp. Summ. J., at 2).

The alleged discrimination began after July 17, 1998, when Hopfenspirger sold the Pillsbury property to Defendant Robert Kreisler ("Kreisler"). Two months later, on September 17, 1998, the two parties entered into an Interim Management Agreement, whereby Kreisler agreed to manage the property from October 15, 1998, until the date of the sale closing (Id.). The SternJohns allege that Kreisler had a history of discriminatory management practices. They submit the affidavit of Allen Lindskoog

who served as a caretaker for Kreisler in 1989 at a property located on First Avenue in Minneapolis. He states that Kreisler asked him to discriminate against blacks by coding their housing applications so that he would know to deny them later (Lindskoog Aff., ¶¶ 1, 3). Kreisler also had a history of discrimination lawsuits and settlements against him (Cummins Aff., Ex. 3-7).

The SternJohns rented the Pillsbury property for nearly four years, from September 1995 until August 1999. They state that they had no complaints prior to Kreisler's management of the property. The SternJohns allege that Kreisler engaged in a variety of racially discriminatory behavior. The major allegations of discrimination are set forth below:

Evictions and Lease Non-Renewals: The SternJohns submit affidavits from three tenants stating that Kreisler targeted blacks for groundless or retaliatory evictions and lease non-renewals. The SternJohns were given an eviction notice on November 8, 1998, less than one week after they wrote Kreisler a letter regarding unaddressed repair requests. (Cummins Aff., Ex. 7, 17). The eviction was dismissed as groundless on November 20, 1998. (Id., Ex. 18). At the court, Asa Voak, who appeared on behalf of Solar Defendants and Kreisler allegedly stated in Eboni SternJohn's presence, "I'm tired of having to deal with n----rs." (SternJohn Aff., ¶4).

By letter dated November 25, 1998, the SternJohns complained to Kreisler of discriminatory treatment. (Cummins Aff., Ex.19). Five days later on November 30, 1998, Kreisler gave the SternJohns a notice of lease non-renewal. (Cummins Aff., Ex. 8). On July 11, 1999, shortly after the SternJohns complained both orally and in writing

of discriminatory treatment, Kreisler issued them their second eviction notice. (Cummins Aff., Ex. 14, 29; SternJohn Aff., ¶9). The eviction action was again dismissed. (Cummins Aff., Ex. 30).

Repairs: The SternJohns offer the affidavits of two co-tenants stating that Kreisler ignored the maintenance requests of its black tenants. The SternJohns in particular had a refrigerator that would malfunction and spoil their food. Kreisler refused to fix the refrigerator for six months despite being ordered by the court at hearings held on January 13, February 26, April 13, May 3, and May 19, 1999. (SternJohn Aff., Ex. 20-26). During that same time, the SternJohns allege that Kreisler installed a new refrigerator in their white neighbor's residence. (SternJohn Aff., ¶16).

Demographic Change of the Apartment: The SternJohns attest that the racial-makeup of the apartment complex greatly changed after Kreisler's arrival. In particular, when Kreisler became manager for Solar Defendants, on October 15, 1998, blacks leased 10 of 24 apartments. By August, 2000, there was only one black household. (Cummins Aff., Ex. 31). The SternJohns claim that this demographic shift is especially significant given the building's location in a diverse neighborhood (SternJohn Aff., ¶2).

Solar Defendants' Response: The SternJohns further allege that Solar Defendants were irresponsive to their complaints and those of other black tenants regarding racial discrimination. In particular, Hopfenspirger did not respond to a letter the SternJohns sent on December 30, 1998 or their oral complaints regarding discrimination. (Cummins Aff., Ex. 27; SternJohn Aff., ¶¶5, 7). Instead, Hopfenspirger extended Kreisler's management contract until April, 1999. (Cummins Aff., Ex. 28;

SternJohn Aff., ¶7). On July 12, 1999, Eboni SternJohn wrote Hopfenspirger a letter requesting a rental reference. (Cummins Aff., Ex. 32). When she received no response, she requested the reference from him by telephone on July 15, 1999, fearing that Kreisler would give them a negative reference. (SternJohn Aff., ¶7). According to Eboni SternJohn, Hopfenspirger admitted that the SternJohns were good tenants and that Kreisler would likely give them a negative reference. Nonetheless, he refused to provide a reference. The SternJohns assert that around the same time, Hopfenspirger gave a white tenant a rental reference (SternJohn Aff., ¶8). The Solar Defendants deny ever receiving the letters the SternJohns claim to have mailed to Hopfenspirger. In addition, the Solar Defendants argue that the SternJohns' letters of complaint were not received and were fabricated for this litigation. (Def.'s Reply Mem. Supp. Sum. J. at 4).

