**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**EBONI STERNJOHN, and JULIUS STERNJOHN,**

Plaintiffs,

v.

**ROBERT L. KREISLER JR., a/k/a Bob Peterson, and Robert Peterson, d/b/a• Kreisler Real Estate Company, Whittier Real Estate Company, KT Properties Partnership L. P., Whittier Community Apartments, Bristol Apartments; SOLAR PARTNERSHIP, a/k/a Solar Partnership, L.L.P., Solar Partnership I L.L.P., Solar Partnership III L.L.P., Solar Partnership IV L.L.P., d/b/a Solar Partnership; LARRY HOPFENSPIRGER d/b/a Hopfenspirger Realty, Inc,**

Defendants.

Civil No. 02-842 (MJD/JGL)

**O R D E R**

---

APPEARANCES

Justin Cummins, Esq., on behalf of Plaintiffs

Alfred H. Edwall, Jr., Esq., on behalf of Defendant Robert Kreisler

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on January 14, 2003 on Plaintiffs' Motion to Compel Discovery (Doc. No. 31). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

1-15-03
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

These motion arises from a housing discrimination suit. Plaintiffs are former tenants of Defendants. In the instant motion, Plaintiffs seeks more complete responses to discovery requests.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a).

Plaintiffs seek discovery in six broad categories. Since Plaintiffs failed to comply with the requirements of D. Minn. LR 37.2, the Court will depart from its usual practice of identifying specific discovery requests by number, and will address the requests categorically as the Parties did at the motion hearing.

### A. Tenant Liaison Information

Plaintiffs seek information related to complaints brought to the attention of, and investigations conducted by, Defendants' tenant liaison.

Apparently, Defendants established a tenant liaison office to handle tenant complaints. According to Defendants' Counsel, this is mostly an informal process handled by a telephone call and an informal investigation. The implication at the motion hearing was that there was very little, if any, documentation available. However, Defendants promised to provide any documentation they have regarding complaints and investigations involving their tenant liaison. The Court is satisfied that this production will fulfill Defendants' obligations as to this area of discovery. Therefore, this part of Plaintiffs' motion is granted. Defendants must provide responsive documents within thirty days of this Order.

**B. Information Related to Repairs and Redecorating**

Plaintiffs seek information related to repairs and redecorating performed at 2421 Pillsbury Avenue and 2500 Blaisdell Avenue. Defendants do not object to this discovery. Rather, Defendants assert that they have produced everything they have that is responsive to this request. Plaintiffs are dubious.

Courts have no way to test the veracity of a party's claim that it has fully complied with its discovery obligations, and therefore must accept representations that it has complied. See Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 514 n.2 (D. Minn. 1997) (citations omitted). Of course, Defendants are reminded of their on-going obligation to supplement discovery responses

should more information become available. This part of Plaintiffs' motion is denied as moot.

**C. Unredacted Rent Bills**

Plaintiffs seek production of rent bills and other fee information. Plaintiffs argue that this information is relevant as to whether tenants of different races were charged different rents. Defendants have provided this information, but have redacted the portions containing the actual dollar amounts paid and rents charged. Defendants assert that they will provide the redacted information if Plaintiffs stipulate that this information is to be "for attorneys' eyes only." At the motion hearing, Plaintiffs agreed to designate this information as "attorneys' eyes only." Therefore, this part of Plaintiffs' motion is granted as to production after the Parties enter into an appropriate stipulation and protective order. The Parties must enter into such a stipulation within twenty days of this Order, and Defendant must produce unredacted documents within thirty days of this Order.

**D. Pattern and Practice Information**

Plaintiffs seek information related to Defendants' pattern and practice regarding such things as evictions and notices to vacate. Plaintiffs assert that this information is relevant so that they can compare the eviction rates of tenants of different races. Defendants have apparently provided this information for the time period beginning in 2000. Plaintiffs now seek

information regarding the time period 1998-2000, the time period relevant to this case. Defendants argue that they do not keep records based on the race of their tenants. At the motion hearing, Defendants stated that they have the information for the time period beginning in 2000 only because that was the year the Minnesota Department of Human Rights insisted Defendants keep such records.

At the motion hearing the Court stated the obvious: if Defendants have no responsive records for the years 1998-2000, Defendants must say so in their discovery response. Therefore, this part of Plaintiffs' motion is granted as to a complete answer, but not as to a promise for the production of more documents. It seems that such documents simply may not exist. However, Defendants are again reminded of their on-going discovery obligations. If responsive documents become available, Defendants must produce them for Plaintiffs.

**E. <u>Proof That Defendant Kreisler Has "Two Black Sons"</u>**

Apparently, Defendant Kreisler became agitated at his deposition and stated something to the effect of, "I have two Black-Asian sons." Kreisler offered this information as a defense to Plaintiffs' discrimination claims. Plaintiffs seek documentation of the race of Kreisler's sons. Plaintiffs feel this information is relevant as to Kreisler's credibility. Apparently, no records of the

sons' race exist. Plaintiffs stated that they would be satisfied with photographs of the sons, who are adults.

The Court is sensitive to Kreisler's reluctance to introduce the race of his sons into this civil lawsuit. However, given the fact that Kreisler brought up the issue, the Court finds that producing photographs of the Kreisler children should be allowed in this case. The Court takes no position regarding the validity of this defense, or the admissibility of the photographs as evidence. This part of Plaintiffs' motion is granted. Defendants must produce the photographs within thirty days of this Order.

**F. <u>Defendants' Business Information</u>**

Plaintiffs seek information related to Defendants' businesses. Specifically, Plaintiffs request information regarding the businesses' by-laws, structures, financial statements, and the like. Since Defendant Kreisler has so many different businesses with so many different names, Plaintiffs argue that they need this information so that they know "who they are dealing with." Kreisler asserts that he is the sole proprietor of all his businesses, and that none of his businesses are incorporated, so no articles of incorporation or related documents exist.

Kreisler admits that he possesses some information regarding trade names, which he will produce. Other than that, Kreisler asserts he has no relevant documents regarding the "structure" of his businesses. The Court

must accept this statement as true. See Onwuka, 178 F.R.D. at 514 n.2. Kreisler is again reminded of his on-going obligation to supplement his discovery responses as relevant information becomes available. This part of Plaintiffs' motion is granted. Defendants must produce responsive documents within thirty days of this Order.

**G. Deposition of Penny Ream**

Plaintiffs' motion originally sought an order compelling Defendants to produce Penny Ream for deposition. At the motion hearing, Plaintiffs withdrew this request. Therefore, this part of Plaintiffs' motion is denied as moot.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiffs' Motion to Compel Discovery (Doc. No. 31) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order;

(2) The Parties must enter into a stipulation and protective order to cover the production of confidential rental information by February 3, 2003; and

(3) Defendants must comply with this Order and provide discovery responses by February 14, 2003.

Dated: January 14, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge