**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

v.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership, L.L.P, a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger, Realty, Inc.,

Defendants.

Civil No. 02-842 MJD/JSM

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS the parties consider certain documents and other information pertinent to this litigation to be private, and some documents to be confidential under pertinent state and federal laws,

IT IS HEREBY ORDERED, UPON CONSENT OF THE PARTIES, AS FOLLOWS:

1. That information produced pursuant to written discovery in the above-captioned federal litigation, including documents produced and answers to interrogatories or admissions, may be designated as confidential and subject as such to the following restrictions:



FILED MAR 0 3 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

a. They shall be used only for the purposes of this litigation.

b. Unless otherwise ordered by the Court, such documents and information, including any copies made thereof, shall be treated as confidential and shall not be disclosed by the attorneys, or any of their employees or partners, to any person, governmental agency, or entity. This paragraph shall not prohibit the parties from introducing any document at trial, preparing any witness for trial, or providing information to an agency with authority to review said information.

c. Counsel need not secure agreement to be bound by this Order from court reporters, witnesses appearing at depositions or providing oral testimony under oath, or expert witnesses.

d. The parties may from time to time exempt other persons from the requirement of entering into a written agreement to be bound by this Order.

e. In the event that the above-described documents are used in any Court proceeding herein, the parties may request the Court to take steps to ensure the materials will not lose their confidential status.

f. Documents shall be designated as confidential by stamping with any appropriate designation on each such document.

2. That the rent-roll and other tenancy-fee documents produced pursuant to the Court Order in this case, dated January 14, 2003, as well as financial data produced in response to Julius SternJohn's Interrogatory Nos. 3-5 and Document Request Nos. 5-8 to Defendant Kreisler may be designated as "attorneys eyes only" and subject as such to the following restrictions:

a. They shall be used only for the purposes of this litigation.

b. Unless otherwise ordered by the Court, such documents and information, including any copies made thereof, shall be treated as confidential and shall not be disclosed by the attorneys, or any of their employees or partners, to any person, governmental agency, or entity. This paragraph shall not prohibit the parties from introducing any document at trial, preparing any witness for trial, or providing information to an agency with authority to review said information.

c. The parties may from time to time exempt other persons from the requirement of entering into a written agreement to be bound by this Order.

d. In the event that the above-described documents are used in any Court proceeding herein, the parties may request the Court to take steps to ensure the materials will not lose their designated status.

e. Documents shall be designated as "attorneys eyes only" by stamping "attorneys eyes only" on each such document.

3. That if any party does not agree to the designation of material as confidential or "attorneys eyes only," the parties seeking the designation may request a Court determination. A dispute over designation of material as confidential or "attorneys eyes only" is not grounds for refusing to produce material that is otherwise discoverable.

4. That this Order shall not limit the use of information gained by either party apart from, and independent, of written discovery served in this federal litigation, nor shall it limit the use of matters of public record. If a party is ordered either to obtain documents from a

government agency or to withdraw its objections to having the governmental agency produce the documents, those documents will be treated in accordance with relevant sections of this Order.

5. That within sixty (60) days after the termination of this litigation, all originals and reproductions of documents subject to this Order, with the exception of documents containing writings or markings constituting attorney-client privileged communications or attorney work product, shall be returned to the party producing them or the party to whom they belong.

6. That this Order shall not prevent in any further proceeding herein the offering or receiving into evidence of any deposition testimony, interrogatory and admission answer, or documents produced in the discovery proceedings herein, and that this Order shall not be applied retrospectively to documents and information already produced.

7. Violation of this Stipulation and Order shall result in such sanctions as the Court deems just and equitable.

8. The parties may request modification of this Order either by Stipulation or Motion to the Court.

Dated: February 25, 2003

**MILLER·O'BRIEN**

M. William O'Brien, #130299
Justin D. Cummins, #276248
Brendan D. Cummins, #276236
Sheila M. Stuhlman, #302995
One Financial Plaza
120 South Sixth Street, Suite 2400
Minneapolis, MN 55402
612-333-5831

**ATTORNEYS FOR PLAINTIFFS**

Dated: February 21, 2003

**EDWALL LAW OFFICE**

Alfred H. Edwall, Jr., #166984
70 County Road C West
Suite 704
Little Canada, MN 55117
651-489-7371

**ATTORNEY FOR KREISLER DEFENDANTS**

Dated: February 27, 2003

**FINE LAW OFFICE**

Robert B. Fine, #29221
P.O. Box 24192
Edina, MN 55424

**ATTORNEY FOR HOPFENSPIRGER DEFENDANTS**

BY THE COURT:

Date: 3/3/03

[signature]
Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01