**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**EBONI STERNJOHN, and JULIUS STERNJOHN,**

Plaintiffs,

v.

**ROBERT L. KREISLER JR., a/k/a Bob Peterson, and Robert Peterson, d/b/a Kreisler Real Estate Company, Whittier Real Estate Company, KT Properties Partnership L. P., Whittier Community Apartments, Bristol Apartments; SOLAR PARTNERSHIP, a/k/a Solar Partnership, L.L.P., Solar Partnership I L.L.P., Solar Partnership III L.L.P., Solar Partnership IV L.L.P., d/b/a Solar Partnership; LARRY HOPFENSPIRGER d/b/a Hopfenspirger Realty, Inc,**

Defendants.

Civil No. 02-842 (MJD/JSM)

**O R D E R**

---

APPEARANCES

Justin Cummins, Esq., on behalf of Plaintiffs

Alfred H. Edwall, Jr., Esq., on behalf of Defendant Robert Kreisler

Robert Fine, Esq., on behalf of the Hopfenspirger Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on February 27, 2003 on Plaintiffs' Motion to Compel Discovery (Doc. No. 41). The case has been

FILED MAR 3 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

These motion arises from a housing discrimination suit. From September 1995 through July 15, 1999, Plaintiffs lived in an apartment complex owned by Defendants. At the beginning of Plaintiffs' residency, the complex was owned by Solar Partnership which is part of the group of Defendants known as the Hopfenspirger Defendants. Defendant Larry Hopfenspirger is the managing partner of the Hopfenspirger Defendants. Hopfenspirger is also the president of Solar Corporation and Hopfenspirger Reality.

On July 17, 1998, Hopfenspirger sold the apartment complex to Defendant Kreisler. Two months later, Hopfenspirger and Kreisler entered into a management agreement whereby Kreisler agreed to manage the complex until the date of final closing on the sale. The alleged discrimination began after Kreisler began managing the complex. Plaintiffs have filed both Federal and State law claims against Defendants. In the instant motion, Plaintiffs seek more complete responses to discovery requests.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340,

351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a).

Plaintiffs seek discovery on what they describe as "three broad categories." At this juncture, the Court must note that Plaintiffs once again failed to comply with the requirements of D. Minn. LR 37.2.[1] In this particular case, the Parties have indicated that anywhere from seven to twenty specific discovery requests are at issue. Plaintiffs' lack of precision makes it difficult for the Court to address the specific problems presented by each request. That being the case, the Court will depart from its usual practice of identifying specific discovery requests by number, and will address the requests categorically as Plaintiffs did at the motion hearing. Based on the Parties'

[1]The moving party's memorandum in support of any discovery motion regarding interrogatories, document requests, or requests for admissions must "set forth only the particular interrogatories, document requests or requests for admissions which are the subject of the motion, the response thereto, and a concise recitation of why the response or objection is improper." D. Minn. LR 37.2. Plaintiffs' memorandum does not meet this requirement. Furthermore, Plaintiffs' exhibits contain every discovery request and response served in this case.

representations at the motion hearing, the Court has done its best to address all issues raised by the instant motion.

### A. Kreisler's and the Hopfenspirger Defendants' Financial Information

Plaintiffs seek financial information from Defendants. Plaintiffs argue that this information is discoverable since they are seeking punitive damages. The Court agrees. Financial information is discoverable when plaintiffs are seeking punitive damages. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270 (1981); U.S. v. Big D Enterprises, 184 F.3d 924, 932 (8th Cir. 1999).

#### 1. Kreisler's Production

On February 12, 2003 Plaintiffs' counsel met with Kreisler's counsel and apparently agreed to narrow Plaintiffs' discovery requests. (Edwall Aff. ¶3.) According to the agreement, Kreisler will produce financial statements for 2002 and 2003, along with "appropriate" backup information. (Id.) At this point, it seems that there is no further dispute regarding the scope of Kreisler's production. Rather, the dispute seems to hinge on the timing of the production, and the contents of the backup documents.

At the motion hearing, the Court proposed the following: that Kreisler produce 2002 and 2003 financial statements, along with backup

within two weeks of this Order.[2] Plaintiffs and Kreisler agreed to this compromise. If Plaintiffs are dissatisfied with the backup documents, they may bring a motion for sanctions. At that time, the Court will decide if the backup is sufficient. Accordingly, this part of Plaintiffs' motion is granted as to production of Kreisler's 2002 and 2003 financial statements, along with backup; and denied in all other respects.

