UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

v.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership, L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

Civil No. 02-842 (MJD/JSM)

**MEMORANDUM OF LAW IN SUPPORT OF CONTINUANCE AND LIMITED ADDITIONAL DISCOVERY**

---

## INTRODUCTION

Less than one month ago, counsel for Defendant Robert L. Kreisler, Jr. and his related business entities ("Kreisler Defendants") entered an appearance in this case. Before that time, the Kreisler Defendants were represented by counsel who is now incapacitated. The Kreisler Defendants prior counsel failed to conduct certain discovery that is necessary for a fair trial on the merits and that would focus this case for an efficient trial. This limited discovery can be completed in a matter of months. Absent relief from the Court, the Kreisler Defendants must rely on stale discovery that contains significant omissions in order to defend this case. Although the Kreisler Defendant's current counsel has been diligent in attempting to meet and respect this Court's deadlines,

further time is needed in order to fully prepare for trial in this matter. Accordingly, the Kreisler Defendants request that the Court continue the trial in this matter to allow the limited discovery outlined in this memorandum and hear and decide the various motions in limine prior to the first day of trial, so that all parties can focus on the trial of this case for the Court and the jury.

## ARGUEMENT

### I. THE COURT SHOULD CONTINUE THIS TRIAL TO ALLOW TIME FOR ADDITIONAL LIMITED DISCOVERY.

A trial court judge has broad discretion to grant a motion for trial continuance. Sanden v. Mayo Clinic, 495 F.2d 221, 227 (8th Cir. 1974). Such a ruling will not be overturned on appeal unless the judge exercised an abuse of discretion. Grunewald v. Missouri Pacific Railroad Co., 331 F.2d 983, 986 (8th Cir. 1964). The Court should continue the trial of this case to permit certain limited discovery.

#### A. The Kreisler Defendants have Good Cause to Seek Additional Discovery.

A motion for continuance will be granted upon showing of good cause. L.R. 6.1. Likewise, a scheduling order may be modified upon a showing of good cause and leave of the district judge. Fed. R. Civ. P. 16(b). The "good cause" standard requires a showing that the existing schedule cannot be met despite the diligence of the party seeking the extension. See Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D.Minn. 2000) (finding good cause to allow additional time to add another party); see also Rosati v. Cleveland-Cliffs, Inc., 259 F.Supp.2d 861, 875 (D.Minn. 2003); Fed. R. Civ. P. 16(b) Advisory Committee Notes—1983 Amendment. The question of good

cause does not turn on the existence or absence of prejudice to the non-moving party. See Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D.Minn. 1998).

The Kreisler Defendants have good cause to seek a continuance due to the former counsel's failure to complete some of the most basic discovery. In the spring of 2004, prior defense counsel became completely incapacitation and closed his practice. (See Affidavit of Robert L. Kreisler, Jr., at ¶ 2). It later became apparent that the condition leading up to the incapacitation had been affecting prior defense counsel for some time. (Id. at ¶ 3). Prior defense counsel failed to serve any written discovery, nor did prior counsel conduct any discovery regarding Plaintiffs' alleged damages. The need for completion of basic discovery is good cause for the Court to grant the Kreisler Defendants' motion.

The moving party's counsel in this case is doing everything possible to act diligently and respect the court's discovery deadlines. The circumstances in the present case are analogous to the situation in Shrader v. Palos Anesthesia Associates, 2002 WL 31207327 (N.D.Ill. 2002). In that case, the district court granted a motion to reopen discovery when the moving party changed counsel and discovered various areas where prior counsel neglected to obtain discovery. Shrader, at *1. Due to prior counsel's "obvious deficiencies," the court allowed additional time for written discovery and depositions in order to give the new counsel an opportunity to adequately prepare for trial. Id. at *2. As in Shrader, the Court should permit the Kreisler Defendants to conduct limited discovery in order to prepare their defense.

**B. The Kreisler Defendants will be Prejudiced if the Trial is not Continued.**

Motions for continuances should be considered in light of the particular facts of each case, and an appellate court will respect this court's wide discretion with regard to such scheduling matters. See Grunewald, 331 F.2d at 986. One factor for the Court to consider in determining whether a continuance should be granted is whether the moving party would be prejudiced by a denial of this motion. Souder v. Owens-Corning Fiberglass Corp., 939 F.2d 647, 651 (8th Cir. 1991) (citations omitted).

The Kreisler Defendants will be prejudiced greatly if the Court denies this motion in light of the specific circumstances of this case. The Kreisler Defendants have valid and compelling defenses to Plaintiffs' claims. Moreover, Plaintiffs have modest damages (if any) even if Plaintiffs could prove their various claims. Notwithstanding those facts, the Kreisler Defendants have been put at a significant disadvantage because of the actions of prior counsel. Due to the fact that prior counsel is now completely incapacitated, current counsel has had no communication with him. It is impossible to determine his strategy of the case and his theory for defense. The undersigned attorneys noticed their appearance in this case less than a month ago and this matter is scheduled for trial on October 25, 2004. Attempting to recreate a theory of defense without the benefit of discovery is clearly prejudicial to the Kreisler Defendants.

