UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

v.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership, L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

Civil No. 02-842 (MJD/JSM)

---

# EXHIBIT A

## (SHRADER V. PALOS ANESTHESIA ASSOC., 2002 WL 31207327)

C
Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.

Elizabeth S. SHRADER, Plaintiff,
v.
PALOS ANESTHESIA ASSOCIATES, S.C., and Michael Sobcak, M.D., Defendants.

**No. 01 C 2450.**

Oct. 2, 2002.

In employment discrimination suit, employee filed motion to reopen discovery for the purpose of gathering information allegedly missed by her previous counsel. The District Court, Mason, United States Magistrate Judge, held that given the obvious deficiencies in the work of employee's previous counsel, who failed to conduct basic discovery into the crux of her Equal Pay Act claim, and the lack of progress on the case since the close of discovery, it was appropriate to allow employee's new lawyers to take some additional discovery focused on her basic Equal Pay Act claim.

Motion granted.

West Headnotes

**[1] Federal Civil Procedure 🔑1271**
170Ak1271 Most Cited Cases

Given the obvious deficiencies in the work of employee's previous counsel, who failed to conduct basic discovery into the crux of her Equal Pay Act claim, and the lack of progress on the case since the close of discovery, it was appropriate to allow employee's new lawyers to reopen discovery focused on her basic Equal Pay Act claim. Equal Pay Act, 29 U.S.C.A. § 206, style to Fair Labor Standards Act of 1938, § 6, as amended, 29 U.S.C.A. § 206.

MEMORANDUM OPINION AND ORDER

MASON, Magistrate J.

***1** Before us is a motion by the plaintiff to reopen discovery for the purpose of gathering information allegedly missed by plaintiff's previous counsel. After reviewing the plaintiff's requests, we grant in part and deny in part her request to take specific depositions and serve additional written discovery.

Plaintiff Elizabeth Shrader is an anesthesiologist who previously worked for defendant Palos Anesthesia Associates, S.C. ("PAA"). She was terminated from her employment in February, 2001, after nearly five years. In April, 2001, plaintiff filed a complaint against PAA and its director, Michael Sobczak, alleging that they violated the Equal Pay Act, 29 U.S.C. § 201 *et.seq.* by paying her less than similarly situated male anesthesiologists in the practice and by retaliating against her for complaining about her treatment. Among other things, plaintiff alleges that the defendants denied her shareholder status in PAA and generally harassed her, reducing her compensation, and eventually terminating her.

Plaintiff's first attorney's management of discovery in this case was less than stellar. He consistently scheduled and then cancelled depositions, sometimes within minutes of their intended start. After the Court agreed to extend discovery for the limited purpose of allowing the plaintiff to take the depositions of several previously noticed individuals, her attorney failed to complete some of the depositions. At other times, the plaintiff alleges that her former counsel asked questions in depositions that were irrelevant to her case and even humiliating to her, often failing to ask questions relevant to her cause of action. (Affidavit of Elizabeth Shrader, filed as an exhibit to plaintiff's response to motion for attorney's lien, June 24, 2002).

Plaintiff terminated her former counsel in March, 2002 and hired new lawyers soon thereafter. These new attorneys have identified various areas of discovery that they contend are necessary to either revisit or address for the first time in order to fully litigate this case. Defendants have objected to the plaintiff being able to take any additional discovery.

Generally, a court has discretion when deciding whether to re-open discovery, even in situations where it is alleged that previous counsel was

deficient in some way. *See* Carson v. Bethlehem Steel Corp., 82 F.3d 157, 159 (7th Cir.1996) In such a case, a plaintiff's recourse is against her previous counsel, "it does not justify extending the litigation, at potentially substantial expense to the adverse party." *Id.* In *Bethlehem Steel,* plaintiff's new counsel moved to re-open discovery three months after the defendant had filed its motion for summary judgment. The court denied the request.

In this case, there have been no dispositive motions filed. In their motion, Shrader's lawyers explain that the plaintiff's previous lawyer failed to conduct basic discovery into the crux of her Equal Pay Act claim, which requires her to prove that a similarly situated male anesthesiologist at PAA was paid more than she was, because of gender. In objecting to additional discovery, the defendants focus solely on the retaliation portion of Shrader's claim, and deny that she needs the discovery she seeks.

***2** In this case, given the obvious deficiencies in the work of Shrader's previous counsel and the lack of progress on the case since the close of discovery, we believe that it is appropriate to allow plaintiff's new lawyers to take some additional discovery focused on her basic Equal Pay Act claim. However, we will not allow Shrader's new lawyers to take the depositions of every individual previously noticed by plaintiff's former counsel. Many of these individuals are non-party doctors and nurses who have previously made themselves available for depositions that were cancelled at the last minute and at least one (Dr. Drinan) has been the subject of a protective order barring her deposition. In identifying some of these individuals, plaintiff's lawyers note only that they "may" have information relevant to Shrader's claims.

Therefore, plaintiff is allowed to propound her second set of interrogatories and second request for production of documents, subject to normal objections by the defendant. As for depositions, we will allow the plaintiff to re-depose Dr. Sobczak and take the depositions of Dr. Otto Kramer and Dr. Mark Ruttle. None of these depositions may last more than four hours. We will also allow the plaintiff to take the depositions of nurses Cathy Heety, Linda Rutnicki and Leslie Wick, with no deposition lasting longer than two hours. [FN1] These depositions must occur at Palos Hospital and be planned to interfere as little as possible with the nurses' schedules. Plaintiff's request to take any discovery beyond that set forth here is denied. It is so ordered.

FN1. We recognize that plaintiff's previous counsel withdrew his requests for the depositions of these three nurses when faced with mounting pressure to complete discovery on time. Since they never formally appeared for a deposition and their testimony is arguably relevant to the case, we will allow them to be deposed.

2002 WL 31207327 (N.D.Ill.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.