# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

v.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership a/k/a Solar Partnership, L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

Court File No.: 02-842 (MJD/JSM)

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR TRIAL CONTINUANCE AND FURTHER DISCOVERY**

## INTRODUCTION

The Court should deny the Defendant's motion requesting a continuance and further discovery in the above-encaptioned matter. The Defendant has had ample opportunity for discovery in this matter, and permitting more would depart from the current scheduling order. Furthermore, the Court need not continue this matter to a later trial date. This case has been pending on the Court's docket for over two years. A further postponement could only result in prejudice to the Plaintiffs.

At the core of the Defendant's argument in his Memorandum of Law in Support of Continuance and Limited Additional Discovery ("Defendant's Memorandum") is the contention that retaining new counsel entitles him to further discovery. Defendant offers no case law to support this assertion. Defendant only wishes to re-open discovery so that he can alter the strategic choices made by his prior counsel.

In fact, permitting Defendant to re-open discovery would set an extremely dangerous precedent. A party could delay trial indefinitely by changing counsel as trial dates approached, effectively denying the other party the opportunity to have a timely trial. Worse yet, such delays would deny parties' rights to a meaningful trial by ensuring that existing evidence becomes stale and useless.

The Defendant asserts that it is necessary to update the current record, but the delay that he suggests will have precisely the opposite effect. Each postponement of the trial will increase the risk that witnesses' memories of events and documents will fade until they are no longer useful. It is also noteworthy that while the Defendant asserts that he seeks only *limited* additional discovery, he offers no actual limitations on the information that he might seek. At any rate, the Defendant's argument is regressive: parties are ordinarily expected to be trial ready well before the anticipated hearing date. If the length of time between the selected trial ready date and the trial is cause in itself to grant a continuance, cases would never get to trial. The Defendant's motion must be denied in its entirety.

## FACTS

The Plaintiffs filed the above-encaptioned case on April 22, 2002. On June 17, 2002, Chief Magistrate Judge Lebedoff entered a Pretrial Order pursuant to Rule 16 of the Federal Rules of Civil Procedure, which set forth the following pertinent deadlines:

1) Discovery was to have been completed by February 1, 2003. ¶ 4;
2) The case was to be trial ready on June 1, 2003. ¶ 7.

Pretrial Order, June 17, 2004, see also Affidavit of M. William O'Brien, at ¶ 4. Thereafter, this case was set for trial in the October-December 2003 trial block. See Amended Notice of Assignment of Cases for Trial and Final Pretrial Order, Aug. 14, 2003. Subsequently, the case was rescheduled for a date certain on February 16, 2004. See Trial Notice, Sept. 18, 2003. This trial date was postponed. See Notice of Hearing, Jan. 5, 2004. The case was rescheduled for a date certain of June 2, 2004. See Affidavit of M. William O'Brien, at ¶ 3. The case is now scheduled to be heard on October 25, 2004. Id.

Since Chief Magistrate Judge Lebedoff's order was issued, there has been extensive discovery. Id. at ¶ 5. The Plaintiffs have fully complied with his order, as well as the Joint Rule 26(f) Report, dated June 11, 2002, which pertained to discovery. Id. The Plaintiffs supplied Defendant's counsel with nearly 3,500 documents for this action. Id. at ¶ 8. The extent of this discovery is manifestly evident in the extensive exhibit lists that both sides have offered. The Defendant cannot now seriously claim that the thousands of pages of documentation provided by the Plaintiffs are insufficient.

Nor can the Defendant credibly claim that there is an inadequate amount of deposition testimony at his disposal. The Defendant took the depositions of Eboni SternJohn, Julius SternJohn, Anthony Bittings, La Vern Heller, Nancy Nelson, Cynthia Murphy, and Jody Carr for this case. Affidavit of M. William O'Brien, at ¶ 6. The Defendant also deposed several witnesses, including Gayla Jones, Dante Pastrano, Mark Mdaka, Irene Mbiti, and Barbara Blevins for a parallel pattern and practice case against the Defendant that was initiated by the Department of Justice. Id. Mrs. SternJohn's depositions spanned two days in length. Id. at ¶ 7.

The parties are still under a continuing obligation to update discovery pursuant to the Joint Rule 26(f) Report. In no way has the Defendant been denied access to the Plaintiffs' witnesses.

