THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

vs.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV., L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

**AFFIDAVIT OF PATRICK J. SAUTER IN SUPPORT OF SOLAR DEFENDANTS' MEMORANDUM JOINING DEFENDANT ROBERT KREISLER'S MOTION FOR TRIAL CONTINUANCE AND LIMITED ADDITIONAL DISCOVERY**

**Court File No.: 02-CV-842 (MJD/JSM)**

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Patrick J. Sauter, being first duly sworn on oath, deposes and states that:

1. I am an attorney of record representing Defendants Solar Partnership, Solar Corporation, and Hopfenspirger (hereinafter collectively referred to as "the Solar Defendants"). I make this Affidavit on personal knowledge and in support of the Solar Defendants' memorandum joining Defendant Robert Kreisler's Motion for Trial Continuance and Limited Additional Discovery.

2. In May 2003, Rider, Bennett, LLP was substituted in place of the Solar Defendants' prior counsel, Robert B. Fine. Attached hereto and marked as **Exhibit A** is a true and correct copy of the Substitution of Counsel.

3. At that time, Rider Bennett, LLP was not permitted to conduct any additional discovery, as discovery had closed in February 2003, pursuant to the Court's Pretrial Order and the parties' Stipulation to Extend Discovery. Attached hereto and marked as **Exhibit B** is a true and correct copy of the Court's Pretrial Order. Attached hereto and marked as **Exhibit C** is a true and correct copy of the Stipulation to Extend Discovery.

4. After becoming counsel for the Solar Defendants, I had several discussions with Plaintiffs' counsel, Justin Cummins, requesting permission to conduct additional, limited discovery. Each time Mr. Cummins refused.

5. Additionally, after receiving Plaintiffs' trial witness list, which was notably different from Plaintiff's Rule 26 Initial Disclosures, my office made several written requests to conduct further, limited discovery. Attached hereto and marked as **Exhibits D, E, and F** are a true and correct copies of the written communications by Leondra Hanson to Justin Cummins regarding additional, limited discovery, dated October 13, 2003, December 9, 2003, and December 16, 2003, respectively.

6. Each time, Plaintiff's counsel refused to permit additional, limited discovery. Attached hereto and marked as **Exhibits G, H, and I** are a true and correct copies of the written communications by Justin Cummins refusing to allow additional, limited discovery, dated October 17, 2003, December 10, 2003, and December 17, 2003, respectively.

7. To date, no additional discovery has been conducted despite the fact that several requests have been made, both verbally and in writing. The additional, limited discovery is necessary, as some basic discovery had not been conducted by the Solar Defendants' prior counsel. For example, there has been no meaningful discovery regarding Plaintiffs' alleged emotional damages. Moreover, during both Plaintiffs' depositions, they testified they intended

to seek medical treatment. To date, the Solar Defendants have no medical records or treatment records regarding Plaintiffs' alleged emotional injuries.

8. Moreover, additional, limited discovery in this matter is necessary, as Plaintiffs have identified trial witnesses who were not initially disclosed in the Rule 26 Disclosures and were never deposed. Similar to the issues presented by the Kreisler Defendants concerning attempted interviews with the newly identified witnesses, to date, the Solar Defendants have not been able to successfully meet with or interview these witnesses. Thus, the Solar Defendants are compelled to depose these individuals prior to trial.

FURTHER YOUR AFFIANT SAITH NOT.

s/ Patrick J. Sauter
PATRICK J. SAUTER

Subscribed and sworn to before me
this 24th day of September 2004.

/s Betty L. Substad
Notary Public