MILLER·O'BRIEN
A Professional Limited Liability Partnership
ATTORNEYS
One Financial Plaza
120 South Sixth Street, Suite 2400
Minneapolis, MN 55402
(612) 333-5831

FAX (612) 342-2613
E-mail: miller-obrien@miller-obrien.com
Web Address: www.miller-obrien.com

Brendan D. Cummins
Justin D. Cummins
Kelly A. Jeanetta
Nancy J. Miller
Richard A. Miller
M. William O'Brien

Robert J. Alfton
of Counsel

Samuel I. Sigal
1905-1995

PARALEGAL:
Beth M. Clark

October 17, 2003

RECEIVED
OCT 20 2003
RIDER, BENNETT, EGAN & ARUNDEL, LLP

Patrick J. Sauter, Esq.
Leondra M. Hanson, Esq.
RIDER BENNETT, L.L.P.
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402

Re: SternJohn v. Kreisler, et al.
Court File No.: 02-842 MJD/JSM
Our File No.: 51-4714-01

Dear Counsel:

I write regarding Leondra Hanson's October 13, 2003 letter to me and my voice mail message to her today. The discovery period in this case spanned approximately one year, yet the Hopfenspirger Defendants' counsel chose not to take a single deposition.

Long after discovery concluded, the insurance carrier substituted your firm as counsel for the Hopfenspirger Defendants. Now the Hopfenspirger Defendants seek to reopen discovery to take numerous depositions. This presents a slippery slope on which we are not inclined to travel.

We believe that, instead, the integrity of the Court's Scheduling Order should be upheld. As you know, the Court's Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the [Court]." Fed.R.Civ.P. 16(b).

It is well established that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." ADM v. Aon Risk Services, Inc., 187 F.R.D. 578, 582 (D.Minn. 1999) (citation omitted). Accordingly, the moving party cannot establish "good cause" simply by showing the absence of prejudice to the non-moving party. See, e.g., Luigino's, Inc. v. Pezrow Companies, Inc., 178 F.R.D. 523, 525 (D.Minn. 1998).

EXHIBIT
tabbles
G

The rationale for this exacting standard under the governing law is clear and compelling:

> [a]s unwieldy caseloads and congested Court calendars continue to plague the practical utility of Federal Court litigation, "[s]cheduling orders have become increasingly critical to the district court's case management responsibilities."

ADM, 187 F.R.D. at 582 (citation omitted); see also Luigino's, 178 F.R.D. 525 (citing Alholm v. American Steamship Co., 167 F.R.D. 75 (D.Minn. 1996) ("[T]he flouting of discovery deadlines causes substantial harm to the judicial system. Indeed '[w]e doubt that it can be seriously questioned that '[a]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings.'").

Therefore, we do not agree with your proposal to deviate from the Court's Order in this case.

Sincerely,

MILLER·O'BRIEN

Justin D. Cummins

cc: Eboni and Julius SternJohn
Alfred H. Edwall, Esq.