**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

vs.

**ORDER**
Civil File No. 02-842 (MJD/JSM)

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership, L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

---

M. William O'Brien, Miller O'Brien LLP, counsel for Plaintiffs.

Angela Beranek Brandt, Mark S. Solheim, and David M. Wilk, Larson King, LLP, counsel for Kreisler Defendants.

Patrick J. Sauter and Tina Syring-Petrocchi, Rider Bennett LLP, counsel for Solar Defendants.

---

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Trial Continuance and Limited Additional Discovery. For the following reasons, the Court denies the motion.

## II. BACKGROUND

The present action was instituted by Plaintiffs on April 22, 2002. A Pretrial Order pursuant to Rule 16 of the Federal Rules of Civil Procedure was entered by Chief Magistrate Judge Lebedoff on June 17, 2002. The Pretrial Order provided that discovery was to be completed by February 1, 2003 and the case was to be trial ready on June 1, 2003. Pursuant to that order, extensive discovery has already been conducted. After three postponements of the trial date, the case is now scheduled for trial on October 25, 2004.

Original counsel for Defendant Robert L. Kreisler, Jr. and his related business entities ("Kreisler Defendants") is currently incapacitated. The current counsel for the Kreisler Defendants argue that they have only been on the case for less than one month. Prior counsel, they argue, failed to conduct certain discovery. As such, they argue that they should be granted additional time to prepare for trial and that discovery should be re-opened so they can conduct additional limited discovery that they argue is essential to their case. Defendants Solar Partnership, Solar Corporation, and Hopfenspirger ("Solar Defendants") join

the Kreisler Defendants' motion for a trial continuance and limited, additional discovery.

## III. DISCUSSION

Federal Rules of Civil Procedure 16(b) specifies that a court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Even then the district court retains discretion as to whether to grant the motion. Bradford v. Dana Corporation, 249 F.3d 807, 809 (8th Cir. 2001). As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them. Id. (citing In re Milk Products Antitrust Litigation., 195 F.3d 430, 437 (8th Cir. 1999). As this court recognized in Luigino's, Inc. v. Pezrow Co., Inc., "[a]dherance to reasonable deadlines is . . . critical to maintaining integrity in court proceedings." 178 F.R.D. 523, 525 (D. Minn. 1998) (quoting Alholm v. American Steamship Co., 167 F.R.D. 75, 79 (D. Minn. 1996).

The moving party's diligence in attempting to meet the case management order's requirement is the primary measure of Rule 16's "good cause" standard. Bradford, 249 F.3d at 809. (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). "[T]he existence or degree of prejudice to the party opposing the modification" and other factors may also affect the decision." Id.

This case has been on the Court's docket for well over two years. The events of this case took occurred in 1998 and 1999. Discovery was closed over one year before prior counsel for the Kreisler Defendants withdrew from the case.

While prior counsel may not have made the same strategic decisions that current counsel would have or conducted discovery in the same way, there were no deficiencies so obvious such that it would be appropriate to allow new counsel to re-open discovery and further delay the trial.

This is not a case where previous counsel had conducted little or no discovery. See Bradford, 249 F.3d at 809. (denying defendant's request for continuance and further discovery). The parties in this case conducted discovery pursuant to Chief Magistrate Judge Lebedoff's Pretrial Order and Rule 26(f) well before previous counsel withdrew from the case. Thousands of documents have been exchanged and numerous depositions have been taken by prior counsel of parties and witnesses in this case. Defendants now request time to conduct additional discovery that is largely supplementary. Defendants are essentially seeking to update and refresh discovery that has already been conducted. This does not satisfy the Rule 16 "good cause" standard and does not justify re-opening discovery and extending the litigation.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Trial Continuance and Limited Additional Discovery [Docket No. 97] is DENIED.

Dated: October 4 , 2004

s/ Michael J. Davis
Michael J. Davis
United States District Court