UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

v.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership, L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

Civil No. 02-842 (MJD/JSM)

**DEFENDANT ROBERT KREISLER'S REQUESTED JURY INSTRUCTIONS**

Defendant Robert Kreisler, in accordance with Rule 51 of the Federal Rules of Civil Procedure, hereby submits the following requested jury instructions for use during a trial of this matter.

**JURY INSTRUCTION NO. 1**

Ladies and Gentlemen:

I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiffs against the defendants. The plaintiffs allege that the defendants engaged in racial discrimination in housing against the plaintiffs. The defendants deny the allegations. It will be your duty to decide from the evidence whether the plaintiffs are entitled to a verdict against the defendants.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You should then apply those facts to the law which I give you in these and in my other instructions, and in that way reach a verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only a part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict unaffected by anything except the evidence, your common sense, and the law as I give it to you. You should not take anything I may or say during the trial as indicating what I think of the evidence or what I think your verdict should be.

**Authority:** 8th Cir. Civil Jury Instr. § 4.51(2001) 1.01.

## JURY INSTRUCTION NO. 2

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; and any facts that have been stipulated that is formally agreed to by the parties.

Certain things are not evidence. I will list those for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.
2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.
3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.
4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.
5. Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which an item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with these terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**Authority:** 8th Cir. Civil Jury Instr. § 4.51(2001) 1.02.

**JURY INSTRUCTION NO 3**

**Bench Conferences And Recesses**

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the Rules of Evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

**Authority:** 8th Cir. Civil Jury Instr. § 4.51 (2001) 1.03.

**JURY INSTRUCTION NO. 4**

**No Transcript Available - Note Taking**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish to take notes, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go the jury room to decide the case. Do not let the note taking distract you so that you do not hear other answers by the witness. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them [ ].

**Authority:** 8th Cir. Civil Jury Instr. § 4.51(2001) 1.04.

## JURY INSTRUCTION NO. 5

### Conduct Of The Jury

To insure fairness, you as jurors must obey the following rules:

1 Do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

3. When you are outside the courtroom, do not let anyone tell you anything about the case or about anyone involved with it. If someone should try to talk to you about the case during the trial please report it to me.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case. You should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your appearance might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hail, ride the elevator or the like, remember it because they are not supposed to talk or visit with you either.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6. Do not do any research or make any investigation about the case on your own.

**Authority:** 8th Cir. Civil Jury Instr. § 4.51 (2001) 1.05.

**JURY INSTRUCTION NO. 6**

**Outline of Trial**

The trial will proceed in the following manner:

1 The plaintiff's attorney may make an opening statement.

2. The defendants' attorneys may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

3. The plaintiffs will then present evidence and counsel for the defendants may cross-examine those witnesses. Following the plaintiffs case, the defendants may present evidence and the plaintiffs counsel may cross-examine.

4. After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The Court will further instruct you on the law then. After that you will retire to deliberate on your verdict.

**Authority:** 8th Cir. Civil Jury Instr. § 4.51(2001) 1.06.

## JURY INSTRUCTION NO 7

### Cautionary Instruction Regarding Evidence Of Retaliation For Complaints Regarding Repairs

In this case, you will hear evidence relating to unlawful detainer proceedings and rent escrow proceedings brought by the parties and you will hear evidence relating to orders entered by the Housing Court in Hennepin County relating to rent abatements and repairs. You are entitled to consider this evidence with respect to the facts and circumstances surrounding the relationship between the parties in this case.

This case, however, is not about claims of failures to repair or retaliation for complaints regarding failures to repair by the defendants, except as they specifically relate to failures to repair based on racial discrimination or retaliation based upon claims of racial discrimination. The matters in the State Court proceedings relating to rent escrows for failure to repair were already decided in the State Court and they are not really at issue in this proceeding except to show the relationship between the parties. This case is instead concerned with whether the defendants discriminated against the plaintiffs based upon their race, and/or retaliated against the plaintiffs for making claims of discrimination in housing based upon their race. It is not for you to decide who was right or wrong in the State Court actions which have already been decided, but instead it will be for you to decide whether the defendants discriminated against the plaintiffs based upon their race. You must keep this in mind when you hear the evidence of the State Court housing actions between the parties.

