UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

v.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership, L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

Civil No. 02-842 (MJD/JSM)

**DEFENDANT KREISLER'S STATEMENT OF THE CASE**

## INTRODUCTION

This litigation arises out of allegations of race discrimination. Plaintiffs Eboni and Julius SternJohn claim they have been injured by Defendant Robert Kreisler and Defendant Larry Hopfenspirger. Defendant Kreisler denies that Plaintiffs were treated differently than other tenants. We will prove that all decisions affecting the SternJohns were based purely on business reasons and race was not a motivating factor.

## FACTS DEFENDANT KREISLER WILL PROVE

Robert L. Kreisler, Jr. has been in the rental business for many years. He has made a living by purchasing distressed properties and renovating them. Many times the

properties that he purchases are in disrepair and are poorly managed. Tenants are often upset with the changing environment and the strict adherence to rules.

Plaintiffs moved into apartment #206 at 2421 Pillsbury in Minneapolis in 1995. The building was owned by one of Defendant Hopfenspirger's businesses. In the fall of 1998 Robert Kreisler signed a purchase agreement for the 2421 Pillsbury property and a property located a block away at 2500 Blaisdell. On October 15, 1998, Kreisler took over management of the two properties. The sale would be completed several months later. Kreisler managed the properties pursuant to the Interim Management Agreement signed by himself and Hopfenspirger.

Kreisler sent letters to all residents introducing himself and identifying expectations. One of the first letters sent was a reminder that rents are due on the 1st of the month and must be mailed to a new address. On November 5, 1998, a note was dropped off at the SternJohns reminding them their rent was past due. Kreisler and Hopfenspirger met sometime around November 8, 1998. Hopfenspirger signed over Power of Attorney for civil court actions to Kreisler. At that time, Kreisler informed Hopfenspirger that two apartments were late with their November rent. Hopfenspirger told Kreisler to file Unlawful Detainers ("UD's") against them.

On November 9, 1998, UD's were served on the two apartments at 2421 Pillsbury that were late with their rent. One went to apartment #206, the plaintiffs' apartment. The other UD was served upon Jill Smiley, a Caucasian woman who lived in apartment #205. Kreisler eventually received the rent check from the SternJohns, but not in time to notify the SternJohns and the court. At the hearing on November 20, 1998, Kreisler was represented by an independent contractor, Asa Voak. The SternJohns allege that Mr.

Voak dismissed the UD, but did not tell them, requiring them to stay at court all day. They also claim that when they confronted Mr. Voak about this, he muttered to himself, "I'm tired of having to deal with niggers." Although Mr. SternJohn was right beside Mrs. SternJohn at the time of the alleged comment, she was the only one who claims to have heard it. Mr. Voak adamantly denies making such a comment. Mr. Voak was at the hearing only to represent Kreisler in the UD action. He did not have any decision making power. He had no say in who could rent apartments, whose repairs would be completed first, or who would receive Unlawful Detainers.

Kreisler has a policy to terminate the tenancy of any tenant whom he has to file a UD against. Kreisler was intending to begin renovations of the property even before completing the sale. The renovations would be at his own expense, not charged back to Hopfenspirger. In following his own policy and furthering his desire to begin renovations at the 2421 Pillsbury apartments, Kreisler informed the SternJohns on November 30, 1998 that they had 60 days to vacate the property. By this time, the SternJohns were on a month-to-month lease. Sixty days was the appropriate amount of time for notification of the landlord's or the tenant's termination of the lease.

Immediately after the UD was filed on the SternJohns, they began to make complaints of repairs that needed to be completed in their apartment. They allege they sent a letter to Mr. Kreisler dated November 1, 1998. He never received the letter. The letter contained a laundry list of repairs that the SternJohns claimed had needed repair for some time. They allege that they had told the previous management about these conditions but had been ignored. LaVern Hiller was the resident manager before and for some time after Kreisler took over management of the property. Mr. Hiller denies that

the SternJohns had made repair requests to him that were ignored. Shortly after the repair requests began, the SternJohns called the City Inspector and began rent abatement actions in Hennepin County Housing Court.

Until April 1999 when Kreisler completed the purchase of the properties, he was operating under the Interim Management Agreement. Part of the agreement required written consent from Mr. Hopfenspirger for repairs exceeding $200.00. The SternJohns estimated their needed repairs to be $1500.00. During the first several months of the rent abatement proceedings, neither Kreisler nor Hopfenspirger appeared. The proceedings went uncontested by the Defendants. During this entire time, the court was ordering abatements on the SternJohn's rent. The SternJohns were informed they could have the repairs completed and deduct the cost from their future rents. Despite the fact that the SternJohns were paying very little in rent, they did not use any of the extra money they were saving to have the repairs completed.

