INTERIM MANAGEMENT AGREEMENT

It is hereby agreed between October 15, 1998 and the date of closing ,January 4, 1999 or e , that Robert Kriesle shall manage the buildings located at 2421 Pillsbury avenue south and Blaisdell Avenue South for a fee of $2,400 payable on the 10th day of the month, beginning mber 10, 1998. For the month of October he shall receive $1,200 on the 25th day of October. all manage the property to the best of his ability , and it is agreed between Robert Kriesler and Partnership that the following will be adhered to:

1. NO mager improvements will be scheduled in this time period; and any repair costs will first be approved by Larry Hopfenspirger in writing. OVER $200.00 UNLESS EMERGENCY
2. Robert shall furnish to Larry Hopfenspirger by the 15th of every moth a rent roll and bank statement showing rent collections and deposits.
3. All checks will be signed by Larry Hopfenspirger.
4. No UD's will be issued unless the tenant still owes money after the 8th day of the month and and has been issued notice that he is late.
5. IF the property has not changed hands ,(closed ) by January 4th, 1998 this agreement shall be null and void and management will revert back to Larry Hopfenspirger.
6. If the property closes before January then the management fee will be prorated for that month.
7. Robert Kriesler will not give notice for move out unless he has conferred with Larry HOpfenspirger and their is agreement for this action.
8. As a result of this management arrangement Robert Kriesler will have no right to terminate ~~this~~ agreement on the basis of occupancy, and is purchasing the property "as is" at the time of inspection. The Purchase Agreement.

?/17/98
date

Robert Kriesler

date

Larry Hopfenspirger for Solar Ptnship I

EXHIBIT
Kriesler 2

Exhibit E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

v.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership a/k/a Solar Partnership, L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger, Realty, Inc.,

Defendants.

Court File No.: 02-CV-842 MJD/JSM

**AFFIDAVIT OF ROBERT KREISLER**

STATE OF MINNESOTA )
)SS.
COUNTY OF HENNEPIN )

Robert Kreisler, after being duly sworn under oath, states as follows:

1. I am a defendant in the above-entitled action. I make this Affidavit of my own personal knowledge.

2. Kreisler Real Estate Company was the trade name that I used in parts of 1998 and 1999 for my business. I am involved in the ownership and management of residential apartment buildings in Minneapolis, Minnesota.

3. Mr. Asa Voak worked as an independent contractor on behalf of myself from approximately the Summer of 1998 through May of 1999. Mr. Voak's duties to myself as an



Exhibit F

independent contractor were only to serve and pursue Unlawful Detainer actions on residents of my buildings which I had determined should receive an Unlawful Detainer action. Mr. Voak had no other duties for myself during the time that he served as an independent contractor for me.

4. Mr. Voak had absolutely no management responsibilities for myself. Mr. Voak had no role in determining whether and when repairs should be made to any of the properties, and Mr. Voak had no role in determining what tenants should stay in my buildings or what tenants should leave. Mr. Voak had no role in determining who would receive an Unlawful Detainer - that was a decision made exclusively by myself. Mr. Voak had no role in determining whether any repairs would be made to any apartments or when those apartments would be repaired. Mr. Voak had absolutely no role in my business except to serve and pursue Unlawful Detainers in Court and he was paid on an hourly basis pursuant to his independent contractor role for doing that work.

5. Mr. Voak was certainly not authorized by me to make any statements under his breath or to himself. Mr. Voak was certainly not authorized by me to make any statements regarding the race of any tenant or to insult any tenant. Any such statements that Mr. Voak made to himself or to others would be outside the scope of his relationship with myself.

6. I was advised by Eboni SternJohn in a letter at some point that Mr. Voak had made what she called a racial slur, which I now understand from Ms. SternJohn's deposition was made by Mr. Voak allegedly under his breath and to himself, after an Unlawful Detainer against the SternJohns was dismissed. After Ms. SternJohn advised me of this alleged racial slur, I asked Mr. Voak whether he had made such a statement and he resolutely denied making such a statement. I would never have suspected that Mr. Voak would make such a statement, and I believed him when he told me that he did not make such a statement.

7. When Mr. Voak told me he was no longer available to work with me as an independent contractor, he told me he was moving to Thailand. Mr. Voak is unavailable to testify in this action.

FURTHER YOUR AFFIANT SAITH NAUGHT

Dated: 5/20, 2003

Robert Kreisler

Subscribed to and sworn to before me this 20th day of May, 2003.

