THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

vs.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV., L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

**SOLAR DEFENDANTS' PROPOSED SPECIAL VERDICT FORM**

Court File No: 02-CV-0842 (MJD/JSM)

---

Pursuant to Fed.R.Civ.P. 49, Defendants Solar Partnership, Solar Corporation and Larry Hopfenspirger (collectively referred to as "the Solar Defendants") respectfully submit the attached Proposed Special Verdict Form for the Court's consideration.

RIDER BENNETT, LLP

By s/ Patrick J. Sauter

Patrick J. Sauter (95989)
Tina Syring-Petrocchi (251628)
Attorneys for Solar Defendants
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
Telephone: (612) 340-8900
Facsimile: (612) 340-7900
pjsauter@riderlaw.com

Dated: October 12, 2004

## DEFENDANT ROBERT L. KREISLER

1.) Did Defendant Kreisler intentionally discriminate against the Plaintiffs in the terms and conditions of their housing because of their race?

__________YES ____________ NO

2.) Did Plaintiffs complain to Defendant Kreisler about race discrimination in connection with the terms and conditions of their housing?

__________YES ____________ NO

**If you answered YES to Question 2, you must answer Question 3. If you answered NO to Question 2, skip to Question 3.**

3.) After the Plaintiffs complained to Defendant Kreisler about race discrimination in connection with the terms and conditions of the housing, did Defendant Kreisler intimidate, coerce, harass, or interfere with the Plaintiffs' housing rights in retaliation for their complaints, if any, regarding race discrimination?

__________YES ____________ NO

## DEFENDANT SOLAR PARTNERSHIP/SOLAR CORPORATION

4) From July 17, 1998 through March 29, 1999, did Defendant Solar Partnership/Solar Corporation have the authority to control Defendant Kreisler's actions in connection with the terms and conditions of housing at 2421 Pillsbury Avenue, Minneapolis, Minnesota?

__________YES ____________ NO

5) From July 17, 1998 through March 29, 1999, did the Plaintiffs complain to Larry Hopfenspirger, an agent of Defendant Solar Partnership/Solar Corporation, about race discrimination in connection with the terms and conditions of their housing?

__________YES ____________ NO

**If you answered YES to Question 5, you must answer Question 6. If you answered NO to Question 5, skip to Question 7.**

6) After the Plaintiffs complained to Larry Hopfenspirger, an agent of Defendant Solar Partnership/Solar Corporation, about race discrimination in connection with the terms and conditions of their housing, did Defendant Solar Partnership/Solar Corporation intimidate, coerce, harass, or interfere with the Plaintiffs' housing rights in retaliation for their complaints, if any, regarding race discrimination?

__________YES ____________ NO

## DEFENDANT LARRY HOPFENSPIRGER

**If you answered YES to Question 5, you must answer Question 7. If you answered NO to Question 5, skip to the next section entitled, "Damages," which starts with Question 8.**

7) Was Defendant Solar Partnership/Solar Corporation merely a sham corporation, or "alter ego," through which Defendant Larry Hopfenspirger pursued his personal ends?

__________YES ____________ NO

# DAMAGES

**If you answered YES to any one or more of Questions 1 through 6 you must answer the following. If you answered NO to every one of Questions 1 through 6 you do not complete any more of the form, and you have finished your deliberations.**

8) What amount of money will fairly and adequately compensate the Plaintiffs for their damages caused by discrimination prior to March 30, 1999?

$ ____________________

9) What amount of money will fairly and adequately compensate the Plaintiffs for their damages caused by retaliation prior to March 30, 1999?

$ ____________________

10) What amount of money will fairly and adequately compensate the Plaintiffs for their damages caused by discrimination after March 30, 1999?

$ ____________________

11) What amount of money will fairly and adequately compensate the Plaintiffs for their damages caused by retaliation after March 30, 1999?

$ ____________________

## PUNITIVE DAMAGES

**With respect to the following Questions, if you awarded any monies for Questions 8-11 above, then do NOT award any additional damages for the same conduct for Questions 12-15, but only such additional damages as you find to be proved by the evidence.**

12) Did Defendant Kreisler knowingly and intentionally ratify race discrimination against the Plaintiffs or deliberately disregard the Plaintiffs' right to be free of discrimination on the basis of race?

__________YES ____________ NO

**If you answered YES to Question 12, then answer Question 13. If you answered NO to Question 12, skip to Question 14.**

13) What amount of money, if any, do you assess as punitive damages against Defendant Kreisler?

$ ____________________

14) Did Defendant Solar Partnership/Solar Corporation, through its agent Larry Hopfenspirger, knowingly and intentionally authorize or ratify race discrimination against the Plaintiffs?

__________YES ____________ NO

**If you answered YES to Question 14, then answer Question 15. If you answered NO to Question 14, you do not complete any more of the form, and you have finished your deliberations.**

15) What amount of money, if any, do you assess as punitive damages against Defendant Solar Partnership/Solar Corporation?

$ ____________________

____________________________________
FOREPERSON

Dated _________________, 2004.