THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

vs.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV., L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

**SOLAR DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**Court File No.: 02-CV-842 (MJD/JSM)**

---

Defendants Solar Partnership, Solar Corporation, and Larry Hopfenspirger (collectively referred to as "the Solar Defendants") respectfully stipulate to the joint proposed jury instructions submitted by the parties with the following exceptions: (1) the Solar Defendants object to the jointly submitted instructions regarding Legal Responsibility of an Officer for Conduct of a Company; and (2) the Solar Defendants object to the jointly submitted instructions regarding to the Instruction defining Motivating factor. In addition, the Solar Defendants submit the attached proposed Jury Instructions.

RIDER BENNETT, LLP

By s/ Patrick J. Sauter

**Patrick J. Sauter (95989)**
**Tina Syring-Petrocchi (251628)**
Attorneys for Solar Defendants
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
Telephone: (612) 340-8900
Facsimile: (612) 340-7900
pjsauter@riderlaw.com

Dated: October 12, 2004

**1**

## BURDEN OF PROOF[1]

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

[1] 8TH CIR. CIVIL JURY INSTR. § 3.04 (2001).

**2**

## IMPEACHMENT - INCONSISTENT STATEMENT OR CONDUCT

A witness may be discredited or impeached by contradictory evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[2]

[2] Federal Jury Practice & Instruction Guide 5th ed. (hereinafter "FED. JIGS.") § 105.04.

**3**

## EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purposes of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[3]

[3] FED. JIGS. § 105.09.

**4**

## NATURE OF THE ACTION

Every person, regardless of race or citizenship, has freedom from discrimination based on race in the making and enforcing of contracts.

In this case, the Plaintiffs claim that all the Defendants unlawfully discriminated against them in connection with their lease because of their race.

Defendants deny Plaintiffs' claims.

**5**

## INTENT[4]

In order to establish their case, Plaintiffs must prove by a preponderance of the evidence that Defendant Kreisler and the Solar Defendants were motivated by a racially discriminatory purpose. In other words, Plaintiffs must prove that each Defendant intentionally and purposefully discriminated against Plaintiffs because of their race.

In determining whether Defendants intentionally discriminated on the basis of race, you may consider all the evidence presented in this case. Plaintiffs may use either direct or indirect evidence.

Plaintiffs must prove that Defendants actually were motivated by a racially discriminatory purpose.

[4] FED. JIG. § 169.21

**6**

## PRETEXT[5]

Plaintiffs have introduced evidence that one or more of the Defendants' articulated reasons for their actions were a pretext for discrimination. When you consider Plaintiffs' evidence of pretext, remember that the relevant question is whether Defendants' reasons were not the real reason for Defendants' actions.

You are not to consider whether Defendants' reasons showed poor or erroneous judgment. You are not to consider Defendants' wisdom. However, you may consider whether Defendants' reasons were merely a cover-up for discrimination.

You may consider whether Defendants' reasons are consistent with Defendants' own policies and rules and whether Defendants have applied these policies and rules uniformly. You should also carefully evaluate any subjective reasons Defendants have asserted for Defendants' actions.

Plaintiffs have the burden to persuade you by a preponderance of the evidence that Defendants took action against them because of their race. If you do not believe Defendants' explanations, you may, but are not required to, infer that Plaintiffs have satisfied their burden of proof that Defendants intentionally discriminated against Plaintiffs because of their race.

[5] FED. JIG. § 169.22

**7**

## DEFINITIONS - RACIAL DISCRIMINATION[6]

You must determine whether the discrimination, if any, was based on race. In order to find that the class being discriminated against on the basis of race, you must find that the class being discriminated against constitutes a discrete "race" as that term is commonly understood today.

If you find Plaintiffs were subjected to intentional discrimination because of Plaintiffs' ancestry or ethnic characteristics, you should find the alleged discrimination was based on race. If you find that race was not a substantial factor in a Defendants' decision with respect to Plaintiffs' housing, you must find for that Defendant.

[6] FED. JIG. § 169.30

**8**

## DIRECT AND INDIRECT EVIDENCE[7]

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and indirect evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence. Nor is a greater degree of certainty required of indirect evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.

[7] FED. JIG. § 169.31

**9**

## PREPONDERANCE OF THE EVIDENCE[8]

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

.

[8] FED. JIG. § 169.41 & FED. JIG. § 169.201

**10**

## DAMAGES

### A. Actual Damages[9]

If you find in favor of Plaintiffs on their race discrimination claims, then you should award Plaintiffs such actual or compensatory damages as you find, from a preponderance of the evidence, were proximately caused by the acts of one or more of the Defendants.

The damages you may award include any costs or expenses sustained by Plaintiffs as a result of a Defendant's conduct. Such damages may include all of the out-of-pocket costs incurred by Plaintiffs to move to another dwelling, including moving and storage expenses, the cost difference between the rent or purchase price of present housing and the illegally refused housing, and any other damages Plaintiffs prove were a direct result of the discrimination.

[9] FED. JIG. § 169.60 & FED. JIG. § 169.220

**B. Mitigation of Damages**[10]

If you find Plaintiffs were injured as a result of conduct by a Defendant in violation of Section 1981 or the Fair Housing Act, you must determine whether Plaintiffs could have done something to lessen the harm suffered.

