THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

vs.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV., L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

**SOLAR DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE WITNESSES**

Court File No.: 02-CV-842 (MJD/JSM)

## INTRODUCTION

In May 2004, Plaintiffs submitted a Witness List for trial, which was previously set to occur in June 2004. Plaintiffs' Witness List identifies witnesses who were not disclosed in Plaintiffs' Rule 26(a) Initial Disclosures and numerous witnesses identified in a separate cause of action, *United States v. Robert L. Kreisler, et al.*

For the reasons stated below, Defendants Solar Partnership, Solar Corporation, and Larry Hopfenspirger ("the Solar Defendants") respectfully move in limine to exclude any witnesses not disclosed by Plaintiffs in their Rule 26(a) Initial Disclosures and any witnesses named and identified in the *United States v. Kreisler, et al.* action.

## STATEMENT OF FACTS

The Solar Defendants previously owned 2421 Pillsbury Avenue ("Pillsbury Property"), the apartment complex where Plaintiffs resided. On July 17, 1998, the Solar

Defendants sold, by purchase agreement, the Pillsbury Property to Defendant Robert Kreisler. On October 15, 1998, Defendant Kreisler began managing 2421 Pillsbury Avenue. On March 29, 1999, the Solar Defendants deeded 2421 Pillsbury Avenue to Defendant Kreisler. As of March 29, 1999, the Solar Defendants had nothing more to do with 2421 Pillsbury Avenue; the Solar Defendants did not own, manage, or operate any part of 2421 Pillsbury Avenue.

On or about July 10, 2000, Plaintiffs filed a complaint with the United States Department of Housing and Urban Development, alleging racial discrimination against the Solar Defendants and Defendant Kreisler. On July 11, 2000, Plaintiffs also filed a Charge of Discrimination with the Minnesota Department of Human Rights ("MDHR"), again alleging racial discrimination against the Solar Defendants and Defendant Kreisler. On July 16, 2001, the MDHR made a determination of No Probable Cause against the Solar Defendants and dismissed Plaintiffs' charge. A separate probable cause determination was made against Defendant Kreisler by the MDHR.

On or about April 22, 2002, Plaintiffs commenced a civil rights action against the Solar Defendants and Defendant Kreisler, alleging race discrimination and retaliation.

## <u>ARGUMENT</u>

**PLAINTIFFS SHOULD NOT BE ALLOWED TO CALL UNDISCLOSED WITNESSES AND WITNESSES NAMED IN THE DEPARTMENT OF JUSTICE ACTION AGAINST DEFENDANT KREISLER**

Plaintiffs have now identified over seventy (70) witnesses to testify at the above-referenced trial, with over one half of the witnesses identified after Plaintiffs submitted their initial Rule 26(a) disclosure. Plaintiffs should not be allowed to call witnesses not previously disclosed in their Rule 26(a) Initial Disclosures. *See* Fed.R.Civ.P. 37(c)(1) (providing that party who fails to disclose information required by Rule 26 (a) is not, unless such failure is harmless, permitted to use as evidence at trial); *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*,

47 F.3d 277, 294 (8th Cir. 1994), *cert. denied*, 516 U.S. 822 (1995) (holding that power of trial court is to excluded exhibits and witnesses not disclosed in compliance with its discovery and pretrial order is "essential to judicial management of the case").

Plaintiffs submitted their Rule 26(a) disclosures on June 25, 2002. At that time, Plaintiffs identified 37 witnesses, many of whom would apparently testify about Defendant Kreisler's discriminatory actions. In September 2003, Plaintiffs identified additional witnesses, which the Solar Defendants objected to as untimely and in violation of Rule 26(a). Plaintiffs' counsel ignored the Solar Defendants' objection. In fact, in October 2003, when this matter was originally set for trial, Plaintiffs added an additional 12 witnesses, none of whom had been identified in Plaintiffs' Rule 26(a) disclosure.

In May 2004, Plaintiffs again amended their witness list to include numerous other new witnesses. Plaintiffs obtained the identities of these witnesses from a separate cause of action against Defendant Kreisler, the *United States v. Kreisler, et al* action (*"U.S. Action"*), which is currently pending before this Court. The Solar Defendants are not a party to the *U.S. Action*.

On October 6, 2004, Plaintiffs once again amended their witness list to include witnesses identified and named in the *U.S. Action*. Plaintiffs' witness list now totals over seventy (70), most of whom were never in the Rule 26(a) initial disclosure and most of whom are witnesses in the *U.S. Action*.

Plaintiffs should not be allowed to call previously undisclosed witnesses because their testimony would be prejudicial to the Solar Defendants, as the Solar Defendants have had no opportunity to depose or interview these witnesses in advance of trial. Furthermore, their testimony may be confusing to the jury, as most of these witnesses had no interaction or dealings with the Solar Defendants and have only been identified in the *U.S. Action* against Defendant Kreisler. *See* Fed.R.Evid.401 (providing that relevant evidence means evidence

having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence).

Finally, Plaintiffs' lengthy list of witnesses will waste the Court's time because the anticipated testimony will be repetitive, cumulative, and unnecessary. *See* Fed.R.Evid. 403 (providing that evidence may be excluded if probative value is substantially outweighed by unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence).

## CONCLUSION

Plaintiffs' witness list is prejudicial, cumulative, and burdensome to the court. Pursuant to Federal Rules of Evidence 401 and 403, the Solar Defendants respectfully request that the Court grant the Solar Defendants' motion *in limine* in its entirety.

## ACKNOWLEDGMENT

The part(ies) upon whose behalf this pleading is submitted, by and through the undersigned, hereby acknowledge(s) that sanctions may be imposed for a violation of Minn. Stat. § 549.211.

RIDER BENNETT, LLP

By s/ Kathleen M. Daly

Patrick J. Sauter (95989)
Tina Syring-Petrocchi (251628)
Kathleen M. Daly (314390)
Attorneys for Defendant Solar Partnership Corporation and Related Entities and Larry Hopfenspirger
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
(612) 340-7982 / 340-8975 / 340-7908
kmdaly@riderlaw.com

October 12, 2004