THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

vs.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV., L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

**SOLAR DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE REGARDING THE BLAISDELL BUILDING**

Court File No.: 02-CV-842 (MJD/JSM)

## INTRODUCTION

Defendants Solar Partnership, Solar Corporation, and Larry Hopfenspirger (collectively referred to as "the Solar Defendants") move the Court for an Order precluding any testimony and/or evidence regarding the property located at 2500 Blaisdell Avenue ("Blaisdell Property"). Plaintiffs were tenants at 2421 Pillsbury Avenue and never resided at the Blaisdell Property. Thus, any testimony or references concerning alleged discrimination or retaliation at the Blaisdell Property would be prejudicial to the Solar Defendants and confusing to the jury.

## STATEMENT OF FACTS

The Solar Defendants previously owned 2421 Pillsbury Avenue ("Pillsbury Property"), the apartment complex where Plaintiffs resided. On July 17, 1998, the Solar Defendants sold, by purchase agreement, the Pillsbury Property to Defendant Robert Kreisler. During the transition of ownership, Defendant Kreisler began managing 2421 Pillsbury Avenue on October 15, 1998. On March 29, 1999, the Solar Defendants deeded 2421 Pillsbury Avenue to Defendant Kreisler. Consequently, the Solar Defendants had no legal interest in the Pillsbury property after March 29, 1999.

The Solar Defendants have no connection to the Blaisdell property. They have never owned, managed, or been connected to the Blaisdell property.

On or about July 10, 2000, Plaintiffs filed a compliant with the United States Department of Housing and Urban Development, alleging racial discrimination against the Solar Defendants and Defendant Kreisler. On July 11, 2000, Plaintiffs also filed a Charge of Discrimination with the Minnesota Department of Human Rights (“MDHR”), alleging racial discrimination against the Solar Defendants and Defendant Kreisler. On July 16, 2001, the MDHR made a determination of No Probable Cause against the Solar Defendants and dismissed Plaintiffs' Charge. A separate probable cause determination was made against Defendant Kreisler by the MDHR.

On or about April 22, 2002, Plaintiffs commenced a civil rights action against the Solar Defendants and Defendant Kreisler, alleging race discrimination and retaliation.

## ARGUMENT

**PLAINTIFFS SHOULD NOT BE ALLOWED TO PRESENT EVIDENCE CONCERNING THE BLAISDELL PROPERTY**

Plaintiffs' complaint against the Solar Defendants and Defendant Kreisler alleges race discrimination and retaliation occurring at the Pillsbury Property, where Plaintiffs resided.

Plaintiffs intend to present evidence, in terms of witness testimony and/or exhibits, regarding the Blaisdell Property. Plaintiffs contend that race discrimination and retaliation occurred at the Blaisdell Property, and purportedly the evidence regarding the Blaisdell Property will show a "pattern and practice" of discrimination by the Solar Defendants.

Testimony or evidence from allegedly aggrieved tenants from the Blaisdell Property is not relevant to Plaintiffs' claims of race discrimination occurring at the Pillsbury Property. Irrelevant evidence is not admissible. *See* Fed. R. Evid. 402. However, even if testimony concerning the Blaisdell Property is considered relevant, it should still be excluded because it would confuse the issues and mislead the jury. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See* Fed. R. Evid. 403.

A trial court judge is given wide discretion in making rulings under Rule 403. *See Freidus v. First Nat'l Bank of Council Bluffs*, 928 F.2d 793, 795 (8th Cir. 1991). Although Plaintiffs cannot demonstrate the relevance of testimony concerning the Blaisdell Property. Plaintiffs never resided at the Blaisdell Property and have no direct, first-hand knowledge of discrimination occurring at the Blaisdell Property. Plaintiffs never experienced discrimination or retaliation at the Blaisdell Property. Plaintiffs only tenancy was at 2421 Pillsbury, and they have no connection to the Blaisdell property. It is highly prejudicial to the Solar Defendants to open a floodgate of complaints and unsubstantiated claims by tenants in a completely unconnected apartment complex.

## CONCLUSION

For the foregoing reasons, the Solar Defendants ask this Court to exclude any evidence or testimony regarding discrimination or retaliation occurring at the Blaisdell Property.

## ACKNOWLEDGMENT

The part(ies) upon whose behalf this pleading is submitted, by and through the undersigned, hereby acknowledge(s) that sanctions may be imposed for a violation of Minn. Stat. § 549.211.

RIDER BENNETT, LLP

By s/ Kathleen M. Daly
Patrick J. Sauter (95989)
Tina Syring-Petrocchi (251628)
Kathleen M. Daly (314390)
Attorneys for Defendant Solar Partnership Corporation and Related Entities and Larry Hopfenspirger
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
(612) 340-7982 / 340-8975 / 340-7908
kmdaly@riderlaw.com

October 12, 2004