THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

vs.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV., L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

**SOLAR DEFENDANTS' TRIAL BRIEF AND STATEMENT OF THE CASE**

Court File No.: 02-CV-842 (MJD/JSM)

---

## INTRODUCTION

This case arises out of Plaintiffs Eboni and Julian SternJohns' ("Plaintiffs") claims of housing discrimination and retaliation against the various defendants named above. Defendants Solar Partnership, Solar Corporation, and Larry Hopfenspirger (hereinafter collectively referred to as the "Solar Defendants") deny discriminating against the Plaintiffs. Moreover, the Solar Defendants deny possessing any authority to direct or control the actions of Defendant Kreisler. The legal basis for this position and the effect of this position on various issues at the trial is detailed below.

## STATEMENT OF FACTS

Plaintiffs' are a married couple. Eboni SternJohn is African American and part Native American. Julius SternJohn is African American. Plaintiffs resided at an apartment complex located at 2421 Pillsbury Avenue in Minneapolis, Minnesota ("Pillsbury Property) from September 1995 through July 15, 1999.

The Solar Defendants previously owned the Pillsbury Property and Defendant Larry Hopfenspirger was the managing partner for the Solar Defendants. On July 17, 1998, the Solar Defendants sold, by purchase agreement, the Pillsbury Property to Defendant Robert Kreisler. On September 17, 1998, the Solar Defendants entered into an Interim Management Agreement, whereby Defendant Kreisler agreed to manage the Pillsbury Property from October 15, 1998 until the date of the closing.

On March 29, 1999, the closing occurred and the Solar Defendants deeded the Pillsbury Property to Defendant Kreisler. As of March 29, 1999, the Solar Defendants had nothing more to do with the Pillsbury Property; the Solar Defendants did not own, manage, or in any way operate the Pillsbury Property.

The majority of Plaintiffs' claims for alleged discrimination began after March 29, 1999, when the Solar Defendant had already sold the Pillsbury Property to Defendant Kreisler. Further, Plaintiffs allege that Defendant Kreisler had a history of discriminatory management practices. For instance, Plaintiffs claims that Defendant Kreisler: (1) targeted black tenants for groundless or retaliatory evictions and lease non-renewals; (2) ignored the maintenance requests of black tenants, and (3) stopped renting to black tenants after he began managing the Pillsbury Property in October 1998.

While the majority of Plaintiffs' cla ims of discrimination focus on Defendant Kreisler, Plaintiffs also allege the Solar Defendant committed discrimination by failing to respond to the complaints of black tenants regarding racial discrimination.

Plaintiffs received two eviction notices from Defendant Kreisler; the first one was issued in November 1998, and the second in July 1999. After receiving the second eviction notice, Plaintiffs decided vacated their apartment and moved to a larger apartment in Fridley, Minnesota.

Approximately one year later, on or about July 10, 2000, Plaintiffs filed a compliant with the United States Department of Housing and Urban Development, alleging racial discrimination against the Solar Defendants and Defendant Kreisler. On July 11, 2000, Plaintiffs also filed a Charge of Discrimination with the Minnesota Department of Human Rights ("MDHR"), alleging racial discrimination against the Solar Defendants and Defendant Kreisler.

On July 16, 2001, the MDHR made a determination of No Probable Cause against the Solar Defendants and dismissed Plaintiffs' Charges. A separate probable cause determination was made against Defendant Kreisler by the MDHR.

On April 22, 2002, Plaintiffs filed a complaint against the Solar Defendants and Defendant Kreisler alleging violations of the Federal Fair Housing Act, 42 U.S.C. §§3601, et. seq; the Civil Rights Act of 1866, 42 U.S.C. §1982, and the Minnesota Human Rights Act, Minn. Stat. §§363.01, et.seq. Plaintiffs do not allege state claims against the Solar Defendants.

