UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eboni SternJohn and Julius SternJohn,
Plaintiffs,

Civil No. 02-842 MJD/JSM

v.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership, L.L.P, a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger, Realty, Inc.,

Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE SOLAR DEFENDANTS' MOTION IN LIMINE OF OCTOBER 12, 2004**

**ORAL ARGUMENT REQUESTED**

---

## INTRODUCTION

Eboni and Julius SternJohn bring claims against their former landlords, Defendants Larry Hopfenspirger and Solar Partnership ("Solar Defendants"), for race discrimination and retaliation in housing. In this second iteration of their motion in limine, the Solar Defendants ask the Court to usurp the jury's role by excluding most of the highly probative evidence of the Solar Defendants' liability. For the foregoing reasons, and as set forth more fully below, the SternJohns oppose the Solar Defendants' motion in every respect.

## MATERIAL FACTS

The Solar Defendants hired and – in the face of complaints about race discrimination and retaliation – continued to employ Defendant Kreisler as manager of their buildings at 2421 Pillsbury Avenue and 2500 Blaisdell. Affidavit of Justin D. Cummins, dated October 8, 2003, ("Cummins Aff. II"), ¶ 8, Exhs. 1-8.

## ARGUMENT

### I. THE SOLAR DEFENDANTS' FAILURE TO SEEK DISCOVERY DOES NOT JUSTIFY EXCLUSION OF THE HIGHLY PROBATIVE TESTIMONY OF WITNESSES THAT HAVE BEEN PREVIOUSLY DISCLOSED AND WERE ALREADY KNOWN TO THE SOLAR DEFENDANTS.

In their Rule 26 Initial Disclosures, the SternJohns disclosed nearly 40 witnesses who have knowledge about the SternJohns' civil rights claims. Cummins Aff. II, ¶¶ 3, 8, Exh. 19. Through discovery of Defendants' own documents, the SternJohns identified a few additional witnesses over the next year. Cummins Aff. II, ¶ 3.

By contrast, the Solar Defendants chose not to serve any interrogatories on the SternJohns and otherwise not to seek discovery regarding witnesses. Cummins Aff. II, ¶¶ 4, 8, Exh. 20. The Solar Defendants also chose not to depose anybody, let alone the witnesses identified in the SternJohns' Initial Disclosures. Cummins Aff. II, ¶ 4.

Nonetheless, the Solar Defendants now demand that the Court bar the testimony of former tenants, individuals who will establish chain of custody of timely produced documents, and people who have otherwise been known by the Solar Defendants.

The Solar Defendants' argument for exclusion is, at best, disingenuous. Their own Trial Witness List includes individuals who were not identified in their Initial Disclosures. Moreover, the Solar Defendants did not specifically identify additional

witnesses in response to the SternJohns' discovery requests and requests for supplementation. Cummins Aff., ¶¶ 6-7, Exhs. 35-36. Therefore, the first motion should be denied.

## II. THE EVIDENCE OF DISCRIMINATION OF THE SOLAR DEFENDANT'S MANAGER WHILE HE MANAGED BUILDINGS FOR SOLAR DEFENDANTS IS CLEARLY RELEVANT AND ADMISSIBLE.

It is well settled that other-acts evidence is critical to the question of whether a defendant discriminated against a plaintiff. In fact, the Eighth Circuit has reversed the district court when it excluded other-acts evidence in discrimination cases. Hawkins v. Hennepin Technical Ctr., 900 F.2d 153, 155-56 (8th Cir. 1990), cert. denied 498 U.S. 854 (1990); Phillip v. ANR Freight Sys., Inc., 945 F.2d 1054, 1056 (8th Cir. 1991), cert. denied 506 U.S. 825 (1992).

Nonetheless, the Solar Defendants seek to exclude the fact that over 30 other blacks have asserted the Solar Defendants' manager – Defendant Robert Kreisler – discriminated against them during ***the same time period*** that the SternJohns testified that the this manager discriminated against them while working for the Solar Defendants. These complaints are contemporaneous with the SternJohns' factually similar claims, so – pursuant to Eighth Circuit precedent – the evidence is even more probative of the motive and intent of Defendant Kreisler and, thus, the Solar Defendants. Meyer v. Holley, 123 S.Ct. 824, 828 (2003) ("[I]t is well established that the [Fair Housing] Act provides for vicarious liability."); Phillip, 945 F.2d at 1056 (ruling that the district court's exclusion of other "discrimination lawsuits filed against [the defendant]" was reversible error); see also Estes v. Dick Smith Ford, Inc., 856 F.2d 1097 (8th Cir. 1988) (finding error and reversing the district court for excluding evidence of contemporaneous acts of

