Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Minnesota.

UNITED STATES OF AMERICA Plaintiff,
v.
Davir R. BEAUDET, Defendant.

**No. Civ. 03-1132JRTSM.**

July 19, 2004.

Steven H. Rosenbaum, Timothy J. Moran, Rebecca B. Bond, and Donald Walker Tunnage, Trial Attorneys, U.S. Department of Justice, Civil Rights Enforcement Section, NW, Washington, DC, and Perry F. Sekus, Assistant United States Attorney, Office of the United States Attorney, Minneapolis, MN, for plaintiff.

Thomas F. Hutchinson, Eastlund, Solstad, Cade & Hutchinson, Ltd., Savage, MN, for defendant.

MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SEPARATE TRIALS

TUNHEIM, J.

***1** The United States ("plaintiff") filed this action against David R. Beaudet ("defendant"), alleging that defendant violated the Fair Housing Act by discriminating against and harassing female tenants at properties defendant owned and managed. Plaintiff contends that defendant's conduct included making unwanted verbal sexual advances; unwanted sexual touching; conditioning the terms and conditions of tenancy on the granting of sexual favors; entering the apartments without notice or permission; and threatening to and then taking adverse action against tenants when they refused or objected to the sexual advances. Plaintiff seeks both compensatory and punitive damages on behalf of the victims. Pursuant to Federal Rule of Civil Procedure 42(b) and Local Rule 7.1(a), defendant filed a motion requesting that the Court bifurcate the trial in this matter into separate liability and damages trials using the same jury. For the reasons set forth below, the Court denies defendant's motion.

ANALYSIS

Federal Rule of Civil Procedure 42(b) governs the Court's authority to bifurcate issues and grant separate trials. The Rule states:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Defendant "has the burden of proving that bifurcation will satisfy the expressed objectives of the rule, including furtherance of convenience, avoidance of prejudice, [and] enhancement of expedition and economy." 8 *Moore's Federal Practice* ¶ 42.20[8] at 42-53 (2004). This court possesses broad discretion to grant or deny motions for bifurcation. *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir.1990).

In this case, bifurcation will not ultimately enhance expedition and economy. True, defendant may be found liable to fewer than all of the original aggrieved parties. As a result, separate liability and damages phases would allow the jury in the second trial to focus on a more limited universe of aggrieved parties. *See United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 400-01 (S.D.Ohio 2001). However, defendant's alleged conduct (liability) and the victims' purported harm (damages) are intertwined. As plaintiff points out,

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

in discrimination and harassment cases, the harm is generally evident from a victim's emotional description of the accused party's conduct. This is especially true in light of compensatory damages. If the case is bifurcated, the victims will be called in both phases and will be forced to present similar testimony. This significant overlap is a complete duplication of effort and impedes expedition and economy. Given the interwoven nature of the issues, bifurcation is improper. *See* 8 *Moore's Federal Practice* ¶ 42.20[7][c] at 42-52 (2004).

***2** Nevertheless, defendant argues that the jury would be unable to distinguish aggrieved persons from witnesses and that the jury would not be able to keep track of the damages of each aggrieved person. While such confusion threatens expedition and economy, bifurcation is an extreme remedy, and is not necessitated where adequate jury instructions will address the concern.

Additionally, bifurcation would undermine convenience. Bifurcation furthers convenience when the separable issues are substantially different. *See* 8 *Moore's Federal Practice* ¶ 42.20[4][b] at 42-45 (2004); *Cardiac Science, Inc. v. Koninklijke Philips Electronics N.V.*, 2003 U.S. Dist. LEXIS 16881 (D.Minn. Sept. 20, 2003). Given the interwoven nature of the liability and damages issues, there is no such substantial difference. The fact that counsel, parties, witnesses, and jurors would face yet another trial also points to inconvenience. For instance, maintaining one trial allows witnesses to testify once rather than twice in two different proceedings. In the past, this Court recognized the inconvenience inherent in repetitious testimony. *See i-Systems, Inc. v. Software, Inc.*, 2004 WL 742082 (D.Minn. Mar. 29, 2004). The Court continues to do so today.

Defendant contends that any discussion of his financial information, as it pertains to damages (particularly punitive damages), may prejudice defendant during the liability determination. However, if "the party seeking bifurcation cannot *show* prejudice, a motion for bifurcation will be denied." *See* 8 *Moore's Federal Practice* ¶ 42.20[4][c] at 42-46 (2004) (emphasis added); *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir.2000) (finding that the district court did not abuse its discretion in refusing to bifurcate when defendant failed to show prejudice). Defendant does not explain how he would be prejudiced by having liability and damages considered together (much less show actual evidence of prejudice). At best, defendant's plea evokes a specter and does not persuade the Court that bifurcation is appropriate here.

ORDER

Based on the submissions and the entire file and proceedings herein, IT IS HEREBY ORDERED that defendant's Motion for Separate Trials for the Liability and Damage Issues [Docket No. 30] is DENIED.

2004 WL 1635853 (D.Minn.)

Motions, Pleadings and Filings (Back to top)

- 0:03CV01132 (Docket) (Feb. 19, 2003)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.