**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

v.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership, L.L.P, a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger, Realty, Inc.,

Defendants.

Civil No. 02-842 MJD/JSM

**PLAINTIFFS' SUPPLEMENTED MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE**

---

## INTRODUCTION

Plaintiffs Eboni and Julius SternJohn have brought civil rights claims against their former landlord, Robert Kreisler, for race discrimination and retaliation at 2421 Pillsbury Avenue. The SternJohns timely filed their Motion in Limine and supporting Memorandum of Law on September 15, 2003 in connection with the Court's Final Pretrial Order, dated August 14, 2003.

On October 12, 2004, Defendant Kreisler submitted new Exhibit and Witness Lists that include material modifications. In the process of altering his trial submissions, Defendant Kreisler reordered and renumbered his exhibits – making it difficult for the Court and counsel to track the already pending motions in limine and other objections.

Accordingly, the SternJohns are compelled to supplement their Memorandum of Law in support of their Motion in Limine (keeping the order of the motion arguments the same for the convenience of the Court and the parties). The SternJohns respectfully ask this Court to exclude the following:

1. Evidence and argument concerning Mrs. SternJohn's and Mr. SternJohn's separate and unrelated employment grievances (Def. Kreisler No. 68 (originally No. 46));
2. Argument concerning a rent-payment issue the parties already litigated and the Court already decided;
3. Irrelevant documents and argument that will cause jury confusion, time-wasting, and unfair prejudice (Def. Kreisler Nos. 55 (originally No. 39), 64 (originally No. 149), 65-67 (not originally filed with the Court); 69 (originally No. 53), 72 (originally No. 93)); and
4. The two purported expert witnesses disclosed –for the first time – less than two weeks before trial, two lay witnesses identified – for the first time – on Defendant Kreisler's Exhibit List, and two lay witnesses who will provide cumulative testimony.

## ARGUMENT

### I. REQUESTED DOCUMENTS NOT PREVIOUSLY DISCLOSED OR PRODUCED, AS WELL AS THE SUMMARIES OF THE SAME, MUST BE EXCLUDED TO PREVENT TRIAL BY AMBUSH.

In his most recent Trial Exhibit List, filed on October 12, 2004, Defendant Kreisler has excluded the documents (previously marked Def. Kreisler Nos. 90-92, 125-143) that were the subject of the first part of the SternJohns' motion, dated September 15,

2003. To the extent Defendant Kreisler attempts to offer evidence or argument related to these documents, the SternJohns renew their motion in limine, as set forth in their Memorandum of Law, dated September 15, 2003.

## II. DEFENDANT KREISLER'S INCOMPLETE AND MISLEADING RENT ROLLS MUST BE EXCLUDED TO AVOID TIME-WASTING AND JURY CONFUSION.

In his most recent Trial Exhibit List, filed on October 12, 2004, Defendant Kreisler has excluded the documents (previously marked Def. Kreisler Nos. 77-81) that were the subject of the second part of the SternJohns' motion, dated September 15, 2003. To the extent Defendant Kreisler attempts to offer evidence or argument related to these documents, the SternJohns renew their motion in limine, as set forth in their Memorandum of Law, dated September 15, 2003.

## III. THE NECESSITY OF EXCLUDING A PROPOSED TRIAL EXHIBIT OF THE HOPFENSPIRGER DEFENDANTS THAT WOULD CAUSE TIME-WASTING, JURY CONFUSION AND UNFAIR PREJUDICE.

The SternJohns have settled their claims against the Hopfenspirger Defendants, so they withdraw the third part of their motion.

## IV. EVIDENCE OF EBONI STERNJOHN'S AGENCY CHARGE OF PREGNANCY DISCRIMINATION IN EMPLOYMENT AND JULIUS STERNJOHN'S CONFIDENTIALLY SETTLED EMPLOYMENT GRIEVANCE ARE IRRELEVANT AND UNFAIRLY PREJUDICIAL TO THEIR FAIR HOUSING CLAIMS BASED ON RACE (Current Def. Kreisler No. 68 (originally No. 46).

An agency charge or lawsuit pursued by a plaintiff in a separate matter may be excluded from trial in limited circumstances. Johnson v. Yellow Freight System, Inc., 734 F.2d 1304, 1309 (8th Cir. 1984), cert. denied 469 U.S. 1041 (1984). In particular, such evidence will be excluded when, in effect, it is offered to show a plaintiff's

propensity to pursue legal action. Fed.R.Evid. 404(b). Defendant Kreisler will offer this information precisely for this purpose.

