UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

vs.

**ORDER**
Civil File No. 02-842 (MJD/JSM)

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership, L.L.P., a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger Realty, Inc.,

Defendants.

---

M. William O'Brien, Miller O'Brien LLP, counsel for Plaintiffs.

Angela Beranek Brandt, Mark S. Solheim, and David M. Wilk, Larson King, LLP, counsel for Kreisler Defendants.

Patrick J. Sauter and Tina Syring-Petrocchi, Rider Bennett LLP, counsel for Solar Defendants.

---

This matter is before the Court upon the various motions in limine and evidentiary objections filed by the parties.

IT IS HEREBY ORDERED that:

1. Defendant Kreisler's motion in limine [Docket No. 58] is **DENIED** as follows:

   a) Defendant Kreisler's motion to exclude evidence that plaintiffs received a false rental reference from Defendant Kreisler which caused them to be denied an apartment is **DENIED**.

   b) Defendant Kreisler's motion to exclude evidence that plaintiffs were constructively evicted from premises owned by Kreisler is **DENIED**.

   c) Defendant Kreisler's motion to exclude evidence of any racist statements made by Asa Voak is **DENIED**.

   d) Defendant Kreisler's motion to exclude any speculative evidence regarding plaintiffs' claims of disparate treatment is **DENIED**.

   e) Defendant Kreisler's motion to exclude evidence of prior settlements of discrimination claims by Kreiser and any evidence of the claims themselves is **DENIED**.

   f) Defendant Kreisler's motion to exclude evidence of the Minnesota Department of Human Rights' determination of probable cause is **DENIED**.

2. Defendant Kreisler's motion in limine to exclude plaintiffs' proposed witnesses not identified in the Rule 26(a) Disclosure and to exclude evidence concerning any agency investigation [Docket No. 61] will be taken under advisement. The Court will hear oral argument at the status conference on October 22, 2004.

3. Plaintiffs' motion in limine [Docket No. 65] is **DENIED IN PART** and **GRANTED IN PART** as follows:

   a) Plaintiffs' motion to exclude previously undisclosed documents will be taken under advisement. The Court will hear oral argument at the status conference on October 22, 2004.

   b) Plaintiffs' motion to exclude evidence of incomplete rent rolls is **GRANTED**.

   c) Plaintiffs' motion to exclude evidence of the conclusion of the Minnesota Department of Human Rights regarding the charges against Defendant Solar is **GRANTED**.

   d) Plaintiffs' motion to exclude evidence concerning the plaintiffs' separate and unrelated employment grievance is **GRANTED**.

   e) Plaintiffs' motion to exclude evidence regarding a rent payment issue that has already been resolved is **GRANTED**.

   f) Plaintiffs' motion to exclude evidence of a collection of documents

that may cause jury confusion, time-wasting, and unfair prejudice is **DENIED**. This motion may be renewed at trial.

g) Plaintiffs' motion to exclude any of the fifteen witnesses on Defendant Kreisler's witness list who may provide irrelevant or cumulative testimony is **DENIED**. This motion may be renewed at trial.

4. Plaintiffs' objections to Defendant Kreisler's exhibit numbers 38, 39, 45, 46, 53, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 90, 91, 92, 93, 103, 124, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 149 [Docket No. 68] are **DENIED**. These objections may be renewed at trial.

5. Defendant Kreisler's objections to Plaintiffs' exhibit numbers 24, 27, 37, 38, 47, 60, 61, 62, 63, 64, 65, 68, 69, 72, 74, 75, 76, 77, 78, 79, 80, 81, 82, and 89 [Docket No. 75] are **DENIED**. These objections may be renewed at trial.

6. Defendant Kreisler's motion requesting leave to file a reply memorandum in support of its motions in limine and to exceed the page limits set by the local rules [Docket No. 80] is **GRANTED**.

7. Defendant Kreisler's motion in limine [Docket No. 116] is **DENIED** as follows:

a) Defendant Kreisler's motion to exclude evidence regarding

Defendants actions outside the relevant time period and not dealing with the relevant building is **DENIED**.

b) Defendant Kreisler's motion to exclude evidence regarding the alleged racial comment made by Asa Voak is **DENIED**.

c) Defendant Kreisler's motion for an order requiring plaintiffs to limit their evidence regarding their disparate treatment claim is **DENIED**.

d) Defendant Kreisler's motion to exclude evidence regarding past settlements entered into by Kreisler is **DENIED**.

e) Defendant Kreisler's motion to exclude evidence regarding other claims brought against Kreisler in state or federal court or in administrative proceedings is **DENIED**.

f) Defendant Kreisler's motion to exclude evidence of the Minnesota Department of Human Rights' determinations of probable cause is **DENIED**.

g) Defendant Kreisler's motion to exclude lay testimony regarding causation of plaintiffs' alleged emotional distress is **DENIED**.

h) Defendant Kreisler's motion to exclude evidence regarding plaintiffs' past and future therapy bills without first providing expert testimony is **DENIED**.

i) Defendant Kreisler's motion to exclude testimony by witnesses who

were late disclosed or whom the defendants were given no opportunity to interview or depose will be taken under advisement. The Court will hear oral argument at the status conference on October 22, 2004.

j) Defendant Kreisler's motion to exclude evidence regarding Kreisler's financials unless a threshold question regarding punitive damages is answered by the jury against Kreisler is **DENIED**.

Dated: October 20, 2004

s/ Michael J. Davis
Judge Michael J. Davis
United States District Court