MILLER O'BRIEN
A Professional Limited Liability Partnership
ATTORNEYS
One Financial Plaza
120 South Sixth Street, Suite 2400
Minneapolis, MN 55402-1809
(612) 333-5831

FAX (612) 342-2613
E-mail: miller-obrien@miller-obrien.com
Web Address: www.miller-obrien.com

Brendan D. Cummins
Justin D. Cummins
Kelly A. Jeanetta
Richard A. Miller
Margaret Luger-Nikolai
M. William O'Brien

Robert J. Alfton
of Counsel

Samuel I. Sigal
1905-1995

November 23, 2005

**VIA FACSIMILE AND U.S. MAIL**

Mr. Stephen P. Laitinen, Esq.
LARSON KING, L.L.P.
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101

Re: SternJohn v. Kreisler, et al.
Court File No.: 02-842 MJD/JSM
Our File No.: 51-4714-01

Dear Steve:

I learned today that the management contract between Robert Kreisler and Marathon Management was cancelled nearly two months ago with no word about a replacement. It appears, then, that Mr. Kreisler has been managing his various properties in direct violation of the Consent Decree. See Consent Decree, Parts IV-V. I am also troubled by the fact that Mr. Kreisler did not advise us, the independent monitoring agency, or evidently his counsel and the Court about the termination of the management contract.

This latest development seems to be part of a pattern of conduct by Mr. Kreisler that appears contrary to both the express terms and underlying purpose of the Consent Decree. For example, the Consent Decree requires that Mr. Kreisler and his staff undergo a comprehensive fair housing and diversity training conducted by the National Fair Hosing Alliance (NFHA) within 60 days of executing the Consent Decree (and thereafter on an annual basis and as new employees are hired). See Consent Decree, Part VI. It is nearly a year later and the first installment of the requisite training still has not happened.

Indeed, Mr. Kreisler only recently entered into a monitoring agreement with NFHA, denying NFHA the ability to do any testing or inspections for the last year – in contravention of Parts IX and XI of the Consent Decree. Moreover, NFHA has not been engaged to review the two quarterly reports compiled by Mr. Kreisler thus far. In short, the Consent Decree has been materially thwarted since it was executed in December 2004.

If we do not receive immediate written proof that Mr. Kreisler is contracting with another management company to operate all of his properties and that the first and second installments of the trainings with NFHA are scheduled to occur in the near future, we will have no choice but to seek relief from the Court. As Mr. Kreisler knows, we can and will seek liquidated damages for each and every violation as well as our fees and cost associated with any enforcement action necessitated by his recalcitrance. See Consent Decree, Part XII.

If you have any questions or concerns, please do not hesitate to call me.

Sincerely,

MILLER·O'BRIEN

Justin D. Cummins

cc: Cathy Cloud, NFHA