LARSON • KING, LLP

STEPHEN P. LAITINEN
Direct Dial: 651-312-6517
E-mail: slaitinen@larsonking.com
Website: www.larsonking.com

December 7, 2005

**VIA FAX AND U.S. MAIL**
Justin D. Cummins, Esq.
**MILLER O'BRIEN, PLLP**
One Financial Plaza
120 South Sixth Street, Suite 2400
Minneapolis, MN 55420

EXHIBIT 9

Re: **SternJohn v. Kreisler, et al.**
Our File No. 1-352-0002

Dear Justin:

We have reviewed your December 5, 2005 letter. We can confirm that no one affiliated with Capital D, LLC is related to Mr. Kreisler. We disagree with your characterization that Mr. Kreisler "unilaterally narrowed" the scope of the Consent Decree. The terms of the Consent Decree are still in place with respect to the remaining properties that Mr. Kreisler owns. The transfer of the other three properties is pursuant to the Court Order signed by the judge in connection with Mr. Kreisler and Ms. Ream's divorce.

As for your request for a copy of the divorce decree, to the best of my recollection, your December 5th letter was the first time that you have made a request of that document from either me or my law firm. Therefore, the reference to your "many requests" appears to be misplaced. We assume you already have a copy of this public document. Moreover, the DOJ attorneys for the Plaintiff in the U.S. v. Kreisler case obtained a copy of that easily accessible divorce decree for use as an exhibit in Mr. Kreisler's deposition. Based on the representations in your letter, you have been in close contact with the DOJ attorneys. If you have not already received this document from the DOJ, we will send you a copy. We did not represent Mr. Kreisler in his divorce, and only have a copy because the DOJ used it during Mr. Kreisler's deposition.

As I indicated in my last letter, the mortgages for Ms. Ream's three properties are in the process of being transferred. Mr. Kreisler has not produced these documents because the banks and lending institutions have not finalized them. At this point, I do not know whether these are "new" property mortgages for Ms. Ream or simply transfers of the existing property mortgages to Ms. Ream. Once we are provided documentation of the property transfers, we will provide it to you. Of course, the property transfers to Ms.

RECEIVED
DEC 0 9 2005

Ream will be memorialized as part of the public record, which should be easily obtainable from Hennepin County.

I am not sure what is "curious" about the timing of the divorce between Ms. Ream and Mr. Kreisler. What is curious is your apparent allegation that both of these individuals would go through several months of emotionally painful and financially expensive legal proceedings, all for the sole purpose of supposedly circumventing the Consent Decree. We certainly do not represent Ms. Ream, but why is it unreasonable to believe that she would desire to be involved in properties for which she has a potential (and now actual) legal and financial interest?

We are also informed that Mr. Kreisler is in the process of transitioning Ms. Ream out of working in any capacity for the three properties that Mr. Kreisler will own, as of the end of the year. As we understand it, Ms. Ream will have her three properties to run and manage, with her own employees, and Mr. Kreisler will have his three owned properties, with a few of his own employees, and managed by the property management company, Capital D, LLC.

In short, we will certainly provide you with copies of the following documents, when we receive them: the executed Capital D management contract; the Ream-Kreisler divorce decree (provided you have not already obtained a copy from other sources); and the property transfer documentation. Please call if you have any questions.

Regards,

**LARSON • KING, LLP**

Stephen P. Laitinen

SPL:las

cc: Cathy Cloud, NFHA
Angela Brandt, Esq.
Robert L. Kreisler, Jr.

lk#1151358v.1