Following their second eviction notice, the SternJohns decided to move. Kreisler gave a negative rental referral and Eboni SternJohn had to make an in-person appeal to her potential landlord in order to obtain an apartment. (SternJohn Aff., at ¶10).

After approximately one year, on July 10, 2000, the SternJohns filed an administrative claim against the Defendants with HUD. (Cummins Aff., Ex. 34). HUD representatives prepared the charge for the SternJohns (SternJohn Aff., ¶11). HUD did not issue a report by the time the SternJohns withdrew their charge in order to file a civil suit in federal court. However, HUD recommended issuing a "reasonable cause" determination against all respondents around the time that the charges were withdrawn. (Cummins Aff., Exs. 38-39). Solar Defendants note that the HUD complaint's address

for Hopfenspirger was incorrect and state that Hopfenspirger never received the complaint and had no knowledge of its existence. (Def.'s Mem. Supp. Summ. J. at 2).

On July 11, 2000, the SternJohns filed an administrative claim with the Minnesota Department of Human Rights ("MDHR"). On July 16, 2001, the MDHR issued an investigation report, which stated that it had found insufficient evidence to pursue the claim further against Solar Partnership and dismissed the charge. (Hopfenspirger, Ex. E). The MDHR made a separate Probable Cause determination against Kreisler.

On April 22, 2002, the SternJohns filed a complaint against the named defendants in federal district court alleging violations of the Federal Fair Housing Act, 42 U.S.C. §§3601, et. seq; the Civil Rights Act of 1866, 42 U.S.C. §1982; and the Minnesota Human Rights Act, Minn. Stat. §§363.01, et. seq. (Compl. at ¶1). The Solar Defendants move for summary judgment on state and federal statutes of limitations. The SternJohns have indicated in their memoranda of law and in oral argument that they do not allege state claims against the Solar Defendants. Accordingly, the claims under the Minnesota Human Rights Act are dismissed as to the Solar Defendants. The Court now evaluates the Solar Defendants' summary judgment motion on federal statute of limitations grounds.

**DISCUSSION**

**Standard**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c);

Celeotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Id. at 323, 106 S.Ct. at 2552. Once that burden is met, the non-moving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). The non-moving party then bears the burden of setting forth specific facts showing that there is evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Because discrimination cases often turn on inferences rather than on direct evidence, we are particularly deferential to the nonmovant. Snow v. Ridgeview Medical Center, 128 F.3d 1201, 1205 (8th Cir. 1997); Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994). In addition, the Court is required to resolve all conflicts of evidence in favor of the non-moving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). This notwithstanding, in order to defeat summary judgment when a properly supported motion for summary judgment is made, the non-moving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

**Notice to Solar Defendants:**

Solar Defendants argue that they had "no knowledge of the [HUD charge] nor receiving it." (Def.'s Mem. Supp. Summ. J. at 2). They state that the address to which the HUD complaint was sent, 8601 Logan Avenue South, Bloomington, MN, was incorrect. Hopfenspirger states that he sold that property on June 25, 1999, over a year before the SternJohns filed their HUD Complaint. (Hopfenspirger Aff., ¶6).

The SternJohns state that HUD was responsible for serving the HUD complaint and offer proof of certified service to the Logan Avenue Address (Cummins Aff., Ex. 35). The exhibit indicates that the complaint was returned. The SternJohns also offer a certified mail receipt suggesting that the complaint was sent again on February 5, 2001 to 2025 Nicollet Avenue South, Apt. 283, Minneapolis, MN 55404.

Further, the SternJohns note that on December 20, 2001, Hopfenspirger met in person with HUD officials to discuss the claims against Solar Defendants and submitted a written response to HUD regarding the allegations. (Cummins Aff., Ex. 36). Further, on January 23, 2002, Hopfenspirger responded in writing to HUD regarding the SternJohn's claims. (Cummins Aff., Ex. 37).

The Court finds that, viewed in the light most favorable to the SternJohns, the competing claims regarding the receipt of the HUD complaint create a genuine issue of material fact for trial.