### 2. The Hopfenspirger Defendants' Production

The Hopfenspirger Defendants argue that information related to their financial condition is not discoverable because Plaintiffs' case against them is "fictitious,"[3] "contrived,"[4] and "unfounded."[5] Defendants seem to be arguing that if Plaintiffs' claims have no merit, discovery should not be allowed. The Court disagrees. At this time, Plaintiffs' claims against the Hopfenspirger Defendants are still part of the case. As such, discovery is allowed regarding these claims. See Fed. R. Civ. P. 26(b)(1). Moreover, as discussed above, discovery into the financial situations of Defendants is appropriate. See City of

---

[2] At the motion hearing, Kreisler's counsel stated that the backup would not contain tax returns, but would contain "documents to show [Kreisler's] liabilities and assets." Plaintiffs' counsel did not take issue with this representation.

[3] Counsel's representation at February 27, 2003 motion hearing.

[4] Hopfenspirger Mem. Opp. Pl. Mot. Compel at 1.

[5] Hopfenspirger Mem. Opp. Pl. Mot. Compel at 7.

Newport, 453 U.S. at 270. At the motion hearing, Plaintiffs offered to narrow their discovery requests to the Hopfenspirger Defendants in the same way they narrowed the Kreisler requests. The Court finds this a reasonable compromise. Therefore, the Hopfenspirger Defendants must produce 2002 and 2003 financial statements, along with backup, within two weeks of this Order. The backup is to contain documentation showing Defendants' assets and liabilities. Accordingly, this part of Plaintiffs' motion is granted as to production of the Hopfenspirger Defendants' 2002 and 2003 financial statements, along with backup; and denied in all other respects

In addition to the above, all Parties must enter into a protective order stating that any financial information produced in this case shall be identified as "attorneys' eyes only." This order shall be delivered to the Court for its signature no later than March 10, 2003.

**B. The Hopfenspirger Defendants' Operational Data**[6]

Plaintiffs seek information related to the operation and structure of the Hopfenspirger Defendants' various business entities. Plaintiffs argue that the numerous Hopfenspirger businesses are merely instrumentalities of Mr. Hopfenspirger, and that Plaintiffs intend to pierce the corporate veil and hold Mr. Hopfenspirger liable for any judgment obtained against the Hopfenspirger

---

[6]For Part II.B. of this Order, the Court found it necessary to cite specific discovery requests. The Court has done its best to decipher exactly which requests and responses are at issue in this part of Plaintiffs' motion.

Defendants. Hopfenspirger responds that he has no documents responsive to this request. Hopfenspirger asserts that turned over all relevant information to Kreisler at the time of the sale of the complex.

The Court is not convinced that the information turned over at the time of the sale was responsive to Plaintiffs' requests. The Court finds it highly unlikely that shareholder names, officer names, and other corporate governance information was exchanged in the real estate deal. More importantly, the Court finds that information related to the operational structure of the Hopfenspirger Defendants is relevant to Plaintiffs' claims for punitive damages.

When a court decides to pierce the corporate veil, it "holds that the corporate structure with its attendant limited liability of stockholders may be disregarded and personal liability imposed on stock holders, officers, and directors in the case of . . . wrongful acts done in the name of the corporation." Black's Law Dictionary 1148 (6th ed. 1990). Factors considered when deciding whether to pierce the corporate veil include the following:

> [A.] insufficient capitalization for purposes of corporate undertaking,
> [B.] failure to observe corporate formalities,
> [C.] nonpayment of dividends,
> [D.] insolvency of debtor corporation at time of transaction in question,
> [E.] siphoning of funds by dominant shareholder,
> [F.] nonfunctioning of other officers and directors, absence of corporate records, and

[G.] [the] existence of corporation as merely facade for individual dealings.

Victoria Elevator Co. of Minneapolis v. Meriden Grain Co., Inc., 283 N.W.2d 509, 512 (Minn. 1979) (citation omitted); see also Gallinger v. North Star Hosp. Mut. Assurance Ltd., 64 F.3d 422, 427 (8th Cir. 1995) (citing Victoria Elevator).

Plaintiffs' Second Set of Interrogatories seeks information directly related to these factors:

Interrogatory 6 relates to factors B and F.

Interrogatory 7 relates to factor F.

Interrogatory 8 relates to factors B and F.

Interrogatory 9 relates to factors B and F.

Interrogatory 10 relates to factors C, E, and G.

Interrogatory 11 relates to factors B, C, F, and G.

Interrogatory 12 relates to factors F and G.

Interrogatory 13 relates to factors D and G.

Interrogatory 14 relates to factor G.

Interrogatory 15 relates to factors B, E, and G.

Interrogatory 16 relates to factors B, E, and G.