## II. THE KREISLER DEFENDANTS SHOULD BE ALLOWED LIMITED ADDITIONAL DISCOVERY.

Once the time for discovery in a case has closed, it is within the district court's sound discretion to reopen it. Philip v. Ford Motor Co., 328 F.3d 1020, 1024 (8th Cir. 2002); Boardman v. Nat'l Medical Enterprises, 106 F.3d 840, 843 (8th Cir. 1997). In the absence of a showing of idle neglect on the part of the moving party, courts are willing to allow discovery to be reopened. See, e.g., Howze v. Jones & Laughlin Steel Corp., 750

F.2d 1208, 1213 (3rd Cir. 1984). A reviewing court of appeals will consider whether the moving party has been prejudiced by the denial of his request. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 382 (8th Cir. 1993).

In attempting to develop the defense in this matter it has become apparent that some very basic, but very critical discovery was never completed. This includes discovery of Plaintiffs' newly-disclosed witnesses, medical records and claim for damages. The attorneys in this matter are sensitive to the fact that this case has been pending for some time. As such, defense counsel are prepared to complete this discovery quickly and try this case shortly after the proposed limited discovery period closes. The Kreisler Defendants respectfully request ninety days to complete the limited discovery outlined below.

**A. Plaintiffs' Newly-Disclosed Witnesses**

Plaintiffs' witness list identified for the first time twelve new witnesses. The new witnesses could have a significant bearing on the outcome of this matter. For example, one of the new witnesses listed is Carolyn Holford. She is expected to testify "about the emotional distress sustained by the SternJohns." The emotional distress allegation is a central part of this case and may be the basis of a large part of any damages awarded to Plaintiffs. In the last couple of weeks, counsel for Defendant Kreisler has been doing what it can to prepare for trial by attempting to contact witnesses. Carolyn Holford, along with many other witnesses refused to cooperate and refused to speak to defense counsel. Carolyn Holford is a newly disclosed witness, but obviously not newly discovered by the Plaintiffs. She is Mrs. SternJohn's mother. Due to the fact that Ms. Holford has information that is very central to the issues in this case, Defendant Kreisler

should be allowed to conduct brief depositions of her and the other newly-disclosed witnesses before trial. Aside from the fact that present counsel is new to this case, this is late disclosure of key witnesses.

**B. Written Discovery and Updated Depositions**

Prior counsel for Defendant Kreisler did not serve any written discovery on Plaintiffs. Some of what could be learned through written discovery as been produced or disclosed in other ways. Without written discovery, however, Plaintiffs have no obligation to provide updated and continuing responses. This is relevant and important because the Plaintiffs' depositions were taken more than two years ago. Plaintiffs' main claim in this case is that they suffer from emotional distress. Defendants have no idea how the Plaintiffs are doing currently and what has happened with them in the last two years. Defendants should be allowed to serve basic written discovery to understand Plaintiffs claims.

Counsel for the Kreisler Defendants have never met the Plaintiffs in this case. Additionally, as stated earlier, Plaintiffs' depositions are now stale because they were taken over two years ago. Plaintiffs' claims are based on the events that took place in 1998 and 1999, but also involve ongoing allegations of emotional distress. Defendants should not be required to go to trial with a two-year gap in information regarding the Plaintiffs' emotional state. The Court should permit very limited depositions to update Plaintiffs claims.

**C. Medical Records and Independent Psychiatric Examinations**

The Plaintiffs are seeking significant damages for alleged emotional distress. Further, "the SternJohns intend to provide medical corroboration for the emotional

injuries suffered." See Plaintiffs' Memorandum of Law in Opposition to the Solar Defendants' Motion in Limine. Defendants should be allowed to seek discovery regarding any treatment the Plaintiffs have received for their emotional distress claims and any prior medical records. The Minnesota Supreme Court has ruled that when a claimant has put his or her emotional state at issue, the defendant should be allowed to introduce "probative evidence of plaintiff's preexisting condition, treatment and prognosis, including expert testimony and/or medical records." Navarre v. South Washington County Schools, 652 N.W.2d 9, 30 (Minn. 2002) (finding reversible error where district court did not allow cross-examination or the introduction of the respondent's prior psychological history.)

In this case, Defendants have no discovery regarding Plaintiffs prior or subsequent emotional conditions other than the selective records they intend to introduce at trial. From the limited records available, it is clear that Mrs. SternJohn has experienced postpartum depression. Her records indicate she had some pre-existing emotional problems related to prior incidents where she felt discrimination. Moreover, each of the Plaintiffs filed claims for discrimination against their respective employers during the time at issue in this matter. Defendants should be allowed discovery to determine what other treatment Plaintiffs have received and if any other problems existed prior to the incident alleged in their Complaint.

Plaintiffs have taken their emotional claims out of the garden-variety type of pain and suffering claims by seeking damages for past and future therapy expenses. See Plaintiffs' Trial Brief, at p. 6. The jury will need to determine whether any past expenses are causally connected to their discrimination claims and whether they will require any

treatment in the future. By seeking these types of damages, Plaintiffs have clearly put their mental conditions into controversy. Fed.R.Civ.P. 35 provides that a court may order a party to submit to a mental examination when they have put their mental condition into controversy and good cause is shown. "To put his mental condition in controversy, a plaintiff must assert a claim of mental or psychiatric injury." Tomlin v. Holecek, 150 F.R.D. 628, 630 (D.Minn. 1993), citing Cody v. Marriott Corp., 103 F.R.D. 421, 422 (D.Mass. 1984). In Tomlin, the Plaintiffs claimed "severe and permanent emotional injuries." Tomlin, 150 F.R.D. at 629. In that case, the court had "no difficulty in concluding that the Defendants [had] shown good cause" for a psychological examination of the Plaintiff. Id.

In the present case, the SternJohns claim they "have sustained substantial emotional distress damages. At trial, they will offer medical evidence and testimony to prove the nature and extent of the emotional distress they have suffered." See Plaintiffs' Trial Brief, at p. 7. The jury in this matter will be asked to sort through the evidence and determine what, if any, emotional injuries claimed by the Plaintiffs are related to alleged housing discrimination, postpartum depression, or the alleged employment discrimination. There is good cause for independent mental examinations in this case. Defendants should be allowed to have an expert examine the Plaintiffs and testify as to what injuries the Plaintiffs have and whether they are causally connected to the alleged discrimination in this case.

**D. Employment Records**

During the time frame that is relevant in this case, each of the Plaintiffs filed discrimination claims against their employers. While some information regarding Mr.

SternJohn's complaint has been disclosed, Defendants are entitled to review all of the employment records relating to the Plaintiffs.

**E. Unredacted Bank Records**

One of the issues in this case revolves around whether the Plaintiffs had enough money in their account to cover their November 1998 rent. Plaintiffs intend to offer their November bank records as evidence at trial. However, Plaintiffs have conveniently redacted information relating to their account balance prior to November 6, 1998 (rent was due November 1st). Plaintiffs cannot introduce partial evidence of their financial situation during the relevant time period. Defendants should have access to unredacted copies of Plaintiffs' November 1998 bank statement.

## III. THE COURT SHOULD HEAR THE MOTIONS IN LIMINE IN ADVANCE OF THE FIRST DAY OF TRIAL.

The Court should also continue the trial in this matter to resolve the issues that will be raised in the parties' motions in limine. There are a large number of issues in this case that will be decided through motions in limine. Plaintiffs' witness list names thirty-one witnesses who are not parties to this action. Plaintiffs claim that at least nineteen of these witnesses will testify about alleged discriminations by defendants. None of these witnesses have any specific knowledge regarding the treatment of Plaintiffs in the case. If Plaintiffs are allowed to attempt to prove their case of discrimination by parading into the courtroom witness after witness who say they "think" Mr. Kreisler discriminated against African Americans, then Defendants will be forced to bring in witness after witness to say that they think Defendants have been fair. If all of the periphery evidence and witnesses are allowed at trial, the time required for the Court to hear this case will be

substantially increased. Additionally, it will substantially increase the amount of time the parties will need to spend subpoenaing and preparing for these witnesses.

The Kreisler Defendants will be bringing a motion in limine to exclude the testimony of those witnesses with no specific information as to how the SternJohns were treated. This case does not involve charges of a pattern and practice of discrimination. Only people who witnessed discrimination against the Plaintiffs should be allowed to testify. The Court's decision on this motion in limine will severely impact all parties' trial preparation and trial theory. For that reason, the Kreisler Defendants respectfully request that the Court rule on motions in limine well before the first day of trial.

Other issues that will be included in The Kreisler Defendants' motion in limine will be the exclusion of the Minnesota Department of Human Rights findings and Plaintiffs' claims for past and future medical expenses. Once again, whether or not these items are admissible will have an impact on how the case is tried, the number of witnesses called to testify, and potentially, the parties' settlement positions.

The Kreisler Defendants respectfully requests that the Court hear and decide the motions in limine in advance of the first day of trial. The parties' settlement positions will not change before that happens, but could change after the Court rules on those issues. Additionally, it would be unnecessary to prepare for all the potential witnesses if their testimony will ultimately be excluded from the trial.

## CONCLUSION

The Kreisler Defendants respectfully request the Court exercise its broad discretion and grant this motion for a continuance of the trial date and allow for additional limited discovery to be completed within ninety days.

**By:** s/Angela Beranek Brandt
Mark S. Solheim (#213226)
David M. Wilk (#222860)
Angela Beranek Brandt (#293143)

2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618

**Attorneys for Defendants**
**Robert L. Kreisler, Jr., d/b/a**
**Kreisler Real Estate Company, d/b/a**
**Whittier Real Estate Company, d/b/a**
**KT Properties Partnership L.P.,**
**Whittier Community Apartments,**
**d/b/a, Bristol Apartments**