## ARGUMENT

**A. The October 25, 2004 date should be honored; further delay is unnecessary and will prejudice the Plaintiffs.**

Scheduling orders should not be set aside lightly and the standard for modifying them is strict. Bradford v. Dana Corp., 249 F.3d 807, 809 (8th Cir. 2001). When determining whether to modify or set aside an order issued under 16(b), factors a judge must consider include the moving party's diligence in attempting to comply with the order and "the existence or degree of prejudice to the party opposing modification." Id. The risk of prejudice to the parties by unnecessary delays in going to trial is plain; parties cannot have a fair trial if witnesses with relevant and material information can no longer recall events and facts. See Clinton v. Jones, 520 U.S 681, 707-708 (1997) (finding that giving petitioner a lengthy stay "takes no account of the respondent's interest in bringing the case to trial. . .and delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts"); Yong v. INS, 208 F.3d 1116, (9th Cir. 2000) (noting that trial courts have discretion with respect to the cases on their dockets but that courts have a duty to prevent "the ossification of rights which attends inordinate delay") *citing* Itel Corp. v. M/S/ Victoria U, 710 F.2d 199, 202-203 (5th Cir. 1983).

In Bradford, the court denied a plaintiff leave for more time to oppose a summary judgment motion even though she had retained new counsel shortly before the hearing on the motion. 249 F.3d at 808. Plaintiff's previous counsel had performed no discovery. Id. at 809. The plaintiff had been slow to retain counsel and argued that her delay "should not prejudice her

continued efforts to prosecute her lawsuit." Id. The Eighth Circuit found that this rationale was insufficient under Rule 56(f).

Defendant's request for a continuance and further discovery in this matter is less reasonable than that of the plaintiff in Bradford. The Defendant's Memorandum and supporting affidavits suggest that the Defendant wishes to supplement discovery that has concededly taken place. See Defendant's Memorandum, p. 5-7. For example, the Defendant claims that it has little discovery regarding the Plaintiffs' medical history. However, the Defendant had an opportunity to question Mr. and Mrs. SternJohn at lengthy depositions and will have another chance to question the Plaintiffs at trial. Granting a continuance is unlikely to result in any new information.

The Defendants are unable to demonstrate the requisite level of prejudice of parties seeking to set aside or modify scheduling orders. The Defendants rely on Scheidecker v. Arvig Enterprises, 193 F.R.D. 630 (D.Minn. 2000), for the proposition that a party may obtain a continuance where it cannot comply with the existing schedule despite its own diligence. However, the facts of that case reflect a situation that is markedly different from the present case. In Scheidecker, the plaintiff was granted an opportunity to amend her complaint because the defendants had been "somewhat coy" in their responses to the plaintiff's original complaint. Id. at 632. In other words, they had misled the plaintiff as to their identity and as to the existence of a related business. Id. The court noted that the defendants wished to be dismissed from that action while also denying the plaintiff an opportunity to add another defendant. Id. Their machinations were prejudicial to the plaintiff.

By contrast, the Plaintiffs in the present case have been nothing except forthcoming in response to the requests of opposing counsel in this case. The Plaintiffs complied with the

entirety of the Joint Rule 26(f) Report, including the obligation to continue to supplement discovery as needed. Scheidecker is wholly irrelevant in this context because the Plaintiffs have not engaged in subterfuge as was described there, nor are the purported deficiencies as prejudicial to the Defendant in the current case. Previous counsel had compiled an enormous exhibit list and deposed many individuals as recently as last year. Defendant seeks to duplicate work that has already been done. This is neither efficient nor useful.

The Defendant also relies on Rosati v. Cleveland-Cliffs, Inc., 259 F.Supp. 2d 861 (D. Minn. 2003), which addresses the issue of leave to add an additional party. First, it should be noted that this case identifies prejudice to the opposing party as one factor to consider when deciding whether to set aside or modify a Rule 16(b) scheduling order. Id. at 876. Second, this case is wholly inapposite because there is no allegation that prior counsel did not exercise diligence in conducting discovery.

The Defendant cites Luigino's, Inc. v. Pezrow Companies, Inc., 178 F.R.D. 523 (D.Minn. 1998), for the proposition that prejudice to the nonmoving party is not relevant to the decision to modify a 16(b) order. In this case, the court denied a motion to amend and refused to depart from a duly entered Rule 16(b) scheduling order. Id. at 526. The Defendant misstates the holding of this case. The magistrate in Luigino's declined to address the issue of prejudice in order to emphasize that the burden of showing good cause was on the party moving for a modification, and that it did not rest with the party opposing the motion. Id. at 525. At no point does the case suggest that prejudice is *not* relevant to the decision to amend a 16(b) scheduling order.

Luigino's strongly supports the Plaintiffs' opposition to a further postponement of this matter. Undue delay affects not only the parties in this case but also other parties practicing in

this court. "Scheduling orders have become increasingly important because '[i]t is well know that we litigate these days under burden of heavy caseloads and clogged court calendars.'" Luigino's, 178 F.R.D. at 525, *citations omitted*. The court further stated, "[w]e doubt that it can be seriously questioned that '[a]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings.'" Id. *citations omitted*.

Lastly, the Court should note that while the facts of Souder v. Owens-Corning Fiberglass Corp., 939 F.2d 647 (8th Cir. 1991), are very similar to the facts in this case, the Eighth Circuit nonetheless affirmed the district court's denial of a continuance in that case. The plaintiff's counsel in Souder became ill with a malignant brain tumor. Id. at 651. The trial was delayed for some time, after which plaintiff's counsel began practicing again with help from two associates. Id. Plaintiff's counsel had difficulty making deadlines on time and ultimately requested a continuance of a summary judgment oral argument. Id. The court denied the continuance, and the Eighth Circuit upheld this denial.

The court found that the plaintiff could not show prejudice because she could not show that she would have defeated the summary judgment motions if the requested continuance had been granted. Id. The court noted that the work that had been performed after the summary judgment hearing was duplicative and unhelpful. Such is the case here. Defendant seeks only to retread ground that has already been covered in the lengthy discovery that has already taken place. The Defendant concedes in his memorandum that much of what he seeks is supplementary in nature. See Defendant's Memorandum, p. 5-7. This court should deny this continuance, as did the court in Souder.

This case has been pending for two years and the Plaintiffs have been trial ready for over a year. The Plaintiff has fully complied with the Court's Scheduling Orders and discovery

requirements. The postponements in this trial have not been within the control of the Plaintiffs. See Affidavit of M. William O'Brien, at ¶ 3. Evidence in this case continues to grow stale, and will not get any fresher if the Defendant's motion is granted. Id. at ¶ 11. As the Defendant points out in his memorandum, the events of this case took place during 1998 and 1999. Memories are fading and each postponement or continuation of this case risks the loss of important evidence. It is counterintuitive to suggest that yet another delay will improve the existing body of evidence.

**B. No further discovery is necessary as the parties engaged in extensive and complete discovery in compliance with the 16(b) scheduling order.**

The Defendant's implicit suggestion that his prior counsel's illness resulted in limited discovery is baseless. While the Defendant's Memorandum suggests that his prior counsel's illness caused him to neglect discovery, discovery closed over a year before Defendant's first attorney withdrew due to medical reasons pursuant to Magistrate Judge Lebedoff's Rule 16(b) Scheduling Order. Also, the Defendant's prior counsel was attending depositions in the pattern and practice cases as late as February 27, 2004. Even if Defendant's counsel did not conduct an optimal discovery course, which the Plaintiffs do not concede, this would not constitute grounds to depart from the scheduling order to permit more discovery. See ADM v. AON Risk Services, Inc., 187 F.R.D. 578 (D. Minn. 1999). The court in ADM stated:

> "We understand [the defendant] to contend its interests were not well-served by its previous counsel of Record, but such an argument is a frail reed upon which to support a Motion to Amend that was not timely filed. If the substitution of legal counsel were a competent basis upon which to advance an untimely Motion to Amend, then this Court would be plagued with attorney substitutions for no better reason than to undergird a Motion to Amend either a pleading, or a Scheduling Order."

Id. at 585. Granting the Defendant's motion would pave the way for dilatory and bad-faith litigation tactics. See also Inman v. American Home Furniture Placement, 120 F.3d 117, 118 (8th Cir. 1997).

Defendant's new counsel has stepped into the shoes of his prior counsel. The court would not permit prior counsel to reopen discovery on a whim, nor should it allow Defendant's current counsel to do so. See Shrader v. Palos Anesthesia Associates, Inc., 2002 WL 31207327 *1 (N.D. Ill. 2002), Defendant's Exh. A (trial court may refuse to re-open discovery even when a party's previous counsel was "deficient," a party's "recourse is against [its] previous counsel, it does not justify extending the litigation, at potentially substantial expense to the adverse party") *citing* Carson v. Bethlehem Steel Corp., 82 F.3d 157, 159 )7th Cir. 1996). Unlike the case in Shrader, this case has actually been trial ready at two points in the last year. See Id. at *2.

The Defendant relies on Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208 (3rd Cir. 1984). That case is unhelpful to their argument because in Howze, as the district court had only permitted parties 60 days of discovery. Id. at 1213 (stating that "[t]rial was neither imminent nor had discovery been permitted for any lengthy time"). The Defendant's demand would clearly be rejected under this logic. The trial date has been set for less than five weeks from now, and the parties have engaged in over a year of discovery.

## CONCLUSION

The Plaintiffs respectfully request that the Court deny the Defendant's motion for continuance and further discovery in its entirety.

Dated: September 23, 2004

**MILLER·O'BRIEN**

s/M. William O'Brien________

M. William O'Brien, # 130229
Justin D. Cummins, # 276248
One Financial Plaza
120 South Sixth Street, Suite 2400
Minneapolis, MN 55402
612-333-5831

**ATTORNEYS FOR PLAINTIFFS**