**Authority:** Limiting Instructions

**JURY INSTRUCTION NO. 8**

**Instructions For Use At Close Of Trial**

**Burden of Proof**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving the fact is upon the party whose claim depends upon that fact. A party has the burden of proving a fact must prove it by the preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that the issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

**Authority:** 8th Cir. Civil Jury Instr. § 4.51 (2001) 3.04.

## JURY INSTRUCTION NO. 9

### Election Of Foreperson Duty To Deliberate Communications With Court; Cautionary; Unanimous Verdict; Verdict Form

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you hear in Court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach an agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened to the view of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send me a note through the Marshall or Bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open Court. Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. The form reads [READ FORM]. You will take this form to the jury room, and when each of you has agreed to the verdict, your foreperson will fill in the form, sign and date it, and advise the Marshall or Bailiff that you are ready to return to the courtroom.

**Authority:** 8th Cir. Civil Jury Instr. § 4.51 (2001) 3.06.

**JURY INSTRUCTION NO. 10**

**Race Discrimination In Housing - Essential Elements**

Your verdict must be for a plaintiff and against a defendant on a plaintiff's race claim of race discrimination in housing if all of the following elements have been proved by a preponderance of the evidence by a plaintiff against a defendant:

1. A defendant failed to afford to a plaintiff equal rights in housing in the terms and conditions of housing than the defendant provided to others similarly situated; and

2. A plaintiff's race was the motivating factor in a defendant's decision to fail to afford such equal rights to the plaintiff.

However, your verdict must be for a defendant and against a plaintiff if any of the above elements has not been proved by a preponderance of the evidence.

**Authority:** 8th Cir. Civil Jury Instr. § 5.21(2001) (modified).

**JURY INSTRUCTION NO. 11**

**Business Judgment**

The defendants have the right to run their businesses as they deem proper. You may not return a verdict for a plaintiff and against a defendant just because you might disagree with the defendant's decisions regarding their business or you believe them to be harsh or unreasonable.

**Authority:** 8th Cir. Model Jury Inst. § 5.94; Scamardo v. Scott County, 189 F.3d 707 (8th Cir. 1999); Walker v. AT&T Technologies, 995 F.2d 846 (8th Cir. 1993); Belk v. Southwestern Bell Telephone Co., 194 F.3d 946 (8th Cir. 1999).

**JURY INSTRUCTION NO. 12**

**Pretext**

Plaintiffs have introduced evidence that one or more of the Defendants' articulated reasons for their actions were a pretext for discrimination. When you consider Plaintiffs' evidence of pretext, remember that the relevant question is whether Defendants' reasons were not the real reason for Defendants' actions.

You are not to consider whether Defendants' reasons showed poor or erroneous judgment. You are not to consider Defendants' wisdom. However, you may consider whether Defendants' reasons were merely a cover-up for discrimination.

You may consider whether Defendants' reasons are consistent with Defendants' own policies and rules and whether Defendants have applied these policies and rules uniformly. You should also carefully evaluate any subjective reasons Defendants have asserted for Defendants' actions.

Plaintiffs have the burden to persuade you by a preponderance of the evidence that Defendants took action against them because of their race. If you do not believe Defendants' explanations, you may, but are not required to, infer that Plaintiffs have satisfied their burden of proof that Defendants intentionally discriminated against Plaintiffs because of their race.

**Authority:** FED. JIG. § 169.22

## JURY INSTRUCTION NO. 13

### Same Result; Legitimate, Non-discriminatory Reasons for Defendants' Actions

If you determine Plaintiffs proved that Plaintiffs' race was a factor motivating or playing a part in a Defendant's treatment of Plaintiffs with respect to their housing, then you must consider any other reason given by that Defendant for their decision.

If you determine a Defendant showed that it would have reached the same decision, or treated the Plaintiffs in the same manner, regardless of Plaintiffs' race, then you must decide in favor of that Defendant.

**Authority:** FED. JIGS. § 169.51, § 169.211 & § 169.212.

## JURY INSTRUCTION NO. 14

**Retaliation For Complaints of Things Other Than Race Discrimination Not Actionable**

The Court has received evidence concerning claimed retaliation against the plaintiffs as a result of their Complaints regarding failures to repair their apartment. The Court has received this evidence in order to show the relationship between the parties and the circumstances existing between the parties. This case is not about whether the defendants acted unlawfully in retaliating against the plaintiffs only as a result of complaints regarding failures to repair their apartment. Instead, this case is only about claimed discrimination based upon the race of the plaintiffs.

**Authority:** Broaddus v. Florida Power Corp., 145 F.3d 1283 (11th Cir, 1998).

**JURY INSTRUCTION NO. 15**

**Retaliation**

Plaintiffs contend that the defendants retaliated against them because they opposed racial discrimination in housing. To prevail on this claim, plaintiffs must prove by a preponderance of the evidence that:

1. A particular plaintiff complained to a particular defendant about racial discrimination in housing and a particular defendant was aware of such a complaint;
2. A plaintiff was then subjected to an adverse housing action after a plaintiff's complaint of racial discrimination in housing; and
3. A defendant took an adverse housing action against a particular plaintiff because of their complaint about racial discrimination in housing.

An adverse housing action means coercion, intimidation, threats or interference with protected housing rights.

To constitute interference with a housing right, the conduct in question must contain an element of force or direct intimidation or immediate threats thereof. If a plaintiff has not proved all of these elements by a preponderance of the evidence, then you must find for a defendant.

**Authority:** Michigan Protection and Advocacy Service v. Babin, 7989 F. Supp. 695 (E.D. Mich. 1992) aff'd 18 F.3d 337 (6th Cir. 1994).

**JURY INSTRUCTION NO. 16**

**Race Discrimination Actual Damages**

If you find in favor of a plaintiff, then you must award each such plaintiff such sum as you find by a preponderance of the evidence will fairly and justly compensate him or her for damages you find that he or she sustained as a direct result of the defendant's conduct motivated by racial discrimination. Damages include housing benefits you find that a plaintiff would have had if they had not been discriminated against on the basis of their race through the date of your verdict. You should not award, however, any damages for failure to repair which any plaintiff has already received in any housing court action.

You may also award such damages as you find are justified by the evidence that a plaintiff has proved occurred as a result of race discrimination in housing for embarrassment and emotional distress occurring as a direct result of any such race discrimination.

In awarding any such damages, you are not to include any sum to punish a defendant.

**Authority:** 8th Cir. Civil Jury Instr. § 5.22 (2001) (modified).

**JURY INSTRUCTION NO. 17**

**Punitive Damages**

In addition to actual damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct. If you find in favor of a plaintiff and against a defendant by a preponderance of the evidence on a claim of race discrimination, and you find by a preponderance of the evidence that the race discrimination was motivated by evil motive or intent, or that the defendant was callously indifferent to the plaintiff's rights, then, in addition to any other damages to which you find a plaintiff entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or deter the defendant and others from like conduct in the future. Whether to award plaintiff punitive damages and the amount of those damages are within your sound discretion based upon the evidence.

**Authority:** 8th Cir. Civil Jury Instr. § 5.24 (2001) (modified).

Dated: October 12, 2004

LARSON • KING, LLP

By: s/Angela Beranek Brandt
Mark S. Solheim (#213226)
Angela Beranek Brandt (#293143)
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618

Attorneys for Defendants
Robert L. Kreisler, Jr., d/b/a
Kreisler Real Estate Company, d/b/a
Whittier Real Estate Company, d/b/a
KT Properties Partnership L.P.,
Whittier Community Apartments,
d/b/a, Bristol Apartments

LK_1106934.1