Once the sale of the properties was final, Kreisler began appearing at the hearings and the repairs were made. The majority of the SternJohn's rent abatement hearings were consolidated with two other tenants from 2421 Pillsbury. One of those tenants was a woman named Carol Merlin. Ms. Merlin is Caucasian.

Despite the fact that by June the City Inspector testified and the court found that all the repairs had been substantially completed, the SternJohns continued to make complaints of repairs that were needed. The court issued an order dated June 29, 1999 that lifted the rent abatements effective June 30, 1999. By July 21, 1999, Kreisler had not received July's rent from the SternJohns. He served them with a UD for failure to pay July rent.

By this time, the SternJohns realized they were no longer going to be getting almost-free accommodations at 2421 Pillsbury and began looking for a new apartment. They applied at River Pointe Apartments in Fridley, Minnesota. On July 27, 1999, Kreisler Real Estate Company received a request from Multihousing Credit Control ("MCC") for a verification of residence on the SternJohns. The verification asked for, and Kreisler accurately provided, information that the SternJohns had not given proper notice to vacate, that a UD had been filed, and that they owed $632.00 for back rent and filing fees for the UD action.

After seeing the MCC report, the leasing agent at River Pointe Apartments contacted the SternJohns. Mrs. SternJohn provided copies of the rent abatement orders to the leasing agent. Once the leasing agent had an opportunity to review those documents, the SternJohn's application was accepted. Mrs. SternJohn claims she had to cry, beg, and plead to get the apartment. The rental agent denies that occurred.

Without giving any prior notice to Kreisler, the SternJohns fled their apartment and moved to Fridley. Plaintiffs' claim they have tangible damages as a result. They did not hire a moving company to move their belongings. Rather, friends helped them move. They also expect Kreisler to make up the difference in rent from their one-bedroom apartment in South Minneapolis that rented for $440.00 and their two-bedroom in Fridley that rented for $709.00. Mrs. SternJohn was pregnant at the time they moved and she testified they were planning to move into a two-bedroom anyway. There is no evidence that they sought out a two-bedroom apartment in Minneapolis. Additionally, the new apartment in Fridley advertises that it has amenities typically only found in exclusive

country club communities. There is no evidence the SternJohns attempted to find any other apartment comparable to 2421 Pillsbury.

Interestingly, the Plaintiffs began to have repair issues at the new apartment. These problems were allegedly threatening the health and safety of themselves and their two children. The management company claims they investigated the complaints and found no problems. The SternJohns unilaterally broke their lease at River Pointe Apartments just in time to move into the home they had recently purchased.

The SternJohns did not make any claims of race discrimination until after Mr. SternJohn settled his race discrimination suit against his former employer in January 2000. Several months after that settlement, the SternJohns began this action.

**UNRESOLVED EVIDENTIARY ISSUES**

The most significant unresolved evidentiary issue is the definition of the scope of this matter. This case involves only Julius and Eboni SternJohn. The plaintiffs are attempting to make this a much larger case in terms of documents and witnesses. The case pending by the United States against Mr. Kreisler has no relevancy in this matter. Further, this court has already ruled that the two cases should not be consolidated.

Along with several other issues, Defendant Kreisler's motion in limine asks the court to limit the scope of this trial by allowing only the evidence relevant to the building where the plaintiffs lived and for the timeframe during which they lived there. Plaintiff seeks to call more than 70 witnesses at trial. Limiting the evidence to the one apartment building during the relevant time period will significantly reduce the amount of time it will take for trial. Focusing the witnesses and exhibits will assist the jury in deciding the relevant issues in this case.

Defendant Kreisler's motion in limine further sets forth the specific unresolved evidentiary issues in this case.

**By**: s/Angela Beranek Brandt
Mark S. Solheim (#213226)
Angela Beranek Brandt (#293143)

2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618

**Attorneys for Defendants**
**Robert L. Kreisler, Jr., d/b/a**
**Kreisler Real Estate Company, d/b/a**
**Whittier Real Estate Company, d/b/a**
**KT Properties Partnership L.P.,**
**Whittier Community Apartments,**
**d/b/a, Bristol Apartments**