Martha Wendt
Notary Public

MARTHA WENDT
NOTARY PUBLIC
STATE OF WISCONSIN

EXHIBIT 31

FILED

STATE OF MINNESOTA

HENNEPIN COUNTY

JUL 14 PM 12: 31

BY ... DEPUTY
HENN CO. DISTRICT COURT ADMINISTRATOR

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
FIRST DIVISION-MINNEAPOLIS

---

**EBONI STERN-JOHN & JULIUS STERN-JOHN,**
**Plaintiffs,**

**Vs.**

**KREISLER REAL ESTATE,**
**Defendant.**

**DECISION & ORDER**
**U.D. #1981230901**

---

**CAROL SUE MERLIN,**
**Plaintiff,**

**Vs.**

**KREISLER REAL ESTATE COMPANY,**
**Defendant.**

**DECISION & ORDER**
**1981231901**

---

**CHIBUZOR OBILOR,**
**Plaintiff,**

**Vs.**

**KREISLER REAL ESTATE,**
**Defendant.**

**DECISION & ORDER**
**U.D. #1990218900**

---

The above entitled matter came on for hearing before the undersigned, Referee of Housing Court, on the 29th day of June, 1999 on that Decision & Order dated June 16, 1999 to determine compliance with outstanding repair orders.

The Defendant, Kreisler Real Estate, was present through its agent, Robert Kreisler, who appeared *pro se*. The Plaintiffs, Eboni Stern-John, Carol Sue Merlin and Chibuzor Obilor, tenants, were present and represented by counsel, Tom White.

Now, therefore, based on the sworn testimony of the Plaintiffs and the Housing Inspector, Deb Nelson, the Court makes its:

3 pages

FINDINGS OF FACT

45

**Exhibit G**

1. That the City of Minneapolis, Inspections Department issued repair orders at the premises situated at 2421 Pillsbury Avenue S., Minneapolis, MN 55404. That Ms. Deb Nelson, Housing Inspector has been to Unit #206 (Stern-John) three times since April 1999, Unit #303 (Merlin) four times since April 1999, and Unit #302 (Obilur) three times since April 1999. Based on her last visit to the premises, Ms. Nelson unequivocally testified that all outstanding work orders are completed.
2. That even though the work orders are completed, the tenants still complain about the condition of the premises. For example, Ms. Stern-John has a small rip in a screen as a result of an over-extended tree branch, Ms. Merlin is not satisfied with the intercom system, the quality of the work on a wall, and would like a chain lock placed on her door, and Mr. Obilur is still concerned about a roof leakage and the operation of his intercom system. The landlord is now fully aware of these concerns. For example, the intercom system has been renovated and there are still some snafus to be worked out. Otherwise, the landlord has substantially complied with prior work orders.
3. That Ms. Merlin protests the unannounced entry into her apartment by landlord's workers.

## CONCLUSIONS OF LAW

1. That the landlord has proved by a preponderance of the evidence that all outstanding work orders have been completed.
2. That any determination as to whether the landlord's conduct or behavior amounted to an invasion of the tenants' right to privacy is not properly before the Court at this time. Any oral motion by the tenants on this point is dismissed without prejudice.

## ORDER

1. That all prior orders for rent abatement are terminated effective June 30, 1999
2. That Ms. Merlin's motion for relief for invasion of privacy is dismissed without prejudice.
3. That all outstanding motions for contempt of court are dismissed.
4. That each party is responsible for their own costs and disbursements.
5. Dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 29, 1999

Recommended by:

Referee, Housing Court

By the Court:

Daniel H. Mabley

Judge, District Court

Please Rush!

MCC

10125 CROSSTOWN CIRCLE, SUITE 100
EDEN PRAIRIE, MN 55344
(612) 941-0552
FAX (612) 942-0582
TOLL FREE 1-800-325-6205

Thanks!

REQUEST FOR VERIFICATION OF RESIDENCE

DATE: 7-27-99

TO: ~~Solar Corp~~ Kwik ~~Ste~~ Real Estate 825-0319

ATTN: Penny PHONE: 825-3793

REGARDING:

NAME: Eboni Yolanda Stern-John

REFERENCE ADDRESS: 2421 Pillsbury ave #206 Current

APPLICANT'S SIGNED RELEASE ATTACHED FOR REQUEST INFORMATION

DATES OF RESIDENCE FROM 9/1/95-c

NUMBER OF RESIDENTS: 2

MONTHLY RENT AMOUNT $ $1440.00

PAYMENT RATING

NUMBER OF LATES

HOW MANY DAYS LATE?

NSF CHECKS?

SUBSIDIZED RENT?

PROPER NOTICE? NO

HOW MUCH NOTICE REQUIRED? 2 mo

EVICTED? UD FILED? ✓

LEASE FULFILLED? NO

SKIPPED? CURRENTLY OWING? $632.00

HOW MUCH OWING $

RULES VIOLATIONS?

EXPLAIN

FULL DEPOSIT REFUNDED?

DEPOSIT WITHHELD FOR?

APARTMENT DAMAGE?

EXPLAIN:

WOULD YOU RERENT?

EXPLAIN:

OVERALL CONDUCT WHILE RESIDING? ____ EXCELLENT ____ GOOD ____ FAIR ____ POOR

FORWARDING ADDRESS:

All information is confidential and will be used only in determining eligibility for rental housing. We appreciate your cooperation in supplying the applicable information as requested above. Thank you for your assistance and prompt response! Please return this form by facsimile. If you have any questions, please call Erin@ (612) 943-0653
Fax: (612) 942-0582

Completed by [signature]

Exhibit H