Defendants have the burden to prove by a preponderance of the evidence that Plaintiffs could have lessened or reduced the harm done to Plaintiffs and that Plaintiffs failed to do so.

If Defendants establish by a preponderance of the evidence that Plaintiffs could have reduced the harm done to Plaintiffs but failed to do so, Plaintiffs are entitled only to damages sufficient to compensate for the injury that Plaintiffs would have suffered had Plaintiffs taken appropriate action to reduce the harm.

[10] FED. JIG. § 169.63 & FED. JIG. § 169.223

**11**

**SAME RESULT; LEGITIMATE, NON-DISCRIMINATORY REASONS FOR DEFENDANTS' ACTIONS**[11]

If you determine Plaintiffs proved that Plaintiffs' race was a factor motivating or playing a part in a Defendant's treatment of Plaintiffs with respect to their housing, then you must consider any other reason given by that Defendant for their decision.

If you determine a Defendant showed that it would have reached the same decision, or treated the Plaintiffs in the same manner, regardless of Plaintiffs' race, then you must decide in favor of that Defendant.

[11] FED. JIGS. § 169.51, FED. JIG. § 169.211 & FED. JIG. § 169.212

**12**

**REPRISAL**[12]

Plaintiffs have alleged that Defendant Kreisler and the Solar Defendants committed reprisal against them because they opposed race discrimination. To prevail on this claim, Plaintiffs must prove by a preponderance of the evidence, with respect to each Defendant that:

1. Plaintiffs complained to the specific Defendant about discrimination and the specific Defendant was aware of such a complaint;
2. Plaintiffs were subject to an adverse housing action at the time, or after the complaint took place; and
3. The specific Defendant took the adverse housing action against Plaintiffs because of their complaint and not because of any other reason.[13]

An "adverse housing action" means coercion, intimidation, threats or interference with housing right.[14]

To constitute "interference with a housing right," the conduct in question must contain an element of force or direct intimidation, or immediate threats thereof. If the action does not preclude the availability of housing, it is not an interference.[15] To succeed on their claim, Plaintiffs must prevail on all three elements of the claim.

---

[12] Adapted from FED. JIG. § 171.25 (2001).

[13] Adapted from FED. JIG. § 171.25 (2001).

[14] *See* 42 U.S.C. § 3617.

[15] *Michigan Protection and Advocacy Service, v. Babin*, 799 F. Supp. 695, (E.D. Mich. 1992), aff'd 18 F.3d 337 (6th Cir. 1994).

**13**

## CORPORATE ENTITY –ALTER EGO[16]

Plaintiffs Eboni and Julius SternJohn claim that Defendant Solar Corporation is the alter ego of Defendant Larry Hopfenspirger. This amounts to a claim that Solar Corporation and Larry Hopfenspirger should be treated as being one and the same entity or person under the law so that the separate corporate existence of Solar Corporation should be disregarded and Defendant Larry Hopfenspirger should be held personally liable for Solar Corporations obligations.

With respect to that issue, you are instructed that a corporation, generally, is a separate legal entity authorized to do business in its own right and on its own credit as distinguished from the assets of other persons or corporations. Also, the mere fact that one or two individuals own and control the stock structure of a corporation or that two or more corporations have common officers or directors, or both, does not mean that the corporation may be regarded as the alter ego of its stockholders.

However, the existence of a corporate entity may be disregarded where it is proved that the corporation was created as a mere device or sham to accomplish some ulterior purpose, or is a mere instrumentality or agent of another corporation or individual owning all or most of its stock where the purpose is to evade some statute or to accomplish some fraud or illegal purpose.

Where one is the principal stockholder of one or more corporations and personally conducts their business or manages their assets, that person may be found individually liable for the corporate obligations if it is proved that he has consistently engaged in a course of conduct ignoring the existence of the corporate entity or entities and has, in fact, conducted business as an

[16] FED. JIG. § 108.05

individual by exercising such paramount and personal control over the operations of the corporation or corporations that their corporate existence has been disregarded and their business interests and the person's own personal interests cannot be reasonably separated.

**14**

## PUNITIVE DAMAGES[17]

In addition to actual damages, the law permits a jury, under certain circumstances, to award injured plaintiffs punitive and exemplary damages in order to punish the wrongdoer for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence that the plaintiffs are entitled to a verdict for actual or compensatory damages, and you further find that the act or omission of one or more of the defendants proximately causing actual injury or damage to the plaintiffs was maliciously done or was recklessly or callously indifferent to the plaintiffs' rights, then you may add to the award of actual damages such amount as you unanimously agree to be proper, as punitive and exemplary damages.

An act is maliciously done if it is prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

Whether or not to make an award of punitive damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence in the case, that a defendant's act or omission which proximately caused actual damage to the plaintiffs was maliciously or recklessly done.

You should bear in mind not only the conditions under which, and the purposes for which, the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm

[17] FED. JIG. § 128.81 and comment (modified to incorporate fair housing standards)

discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party in this case

The Plaintiffs are the party seeking punitive damages, and therefore have the burden to prove by a preponderance of the evidence that a certain defendant acted maliciously or with callous or reckless disregard.