The Solar Defendants should not be held liable for the actions of Defendant Kreisler. The Solar Defendants sold the Pillsbury Property to Defendant Kreisler before the alleged discriminatory acts occurred. As of March 29, 1999, the Solar Defendants had no interest or ownership in the Pillsbury Property. Plaintiffs' claims for alleged discrimination focus on the

actions of Defendant Kreisler; actions for which the Solar Defendants had no ability to control. Defendant Kreisler was not an agent or employee of the Solar Defendants and, even if he were, he exceeded the scope of any authority given to him by the Solar Defendants.

## LEGAL ANALYSIS AND ANTICIPATED TRIAL ISSUES

### I. DEFENDANT KREISLER WAS NOT AN AGENT OF EMPLOYEE OF THE SOLAR DEFENDANTS

Defendant Kreisler was not an agent or employee of the Solar Defendants. In *Meyer v. Holley*, 123 S.Ct. 824, 829 537 U.S. 280 (2003), the United States Supreme Court confirmed that traditional rules of vicarious liability do apply to entity liability under the Fair Housing Act. Thus, in order for the Solar Defendants to be liable for the alleged discrimination by Defendant Defendant Kreisler Plaintiffs must prove that (1) Defendant Kreisler was an agent of the Solar Defendants, and (2) the discriminatory actions occurred in the course and scope of Defendant Kreisler's agency with the Solar Defendants.

Agency requires "the manifestation of consent by one person that the other shall act on his behalf, and consent by the other so to act." *Id*. citing Restatement (Second) of Agency §219(1) (1957). Here, the evidence will show that the Solar Defendants, particularly Larry Hopfenspirger, did not give consent for Defendant Kreisler to commit discriminatory acts. While Defendant Kreisler managed the Pillsbury Property for a short period of time- October 15, 1998 through March 29, 1999, and allegedly committed racial discriminatory acts during this time period- the Solar Defendants did not consent, or approve, of Defendant Kreisler's actions. Moreover, even if Defendant Kreisler is considered an agent of the Solar Defendants, the evidence will show that Defendant Kreisler exceeded the scope of his authority; the Solar Defendants had no knowledge of Defendant Kreisler's eviction actions or unlawful detainers against tenants.

## II. PLAINTIFFS CANNOT PIERCE THE CORPORATE VEIL TO HOLD DEFENDANT HOPFENSIRGER LIABLE FOR DEFENDANT KREISLER'S ACTIONS

In *Meyer v. Holley*, the United States Supreme Court confirmed that a corporate owner or shareholder is not liable for the acts of the agents of his corporation merely by virtue of his ownership status unless Plaintiffs are able to pierce the corporate veil. *Id.* at 831-832. To establish liability on behalf of the Solar Defendants, Plaintiffs rely solely on the fact that the Solar Defendants allowed Defendant Kreisler to manage the Pillsbury Property. This evidence is not enough to establish liability on Defendant Hopfenspirger. Further, Plaintiffs cannot 'pierce the corporate veil.' A 'corporate veil' may be pierced and a shareholder held liable for the corporation's conduct when the corporate form would otherwise be misused to accomplish certain wrongful purposes on the shareholder's behalf. The evidence will show that Defendant Hopfenspirger was not using the corporation- Solar Partnership- to commit wrongful acts. On the contrary, the evidence will show that Defendant Hopfenspirger, and the Solar Defendants, did not commit any discriminatory acts and had no knowledge of any alleged discriminatory acts committed by Defendant Kreisler.

## CONCLUSION

Plaintiffs claims for alleged discrimination focus on the conduct and actions of Defendant Kreisler, for which the Solar Defendants cannot, and should not, be held liable. Defendant Kreisler was not an agent or employee of the Solar Defendants, and, even if he were, he acted outside the scope of any authority granted to him.

RIDER BENNETT, LLP

By s/ Kathleen M. Daly

Patrick J. Sauter (95989)
Tina Syring-Petrocchi (251628)
Kathleen M. Daly (314390)
Attorneys for Defendant Solar Partnership Corporation and Related Entities and Larry Hopfenspirger
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
(612) 340-7982 / 340-8975 / 340-7908

October 12, 2004

kmdaly@riderlaw.com