alleged discrimination), superseded on other grounds Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), as stated in Foster v. University of Ark., 938 F.2d 111, 115 (8th Cir.1991); Marquez v. Omaha Dist. Sales Office, 440 F.2d 1157, 1160-61 (8th Cir. 1971) (relying on evidence of discrimination that allegedly occurred in the same time period as when the plaintiff allegedly experienced discrimination and reversing the district court's dismissal of the case).

Accordingly, the fact of the companion pattern-and-practice case filed by the Civil Rights Division of the Department of Justice ("DOJ") and the number of aggrieved parties identified therein are certainly admissible.

## III. CONTEMPORARY EVIDENCE OF DISCRIMINATION AGAINST OTHER BLACKS BY THE SOLAR DEFENDANT'S MANAGER IS HIGHLY PROBATIVE OF THE STERNJOHNS RACE-DISCRIMINATION CLAIMS AND CANNOT BE EXCLUDED.

The Solar Defendant's theory for exclusion here is similar to that underlying their second motion, so the SternJohns responses are essentially the same.

As a threshold matter, the Solar Defendants hired and – in the face of complaints about race discrimination and retaliation – continued to employ Defendant Kreisler as manager of their buildings at both 2421 Pillsbury Avenue and 2500 Blaisdell. Therefore, the treatment of blacks at both buildings is highly probative of the race discrimination claims brought by the SternJohns. Meyer v. Holley, 123 S.Ct. 824, 828 (2003).

As set forth more fully in Part II, other-acts evidence is not only admissible – it is often crucial to proving discrimination. See, e.g., Phillip v. ANR Freight Sys., Inc., 945 F.2d 1054, 1056 (8th Cir. 1991), cert. denied 506 U.S. 825 (1992). Thus, this motion must be denied.

## IV. THE SOLAR DEFENDANTS' ATTEMPT TO RETLITIGATE THEIR UNSUCCESSFUL SUMMARY JUDGMENT MOTION MUST BE REJECTED TO ALLOW THE STERNJOHNS TO PRESENT THEIR EVIDENCE OF THE SOLAR DEFENDANT'S DISCRIMINATION.

The fourth motion seeks to reargue the summary judgment motion that the Court already decided against the Solar Defendants nearly two years ago. In particular, the Solar Defendants seek to exclude evidence that the Court itself cited when denying the Solar Defendants' motion for summary judgment. SternJohn v. Kreisler, et al., 238 F.Supp.2d 1104, 1110-11 (D.Minn. 2003).

The Solar Defendants do not cite one case to support their theory that the Court can usurp the jury's role by deciding clear fact disputes now. In truth, the Eighth Circuit has repeatedly held the exact opposite of the Solar Defendant's position. Mills v. General Motors Corp., 262 F.3d 720, 723 (8th Cir. 2001) (affirming the denial of a motion in limine and the subsequent admission of evidence because the evidence related to a fact question to be decided by the jury); see also Reimer v. City of Crookston, 326 F.3d 957, 961 (8th Cir. 2003) ("[W]here the existence of a duty turns upon contradicted facts, those facts must be submitted to a jury for resolution prior to the court's legal conclusion on the issue.") (citation omitted); Thorson v. Gemini, Inc., 205 F.3d 370, 377 (8th Cir. 2000) ("It is for the fact-finder to look at the record and decide if the evidence supports the [claim].").

In sum, the Solar Defendants' final motion has no basis in law or fact.

## CONCLUSION

The SternJohns respectfully ask the Court to deny the Solar Defendants' motion in limine in its entirety for the following reasons: (1) the evidence is highly probative of the SternJohns' race discrimination and retaliation claims, (2) the evidence will promote

clarity and efficiency at trial, and (3) the evidence concerns genuine issues of material fact that are within the exclusive province of the jury to decide.

Dated: October 14, 2004

**MILLER·O'BRIEN**

M. William O'Brien, # 130229
Justin D. Cummins, # 276248
One Financial Plaza
120 South Sixth Street, Suite 2400
Minneapolis, MN 55402
612-333-5831

**ATTORNEYS FOR PLAINTIFFS**