Federal courts have repeatedly recognized that evidence of other litigation brought by a plaintiff is irrelevant and, at any rate, unfairly prejudicial. See, e.g., Mathis v. Phillips, Inc., 269 F.3d 771, 776 (7th Cir. 2001) (upholding the exclusion of evidence that the plaintiff had filed similar lawsuits against other car dealerships). The Second Circuit summed up why such evidence should be excluded: "a plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant." Outley v. City of New York, 837 F.2d 587, 592 (2nd Cir. 1988).

The Fed.R.Evid. 404(b) and 403 rationales for exclusion in the above-cited precedent apply with even greater force to the evidence of Mrs. SternJohn's employment charge. Unlike the plaintiff in Mathis and Outley, Mrs. SternJohn has not pursued repeated – much less possibly fraudulent – lawsuits. Affidavit of Justin D. Cummins, dated September 15, 2003 ("Cummins Aff."), Cummins Aff., ¶ 6, Exhs. 11-12. Instead, she simply submitted two administrative claims, one of which resulted in a "probable cause" determination and is the basis of the case at bar. Id.

Similarly, the employment grievance brought on behalf of Mr. SternJohn and several of his coworkers – which was settled confidentially – has nothing to do with his fair housing claims against Defendants. See Def. Kreisler No. 68.

Moreover, reporting apparent discrimination to the MDHR is protected activity. See 42 U.S.C. § 3617; Minn. Stat. §363.03, Subd. 7. Defendants should not now be

allowed to manufacture an improper inference that the SternJohns somehow did something wrong by exercising their civil rights.

Furthermore, evidence of an employment grievance, on its face, has no probative value regarding the merits of her claims of race discrimination in housing and retaliation. The issue here is whether Defendants violated the fair housing laws, not whether the SternJohns ever had an employment grievance.

In short, under Fed.R.Evid. 404(b), 403, and 402, evidence of, and argument regarding, the SternJohns' separate and unrelated employment claims should be excluded.

## V. THE DOCTRINE OF COLLATERAL ESTOPPEL BARS DEFENDANT KREISLER FROM ARGUING THAT HE WAS JUSTIFIED IN FILING A JULY 1999 EVICTION ACTION AGAINST THE STERNJOHNS BECAUSE THEY IMPROPERLY WITHHELD THEIR JULY 1999 RENT.

Under the doctrine of collateral estoppel, judgment in a prior suit precludes re-litigation of issues actually litigated and necessary to the outcome of the first action." John Morrell & Co. v. Local Union 304A, 913 F.2d 544, 562, n. 14 (8th Cir. 1990) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, n. 5 (1979)).

On July 21, 1999, Defendant Kreisler filed an eviction action against the SternJohns. Cummins Aff., ¶ 6, Exh. 13. He allegedly filed suit for purported non-payment of rent. Id. In dismissing Defendant Kreisler's eviction action, the Court ruled that the SternJohns "in good faith relied upon prior court orders in withholding rent and that they should not be prejudiced by their failure to pay rent in a timely manner." Cummins Aff., ¶ 6, Exh. 14.

Given that the issue litigated and decided in the July 1999 eviction action concerned precisely whether the SternJohns had a legal justification to pay their rent late,

it would be improper now to relitigate this issue at trial on the SternJohns' civil rights claims.

Accordingly, Defendant Kreisler should be precluded from re-offering argument that the SternJohns improperly paid their rent late in July 1999.

## VI. IRRELEVANT DOCUMENTS IDENTIFIED IN DEFENDANT KREISLER'S TRIAL EXHIBIT LIST MUST BE EXCLUDED TO AVOID JURY CONFUSION, TIME-WASTING, AND UNFAIR PREJUDICE.

### A. Irrelevant Loan Application (Def. Kreisler Nos. 55 (originally No. 39)).

Def. Kreisler No. 55 is a form related to the SternJohns' application for a loan over one year after Defendant Kreisler constructively evicted the SternJohns. The reason for introducing this exhibit is uncertain; however, what is certain is that the document has no bearing on the SternJohns' claims that Defendants discriminated and retaliated against them nor on any legitimate defense for Defendant Kreisler.

### B. Irrelevant Photographs Of Defendant Kreisler's Children (Def. Kreisler No. 64 (originally No. 149)).

Def. Kreisler No. 64 consists of photographs of Defendant Kreisler's adopted sons and their apparent friends. At his deposition, Defendant Kreisler asserted that his adopted sons are "asian blacks" as a defense to the SternJohns' discrimination claims. Cummins Aff., ¶ 6, Exh. 16. Defendant Kreisler refused to explain what he meant by "asian blacks," so the SternJohns served discovery requesting a photograph of his adopted sons. Cummins Aff., ¶ 6, Exh. 5 (Document Request No. 44), 16. Defendant Kreisler refused to comply, asserting that the race of his adopted sons was "irrelevant." Cummins Aff., ¶ 6, Exh. 6 (Response to Document Request Nos. 44-45). The

SternJohns only obtained a copy of these photographs after obtaining a Court order pursuant to their motion to compel. Cummins Aff., ¶ 6, Exh. 17 (§ E).

Defendant Kreisler selected the photographs that constitute Def. Kreisler No. 64. They allegedly include Defendant Kreisler's adopted sons – who clearly appear to be Asian – along with other children of various racial backgrounds. The racial background of the other children is irrelevant, confusing, and unfairly prejudicial. In an effort to remedy this problem, the SternJohns have cropped and magnified the photographs of the adopted sons. The SternJohns submit these documents as Plaintiffs' Exhibit No. 70 and would not be opposed to use of these modified photographs if the Court determines that a photograph of each adopted son is appropriate as a trial exhibit.

**C. Irrelevant And Undated Photographs Of 2421 Pillsbury (Def. Kreisler Nos. 65-66 (not originally filed with the Court)).**

Def. Kreisler Nos. 65-66 appear to be photographs of 2421 Pillsbury. There is no indication when the photographs were taken, by whom, and for what purpose. These photographs are irrelevant. Moreover, these exhibits have been disclosed and produced for the first time on Defendant Kreisler's Exhibit List. Thus, the photographs also should be excluded as violating the Court's Orders in this case.

**D. Irrelevant And Undated Marketing Material For River Pointe Apartments (Def. Kreisler No. 67 (not originally filed with the Court)).**

Def. Kreisler No. 67 is undated and appears to be marketing material for the apartment building where the SternJohns lived after 2421 Pillsbury. Again, Defendant Kreisler produced this document for the first time less than two weeks before trial. This exhibit is irrelevant to the SternJohns' claims of race discrimination against Defendant Kreisler, and it should be excluded to avoid time-wasting and jury confusion.

### E. Irrelevant Medical Records Regarding Mrs. SternJohn's Pregnancy (Def. Kreisler 69 (originally No. 53)).

Def. Kreisler No. 69 consists of notes made by the doctor overseeing Mrs. SternJohn's first pregnancy and relate strictly to her pregnancy. On the face of it, this exhibit contains highly private information and, more to the point, is entirely irrelevant to the SternJohns' fair housing claims.

### F. Irrelevant And Undated Note From A Child To Defendant Kreisler (Def. Kreisler No. 72 (originally No. 93)).

Def. Kreisler No. 72 is a hand-written note, supposedly from a child of an unidentified tenant thanking Defendant Kreisler for his purported kindness. This undated letter is plainly irrelevant.

In sum, Def. Kreisler Nos. 55, 64-67, 69, and 72 should not be admitted, pursuant to Fed.R.Evid. 402 and 403; see also Boardman v. National Medical Enterprises, 106 F.3d 840, 843 (8th Cir. 1997) (quoting Admiral Theatre Corp. v. Douglas Theatre Co., 585 F.2d 877-897-98 (8th Cir. 1978)) ("[T]he power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to the judge's control over the case."); Sylla-Sawdon v. Uniroyal Goodrich Tire Company, 47 F.3d 277, 284 (8th Cir. 1995) (accord).

## VII. DEFENDANT KREISLER'S WITNESSES – INCLUDING TWO PURPORTED EXPERTS – THAT HAVE BEEN DISCLOSED FOR THE FIRST TIME ON HIS TRIAL WITNESS LIST MUST BE EXCLUDED TO PREVENT UNFAIR SURPRISE AND PREJUDICE.

### A. Untimely-Disclosed Expert Witnesses.

Less than two weeks before trial, Defendant Kreisler has designated two alleged expert witnesses (Dr. Thomas Graetzer and Dan Ferris) to testify, respectively, about the emotional harm suffered by the SternJohns and about "the rental market." As a threshold

matter, the SternJohns do not have any expert witnesses. In any event, Defendant Kreisler has sprung these witnesses on the SternJohns nearly ***two years after the deadline*** imposed by the Court (Order, dated June 17, 2002, ¶ 3) and over one year after discovery closed for the SternJohns (Order, dated June 17, 2002, ¶ 4).

Self-evidently, Defendant Kreisler's last-minute maneuvering precludes the SternJohns from determining essential matters about these witnesses, including their qualifications, the basis of their testimony, and the substance of any analysis or reports they have prepared. In short, Defendant Kreisler has made a mockery of the Federal Rules of Civil Procedure. See, e.g., Fed.R.Civ.P. 26(a)(2)(C) ("[Expert] disclosures shall be made at the times . . . directed by the court. In the absence of other directions from the court . . . the disclosures shall be made at least 90 days before the trial date. . . ."); see also L.R. 26.3(b).

That these witnesses' testimony would cause undue delay, jury confusion, and unfair prejudice is not remedied by Defendant Kreisler's plan to depose Dr. Graetzer in St. Paul on ***the same morning as*** the trial begins in Minneapolis. Such a trial by ambush is impermissible. "[T]he power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to the judge's control over the case." Boardman v. National Medical Enterprises, 106 F.3d 840, 843 (8th Cir. 1997) (quoting Admiral Theatre Corp. v. Douglas Theatre Co., 585 F.2d 877-897-98 (8th Cir. 1978)); Sylla-Sawdon v. Uniroyal Goodrich Tire Company, 47 F.3d 277, 284 (8th Cir. 1995) (accord); see also Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998) (citation omitted) ("[F]ailure to disclose in a timely manner is equivalent to failure to disclose. . . ."); N. Star Mut. Ins. Co. v. Zurich Ins. Co., 269 F.Supp.2d 1140,

1145 (D. Minn. 2003) (excluding testimony when untimely disclosure was not justified or harmless); Transclean Corp. v. Bridgewood Servs., Inc., 101 F.Supp.2d 788, 795-96 (D. Minn. 2000) (excluding untimely evidence because it constituted unfair surprise).

**B. Untimely-Disclosed Lay Witnesses.**

Defendant Kreisler also seeks to call Dante Pastrano and Valerie Green, identifying them for the first time on his Exhibit List. Mr. Pastrano and Ms. Green are purportedly "minorities" who will testify that they had "no problems" with Defendant Kreisler in 1998 and 1999. That these individuals did not live at 2421 Pillsbury with the SternJohns is significant; Defendant Kreisler has simultaneously moved in limine to exclude numerous former tenants – on the grounds that they did not live at 2421 Pillsbury with the SternJohns – when those witnesses can testify about Defendant Kreisler's discriminatory practices in 1998 and 1999.

In addition, because Defendant Kreisler disclosed Mr. Pastrano and Ms. Green for the first time on Defendant Kreisler's Exhibit List, the SternJohns have not had a fair opportunity to conduct discovery – much less depose – these witnesses. Furthermore, Defendant Kreisler has consistently refused to provide information about which these witnesses would apparently testify, thereby flouting his obligations under the Court's Order, dated January 14, 2003, ¶¶ B,D (compelling Defendant Kreisler's production of pattern-and-practice and other tenant data) as well as the SternJohns' multiple requests that he supplement his discovery responses pursuant to his legal duty under Federal Rules of Civil Procedure.

See, e.g., Fed.R.Civ.P. 26(a)(2)(C) ("[Expert] disclosures shall be made at the times . . . directed by the court. In the absence of other directions from the court . . . the disclosures shall be made at least 90 days before the trial date. . . ."); see also L.R. 26.3(b).

**C. Defendant Kreisler's Repairmen Who Will Give Cumulative Testimony.**

Defendant Kreisler also wants to call Brad Kargus and Kevin Leigh to testify about the alleged uncooperativeness of Mrs. SternJohn regarding repairs. This testimony is cumulative because Defendant Kreisler already plans to call two other witnesses, David Pietrzak and LaVern Hiller, who will address the issue. The duplicative testimony of Mr. Leigh and Mr. Kargus will only serve to cause undue time-wasting.

Accordingly, under the precedent set forth above, the Court should exclude the testimony of Dr. Graetzer, Mr. Farris, Mr. Pastrano, Ms. Green, Mr. Kargus, and Mr. Leigh. Ross v. Garner Printing Co., 285 F.3d 1106, 1114 (8th Cir. 2002) (holding that the district court did not abuse its discretion in excluding evidence on grounds of unfair surprise); see also Fed.R.Evid. 403, 402.

## CONCLUSION

For the foregoing reasons, the SternJohns respectfully request that their Motion in Limine be granted in its entirety.

Dated: October 19, 2004

**MILLER·O'BRIEN**

M. William O'Brien, # 130229
Justin D. Cummins, # 276248
One Financial Plaza
120 South Sixth Street, Suite 2400
Minneapolis, MN 55402
612-333-5831

**ATTORNEYS FOR PLAINTIFFS**