The Solar Defendants also claim that Hopfenspirger never received the SternJohns' letters regarding Kreisler's discriminatory behavior and failure to do repairs. They also argue that Hopfenspirger never received the letter requesting a rental

reference. They assert that the SternJohns may have fabricated the December 30, 1998 and July 12, 1999 letters to Hopfenspirger. (Def.'s Mem. Reply Supp. Summ. J. at 3-4). Although the Solar Defendants allege these claims in their memoranda of law, they do not present evidence in support of their allegations in the form of affidavits or otherwise. Hence, the Solar Defendants have not met their initial burden to identify evidence demonstrating the absence of a genuine issue of material fact. Celeotex Corp. 477 U.S. at 323.

In contrast, the SternJohns provide affidavits supporting their claim and include photocopies of their letters to Hopfenspirger. (Cummins Aff., Exs. 27, 33) . The question of Solar Defendants' receipt of the letters and their veracity is one of material fact for the jury.

**Parties**

The Solar Defendants argue that other than Solar Partnership and Hopfenspirger, the additional "Solar" defendants are inappropriately named in this action: "Plaintiff sought to bring in numerous partnerships and corporations without any basis in fact as to their liability. Solar partnership owned the property and contracted with Kreisler, not any of the other Solar defendants or their principal." (Def.'s Mem. Supp. Summ. J. at 7).

The SternJohns offer evidence that the named Solar defendants share the same principal place of business and are owned by Hopfenspirger. The SternJohns also note that Solar Partnership changed its name shortly after a complaint was filed with the

MDHR. They present evidence that at the time this lawsuit was filed, Hopfenspirger was the owner of the property and that Solar Corporation held the property.

Therefore, the Court finds that the Solar Defendants have not presented evidence suggesting that the additional defendants should not remain named parties at this early stage of litigation. Accordingly, the named Solar defendants are properly before this Court.

**Statute of Limitations**

**FHA Claim**

The Solar Defendants' statute of limitations claim hinges on the date their alleged liability for Kreisler's discriminatory practices ends. They argue that the SternJohns' discrimination claims against them are based on Kreisler's conduct as their agent. The Solar Defendants assert that Kreisler ceased to act as their agent once the sale of the Pillsbury property was completed on March 29, 1999 and, therefore, the statute of limitations regarding these allegations against them began to run on that date.

In contrast, the SternJohns argue that the Solar Defendants' last discriminatory act occurred on July 15, 1999 when Hopfenspirger refused to give them a housing reference while admitting that Kreisler would probably give them a negative reference. The SternJohns argue that under these facts, the statute of limitations has not run against their claims. The Solar Defendants argue that Hopfenspirger had no duty to provide a reference and had no contractual relationship with the SternJohns on this date because he no longer owned the Pillsbury property.

Using the March 29, 1999 timeframe, the Solar Defendants argue that the SternJohns' federal claims are barred by federal statutes of limitations according to the language in 42 U.S.C. §3613(a)(1)(A), which states:

> An aggrieved person may commence a civil action in an appropriate United States District Court or State Court not later than two years after the occurrence or termination of an alleged discriminatory housing practice to obtain appropriate relief.

Id. (Emphasis added).

Under the Solar Defendants' suggested timeframe, the action would have been brought three years after the date the Pillsbury property was sold on March 29,1999 and would be barred by 42 U.S. C. §3613(a)(1)(A).

A pending administrative claim exception is built into the statute. In particular, 42 U.S.C. §3613 (a)(1)(B) states:

> [C]omputation of such two year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint.

Id.

However, 42 U.S.C. §3610(a) of the FHA states:

> An aggrieved person may not later than one year after termination of the alleged discriminatory housing practice has occurred or terminated, file a complaint with the Secretary alleging such discriminatory practice.

Id. (Emphasis added.)

Therefore, based on the March 29, 1999 timeframe, the SternJohns' administrative claim with HUD, filed on June 10, 2000, would be more than 1 year and 3 months after the March 29, 1999 sale of the Pillsbury property.

The SternJohns argue to the contrary that their HUD administrative claim was timely filed and pending when this lawsuit commenced. Using the same statutory analysis, the SternJohns employ the July 15, 1999 timeframe whereby the June 10, 2000 HUD claim would have been timely filed less than a year after the last alleged discriminatory act. Further, the filing of the administrative claim with HUD would have stopped the statute of limitations period from running until August 15, 2002 when the SternJohns withdrew their claim in order to file this action in federal court on August 22, 2002. Because the statute of limitations would have stopped on July 10, 2000 and resumed on August 15, 2002, they would have used approximately one of the two years permitted under 42 U.S.C. §3613(a)(1)(A).

The Court determines that the SternJohns' claim under the FHA is not time-barred under 42 U.S.C. §3613 (a)(1)(A). Rather, the SternJohns' last asserted act of discrimination against the Solar Defendants occurred on July 15, 1999, when Hopfenspirger allegedly refused to give the SternJohns a positive rental reference while admitting that Kreisler would likely give them a negative one.

Section 3613 of the FHA commences the statute of limitations "after the alleged discriminatory housing practice occurred." 42 U.S.C. §3613(a)(1)(A). Here, the last alleged discriminatory practice regarding the Solar Defendants occurred on July 15, 1999. The SternJohns'claims against the Solar Defendants are based largely on an agency theory. However, they also assert that the Solar Defendants omitted to act on several occasions despite their notice of the alleged discriminatory housing policy that Kreisler advanced at the Pillsbury property. Therefore, the allegation of a

discriminatory refusal to give a housing reference would mark yet another incident in what the U.S. Supreme Court called with regard to FHA claims, "a continuing violation manifested in a number of incidents. . ." Havens Realty Corp. v. Coleman, 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214. Further, contrary to the Defendants' argument, neither the statute's language nor legislative history indicate that a discriminatory housing practice need begin or end with the Solar Defendants' privity of estate or contract with the SternJohns.

The Court finds that in addition to the plain language of 42 U.S.C. §3613, the policy behind the FHA supports a conclusion that the operative date for evaluating the statute of limitations is July 15, 1999. The U.S. Supreme Court interpreted the FHA's 42 U.S.C. §3612(a) limitations period in light of the Act's policy basis:

> Where the challenged violation is a continuing one, the staleness concern disappears. Petitioners' wooden application of §812(a) [amended as 42 U.S.C. §3612(a)], which ignores the continuing nature of the alleged violation, only undermines the broad remedial intent of Congress embodied in the Act.

Havens Realty Corp. v. Coleman, 455 U.S. 363, 380, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982).

Thus, the SternJohns timely filed their administrative complaint within a year of Hopfenspirger's alleged discriminatory refusal to provide a rental reference. After the claim had been pending for nearly two years, the SternJohns removed it from HUD and timely filed an action in federal district court on August 22, 2002, within the two year statute of limitations period of 42 U.S.C. §3613(a)(1)(A). Accordingly,

the SternJohns' FHA claim survives summary judgment on statute of limitations grounds.

**Section 1982 Claim**

The SternJohns allege a violation of the Civil Rights Act of 1866, 42 U.S.C. §1982. The statute states:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

Id.

Reconstruction Civil Rights Act claims such as 42 U.S.C. §1983 and §1982 do not have their own federal statutes of limitations and therefore state law statutes of limitations apply. Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254.

The parties dispute which statute of limitations should apply to the §1982 claim. Solar Defendants contend that a two-year statute of limitations for intentional torts applies to §1983 claims in the District of Minnesota pursuant to Cook v. City of Minneapolis, Dir. of Minneapolis Dep't of Civil Rights, 617 F. Supp. 461 (D. Minn. 1985). They argue that the SternJohns' section 1982 claim was brought three years after March 29, 1999, and is untimely and barred by the two year statute of limitations as determined by the Cook decision. The Court notes that under the July 10, 1999 timeframe, the claim would also be time-barred under the two-year statute of limitations.

The SternJohns argue that the state "residual statute for personal injury actions" applies where the state has multiple limitations periods for tort claims. Owens v. Okure,

488 U.S. 235, 250 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 618, at n.3 (8th Cir. 1995). The SternJohns note that even if the Court were to adopt the Defendants' suggested timeframe of March 29, 1999, which this Court has already rejected, the §1982 action would still fit within the six-year statute of limitations.

The Court holds that the six year statute of limitations under the personal injury statute, Minn.Stat. §541.05, subd. 1(5) applies to §1982 claims in the District of Minnesota, and that Solar Defendants incorrectly relied on the Cook decision in evaluating the applicable statute of limitations periods.

First, the Court notes that claims under the Civil Rights Act of 1866 have been held to have the same applicable statute of limitations periods. The Supreme Court first addressed the statute of limitations for §1983 claims in Wilson v. Garcia 471 U.S. 261. 105 S.Ct. 1938, 85 L.Ed. 2d 254 (1985). In Wilson, the Supreme Court determined that §1983 claims are similar to personal injury causes of action and should be subject to the state's personal-injury statute. Id. The Supreme Court later found that §1981 claims, like §1983 claims, should be characterized as personal injury causes of action for statute of limitations purposes. Goodman v. Lukens Steel Co., 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). In Goodman, the Court reasoned that the state personal injury statute of limitations is also appropriate in §1981 cases because, like §1983 and §1982, §1981 is "part of a federal law barring racial discrimination, which. . . is a fundamental injury to the individual rights of the person." Id. at 661. The Court also emphasized that the "historical interrelationship" of statutes originating under the Civil Rights Act

of 1866 are a reason for construing them similarly. Tillman v. Wheaton-Haven Recreation Assoc., Inc. 410 U.S. 431, 93 S.Ct.1090 (1973).

Based on the foregoing, this Court finds that the personal injury statute of limitations is also appropriate for §1982 causes of action. Multiple circuits concur in this result and have found that the §1982 causes of action should be treated like §1983 and §1981 claims for statute of limitations purposes. See, e.g., Baker v. F& F Investment, 420 F.2d 1191, 1198 (7th Cir. 1970); Waters v. Wisconsin Steel Works of Int'l Harvester Co. 427 F.2d 476, 488 (7th Cir.), cert denied, 400 U.S. 911 (1970); (1985); Scheerer v. Rose State College, 774 F. Supp. 620, 622 (W.D. Okla. 1991); Mitchell v. Sung 816 F. Supp. 597, 601 (N.D. Cal. 1993).

Because the Court views §1982 and §1983 the same for statute of limitations purposes, the Court must evaluate which statute of limitations applies in this instance. In Wilson, the Supreme Court sought to resolve, "the conflict, confusion, and uncertainty concerning the appropriate statute of limitations to apply to this most important, and ubiquitous, civil rights statute…". Wilson, 471 U.S. at 266. As discussed above, the Court held that 42 U.S.C.§1988 requires courts to borrow and apply to all §1983 claims a state's personal injury statute of limitations. Id. at 276-80. The Supreme Court addressed the statute of limitations for §1983 actions again in Owens v. Okure, 488 U.S. 235 109 S.Ct. 573, 102 L. Ed.2d 594 (1989). There, the Court noted the lack of uniformity that persisted in §1983 statutes of limitations claims following the Wilson decision in "States with multiple statutes of limitations for personal injury actions." Owens, 488 U.S. at 576. The Court resolved the conflict by

holding that, "where state law provides multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the general or residual statute for personal injury actions." Id. at 582.

Subsequently, the Minnesota Court of Appeals, addressed the same issue facing the Court in this action. There the court rejected the two-year limitations period of Minn. Stat. §541.07(1) as decided in Cook. Berg v. Groschen, 437 N.W. 2d 75 (Minn. App. 1989). Citing the Owens decision, the court determined that because Minnesota had multiple statutes of limitations for personal injury actions, the six-year limitations period of Minn. Stat. §541.05, subd. 1(5) should apply to §1983 claims. Id. at 77. In 1995, the Eighth Circuit, citing the Berg decision, adopted the six-year statute of limitations of Minn. Stat. §541.05, subd. 1(5) for §1983 causes of action in Minnesota. Egerdahl, 72 F.3d at 618 n.3 (8th Cir. 1995).

Based on the foregoing, the Court determines that the six-year statute of limitations applies to §1982 claims in the District of Minnesota. Accordingly, the SternJohns' §1982 cause of action is timely under Minn. Stat. §541.05, subd. 1(5).

**Conclusion**

Solar Defendants motion for summary judgment was based solely on their statute of limitations claims. The Court has found that the SternJohns' federal claims against the Solar Defendants were brought within the appropriate statute of limitations periods. Accordingly, Solar Defendants' summary judgment motion is DENIED.

**IT IS HEREBY ORDERED**:

1.) Defendants Solar Partnership, L.L.P. and Larry Hopfenspirger's Motion for Summary Judgment (Docket # 15) is **DENIED**.

Date Jan. 3, 2003

Michael J. Davis
United States District Court