Interrogatory 17 relates to factors A, B, D, E, F, and G.[7]

---

[7]The cited interrogatories can be found in Plaintiffs' Ex. 6 at 6-8. For brevity, the Court has not reproduced the interrogatories in this Order.

These interrogatories are appropriate under the Rules, and are reasonably calculated to lead to the discovery of admissible evidence regarding potential liability for punitive damages. See Fed. R. Civ. P. 26(b)(1). The interrogatories are also sufficiently narrow so as not to be burdensome to Defendants. Accordingly, this part of Plaintiffs' motion is granted. The Hopfenspirger Defendants must answer Interrogatories 7 through 17 contained in Plaintiffs' Second Set of Interrogatories within two weeks of this Order.

In Document Requests 9 and 10, Plaintiffs seek all documents that Defendants identify, or rely on, in answering the above interrogatories. (Pl. Ex. 6 at 8-9.) Apparently, Defendants refused to respond to these requests. (Pl. Ex. 20 at 1.)[8] This refusal is clearly inappropriate. These are standard document requests proffered as companions to proper interrogatories. Defendants must produce the requested documents within two weeks of this Order.

Plaintiffs' Document Request 11 seeks "all deposit slips, checkbooks, accounts receivable records, accounts payable records, tax records, payroll records, and insurance records that refer or relate to any rental property owned or operated, in whole or in part, by you." (Pl. Ex. 6 at 9.) Once again, Defendants apparently refused to respond. (Pl. Ex. 20 at 1.)

---

[8]Again, Plaintiffs' failure to comply with the Local Rules makes it difficult, if not impossible, to understand which answers are responsive to which individual discovery requests.

Defendants need not produce this information. Once Defendants produce the financial information discussed in Part II.A. of this Order, Document Request 11 will be moot. The Court has determined the proper scope of financial disclosure in this case, and this request seeks more than authorized by the Court. Therefore, Defendants need not respond to Document Request No. 11. This part of Plaintiffs' motion is denied as moot.

Plaintiffs also seek documents relating to "the creation or maintenance of any of [Hopfenspirger's] business associations that relate to . . . residential rental properties, including, but not limited to, articles of incorporation or partnership, corporate charters, and bylaws of any entity through which you have owned or managed, in whole or in part, said rental properties." (Doc. Req. 15, Pl. Ex. 2 at 12.) In addition, Plaintiffs seek "[a]ll documents that refer or relate to the ownership or management of the 2500 Blaisdell Avenue and 2421 Pillsbury Avenue properties." (Doc. Req. 31, Pl. Ex. 2 at 14.)

Defendants proffer boilerplate objections that the requests are vague, ambiguous, irrelevant, and unduly burdensome. (Pl. Ex. 8 at 2, 3; Pl. Ex. 19 at 1; Pl. Ex. 20 at 1.) The Court disagrees. Defendants' objections are unsupported and improper under our rules. See Fed. R. Civ. P. 34(b). The requests seek relevant information, and are not vague, ambiguous, or

burdensome. This part of Plaintiffs' motion is granted. Defendants must produce the requested documents within two weeks of this Order.

### C. The Hopfenspirger Defendants' Insurance Data

Plaintiffs argue that the Hopfenspirger Defendants are insured and, therefore, insurance information is discoverable. Plaintiffs base their allegation on an interrogatory answer filed by the Hopfenspirger Defendants in which they stated that "American Family Insurance may provide coverage but has denied coverage." (Pl. Mem. Supp. Mot. Compel at 7.) At the motion hearing, Defendants represented that upon further investigation into their insurance policy, they discovered that they are not insured after all. In absence of evidence to the contrary, the Court must accept Defendants' statements as true. See Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 514 n.2 (D. Minn. 1997) (citations omitted) (stating that since courts have no way to test the veracity of a party's claim that it has fully complied with the rules, courts must accept representations that parties have complied). Therefore, since there is no insurance policy to discover, this part of Plaintiffs' motion is denied as moot.

### D. Sanctions

Plaintiffs and the Hopfenspirger Defendants seek their costs and fees associated with the instant motion. These requests are denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiffs' Motion to Compel Discovery (Doc. No. 41) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order;

(2) The Parties must enter into a protective order to cover the production of financial information, and submit it to the Court for its signature by March 10, 2003;

(3) Defendants must fully comply with this Order and provide complete discovery responses by March 17, 2003; and

(4) This Court retains jurisdiction over this case for the sole purpose of determining the sufficiency of Defendants' backup information produced as part of their financial statements. All other nondispositive matters are to be addressed to Magistrate Judge Janie S. Mayeron per this Court's February 18, 2003 letter of transfer.

Dated: March 3, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge