STATE OF MINNESOTA

COUNTY OF HENNEPIN

FILED
2004 AUG 18 AM 9:33
BY ______ DEPUTY
HENN CO. DISTRICT COURT ADMINISTRATOR

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

FAMILY COURT DIVISION

---

In Re the Marriage of:

PENNY SUE REAM

Petitioner,

and

ROBERT LEE KREISLER, JR.

Co-Petitioner.

Court File No. 293235

FINDINGS OF FACT,
CONCLUSIONS OF LAW,
ORDER FOR JUDGMENT,
JUDGMENT AND DECREE

AUG 3 0 2004

---

THE ABOVE-ENTITLED PROCEEDING came on for administrative dissolution review before the undersigned Referee on ~~July 28~~ August 12, 2004 set forth below.

BASED UPON THE Amended MARITAL TERMINATION AGREEMENT, and being fully advised in the premises, and upon all the files and records herein, the Court makes the following as:

## FINDINGS OF FACT

I.

PARTIES

The true and correct names and addresses of the parties and their attorneys are as follows:

Petitioner: Penny Sue Ream (Hereinafter "Wife")
121 Elmwood Place West
Minneapolis, MN 55419
Date of Birth: August 7, 1946

EXHIBIT 11

ORIGINAL

Petitioner's
Attorney: Ronald D. Ousky
Attorney ID: 144289
3300 Edinborough Way, Suite 400
Edina, MN 55435
(952) 806-9787

Co-Petitioner: Robert Lee Kreisler, Jr. (hereinafter "Husband")
121 Elmwood Place West
Minneapolis, MN 55419
Date of Birth: March 10, 1948

Co-Petitioner's
Attorney: Self represented

II.

PLACE AND DATE OF MARRIAGE

That Wife and Husband were married on September 5, 1987 in Excelsior, Minnesota, Hennepin County, and ever since said date have been and now are husband and wife.

Both parties resided in Hennepin County at the time of commencement of this proceeding and are residents of the State of Minnesota for not less than 180 days immediately preceding the commencement of this proceeding.

III.

MINOR CHILDREN

There are no minor children born as issue of this marriage. Wife is not pregnant.

IV.

OTHER PROCEEDINGS

No separate proceeding for dissolution of marriage or legal separation is pending in a court in this state or elsewhere.

V.

## IRRETRIEVABLE BREAKDOWN

There has been an irretrievable breakdown of the of the marriage relationship of the parties hereto pursuant to Minn. Stat §518.06, as amended.

VI.

## ORDER FOR PROTECTION

There is no order for protection governing either party.

VII.

## MILITARY SERVICE

Neither party is or has been in the military service of the United States at any time that is relevant to this proceeding.

VIII.

## HOMESTEAD

That the parties are the owners of the homestead located at 121 Elmwood Place West, in the City of Minneapolis, 55419, County of Hennepin, State of Minnesota, legally described as follows:

Lot 39 Auditor's Subdivision No. 197, Hennepin County Minnesota

Abstract property

IX.

## OTHER REAL ESTATE

That the parties also have an interest in the following properties;

A. A 36-unit apartment building located at 2530 Blaisdell Avenue, Minneapolis, MN, 55404, legally described as follows:

The south two (2) feet of Lot 5; Lots 6 and 7 and the North Half of Lot 8, "Robbins" Addition to Minneapolis

B. A 24-unit apartment building located at 2421 Pillsbury Avenue, Minneapolis, MN, 55404, legally described as follows:

> Lot 20, except South 5 feet of said Lot 20; Lot 21; the South 5 feet of Lot 22, Block 8; J.T. Blaisdell Revised Addition to Minneapolis, according to the recorded plat thereof, Hennepin County, Minnesota.

Torrens Property
Torrens Certificate No. 758684 (includes additional land)

C. An 18-unit apartment building located at 123-127-131 West 26th Street, Minneapolis, MN, 55404, legally described as follows:

> Lots 25 and 26, Block 14, J.T. Blaisdell Revised Addition to Minneapolis

D. A 17-unit apartment building located at 424 West 24th Street, Minneapolis, MN, 55405, legally described as follows:

> Lots 8 and 9, Block 11, Badger and Penney's Addition to Minneapolis

E. A 16-unit apartment building located at 2124 Garfield Avenue, Minneapolis, MN, 55405, legally described as follows:

> Lot 7, Block 5, Badger and Penney's Addition to Minneapolis

F. A 56-unit apartment building located at 2500 Blaisdell Avenue, Minneapolis, MN, 55404, legally described as follows:

> Lots 1, 2, 3, and 4 except the South 12 feet of Lot 4, Robbins' Addition to Minneapolis according to the plat thereof on file or of record in the office of the Register of Deeds, Hennepin County, Minnesota.

Said property is Torrens property, Certificate of Title Number 758684 (including additional land).

G. Rental property located at 203 Poplar Street, Vernon Centre, MN, legally described as follows:

Lots 9 and 10, Block 2, Vernon Centre, Blue Earth County, Minnesota.,

X.

VEHICLES

The parties own the following motor vehicles:

- A 1992 Nissan Pickup registered in the name of the Husband and driven by Husband and used by the business.
- A 1991 Honda Civic registered in the name of the Wife and driven by Wife
- A 1988 Mercedes Benz 300C registered in the name of Wife and driven by Wife
- A 1966 Mercedes Benz 230SL registered in the name of Husband and driven by both parties
- A 1994 Plymouth Acclaim registered in the name of Husband and used by Husband in his business

XI.

PARTIES' FINANCIAL CIRCUMSTANCES

Husband is employed by Whitmer Real Estate Company, a sole proprietorship that is solely owned by Husband. Husband is also the general partner with KT Properties Partnership, L.L.P. Husband receives an owner's share of $8,000 net per month from partnership entities. Husband has estimated monthly expenses of approximately $ 4,000.

Wife has no income. Wife has estimated monthly expenses of approximately $ 4,000.

Neither party receives public assistance.

XII.

LIFE INSURANCE

Husband has a term life insurance policy with a death benefit of $300,000, naming Wife as the sole and exclusive beneficiary. Wife has no life insurance policy on her life.

XIII.

HEALTH INSURANCE

Health insurance for both parties is provided through Whittier Real Estate Company.

XIV.

BANK ACCOUNTS

The parties have the following bank accounts:

Wife: U.S. Federal Credit Union: checking and savings (approximate balance $17,000)

Husband: Franklin National Bank checking and savings. (Approximate balance $8,000).

XV.

DEBTS

The parties do not have any joint debts other than the mortgage on the homestead. Husband has minimal credit card obligations in his name and the name of his businesses. Wife has credit cards with minimal obligations.

XVI.

RETIREMENT/INVESTMENT ACCOUNTS

Wife has an investment account through Aim Constellation Fund with a value as of February 17, 2004 of $21,796.46.

Wife has an IRA through Janus, with a value of $13,846 as of December 31, 2003. In addition, Wife has additional non-qualified mutual funds accounts held through Janus, with a value of $9,435 as of December 31, 2003.

Wife has a mutual fund held through T. Rowe Price, with a value of $3,653 as of

December 31, 2003.

Wife has an IRA fund through Franklin Templeton Investments with a value of $29,652.98 as of February 17, 2004.

Wife has an investment through Marsico with a value of approximately $3,022.16 as of February 17, 2004.

Wife has funds held through Putnam with a value of $12,788.15 as of February 17, 2004.

Wife has an IRA through Scudder Investments with a value of approximately $28,011 as of February 17, 2004.

Wife has a non-IRA investment account through Scudder with a value of approximately $9,700 as of February 17, 2004.

Husband has an IRA through Fidelity Magellan Fund with a value of approximately $18,290 as of December 31, 2003.

XVII.

**FORMER NAMES**

Neither party has been known by any other name.

XVIII.

**DISCLOSURE**

Wife and Husband have had the opportunity to obtain full financial information regarding their assets and liabilities. Both parties understand that they have the right to investigative discovery and appraisal procedures to determine the nature, extent and value of their real and personal property. The parties have chosen to make informal disclosure to each other of the nature, extent and estimated value of their assets. Based on these disclosures, they have determined not to engage in investigative discovery or appraisal procedures available to them.

XX.

## SPOUSAL MAINTENANCE WAIVER AND CONSIDERATION

Wife expressly waives any claim to spousal maintenance, past, present or future, and agrees that the Court shall be divested of further jurisdiction over the issue of spousal maintenance. The consideration for Wife's waiver is as follows:

A. Husband's express waiver of his right to spousal maintenance; and

B. The property distribution to Wife as hereinafter described.

Husband expressly waives any claim to spousal maintenance, past, present or future, and agrees that the Court shall be divested of further jurisdiction over the issue of spousal maintenance. The consideration for Husband's waiver is as follows:

A. Wife's express waiver of her right to spousal maintenance; and

B. The property distribution to Husband as hereinafter described.

The consideration received in exchange for each of the parties' waivers of spousal maintenance is fair and equitable.

XX.

## ATTORNEY FEES

The parties have agreed that all attorney fees and costs will be paid by husband's business, Whittier Real Estate Company.

XXI.

## MARITAL TERMINATION AGREEMENTS

The parties have executed a long form Marital Termination Agreement that identifies the parties' opinions of the values of the various real estate holdings. Because the parties intend to sell most of the real estate holdings, it could work to the parties'

disadvantage to include those values in the Marital Termination Agreement that is filed with the Court. Therefore, the parties have also executed a short form of the Marital Termination Agreement that is identical to the long form of the Marital Termination Agreement except that the values and loan balances of the real estate holdings and the minimum and maximum payments due to Wife are not specifically identified. The court has allowed the parties to file only the short form of the marital termination agreement with the understanding that the long form of the marital termination agreement may be reviewed by the court, if necessary, for approval or enforcement of the judgment and decree.

*From the foregoing, the Court makes the following:*

## CONCLUSIONS OF LAW

1. **Dissolution of Marital Status:** The bonds of matrimony existing between the parties are hereby dissolved.

2. **Resolution of Conflict.** If the parties have any disputes at any time in the future regarding anything in this document, the parties shall first attempt to resolve the matter through mediation and then, if necessary, the collaborative law process.

3. **Spousal Maintenance:** Neither party shall receive spousal maintenance or alimony from the other now or at any time in the future. The Court is hereby divested of jurisdiction to award temporary or permanent spousal maintenance to either party at any time in the future.

4. **Life Insurance:** Husband shall maintain insurance on his life in the amount of $300,000, naming Wife as the sole and exclusive beneficiary, until all financial obligations set forth in this Decree have been paid to Wife.

5. **Health Insurance for the Parties:**

A. Pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 (more commonly known as COBRA and signed into federal law on April 7, 1986) Husband, his employer, and/or Husband's insurance carrier shall maintain health and medical insurance for the benefit of Wife.

B. Husband and his insurer are ordered to continue health and medical insurance available to Husband's employment pursuant to Minnesota Statutes, including M.S. 60A.082 and M.S. 62A.21, and the insurance carrier or subsequent carriers shall be bound by the aforesaid statutory enactments. Further, the insurance carrier is required to provide Wife the conversion rights of said coverage, upon application therefore, as provided by statute.

C. The cost of the insurance coverage as set forth in subparagraphs (a) and (b) above for the benefit of the Wife shall be the responsibility of Husband and/or any business owned by Husband until Husband has made all property settlement payments to Wife as set forth below.

Husband shall be responsible for his own health insurance.

6. Marital Property:

(1) Cash Accounts: Each party is awarded all right, title, interest and equity, free and clear of any claim on the part of the other, in and to the cash or checking accounts in his or her own name.

(2) Investment and Retirement Accounts:

- Wife is awarded the following accounts, free and clear of any interest by the Husband whatsoever:

The investment account Aim Constellation with a value as of February 17, 2004 of $21,796.46

Mutual Funds held through Janus, with a value of $13,846 as of December 31, 2003

Savings held through Janus, with a value of $9,435 as of December 31, 2003

Mutual fund held through T. Rowe Price, with a value of $3,653 as of December 31, 2003

An IRA fund through Franklin Templeton Investment with a value of $29,652.98 as of February 17, 2004

Marsico investment with a value of approximately $3,022.16 as of February 17, 2004

Funds held through Putnam with a value of $12,788.18 as of February 17, 2004

IRA through Scudder Investments with a value of approximately $28,011 as of February 17, 2004

Non-IRA investment account through Scudder with a value of approximately $9,700 as of February 17, 2004

- Husband is awarded the following accounts, free and clear of any interest by the Wife whatsoever:

IRA through Fidelity Magellan Fund with a value of approximately $18,290 as of December 31, 2003

7. **Homestead:** Husband is hereby granted, free and clear of any interest by Wife whatsoever, the homestead of the parties located at 121 Elmwood Place West, in the City of Minneapolis, 55419, County of Hennepin, State of Minnesota, legally described as follows:

Lot 39 Auditor's Subdivision No. 197, Hennepin County Minnesota

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below, whichever occurs first in time. The value of Wife's marital lien shall be one-half of their equity

interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

Within thirty (30) days after entry of the Judgment and Decree herein, the Wife shall execute a deed conveying said property to the Husband, subject to the lien in favor of Wife as set forth above.

8. Other Real Estate/Rental Properties. Husband is granted title to all of rental properties, subject to Wife's lien interests as set forth below. Both parties shall continue to assist in the operation and management of the properties until Wife's lien interests have been fully satisfied. Both parties shall share equally in the net cash flow from the operation of the properties (currently approximately $8,000 per month) until Wife's lien interests have been fully satisfied. In the event that Husband becomes incapacitated and is unable to participate in the management or operation of these properties, Wife shall be allowed to manage these properties,

including, but not limited to, the collection of rents and the sale of said properties.

Husband is be granted all right, title and interest in the following real estate:

A. 2530 Blaisdell Avenue, Minneapolis, MN, legally described as follows:

> The south two (2) feet of Lot 5; Lots 6 and 7 and the North Half of Lot 8, "Robbins" Addition to Minneapolis

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below, whichever occurs first in time. The value of Wife's marital lien is one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

B. 2421 Pillsbury Avenue, Minneapolis, MN, legally described as follows:

> Lot 20, except South 5 feet of said Lot 20; Lot 21; the South 5 feet of Lot 22, Block 8; J.T. Blaisdell Revised Addition to Minneapolis, according to the recorded plat thereof, Hennepin County, Minnesota.

Torrens Property
Torrens Certificate No. 758684 (includes additional land)

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below, whichever occurs first in time. The value of Wife's marital lien is one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. · Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

C. 123-127-131 West 26th Street, Minneapolis, MN, legally described as follows:

Lots 25 and 26, Block 14, J.T. Blaisdell's Revised Addition to Minneapolis

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below,

whichever occurs first in time. The value of Wife's marital lien shall be one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

D. 424 West 24th Street, Minneapolis, MN, legally described as follows:

Lots 8 and 9, Block 11, Badger and Penney's Addition to Minneapolis

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below, whichever occurs first in time. The value of Wife's marital lien shall be one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale.

If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien shall governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

E. 2124 Garfield Avenue, Minneapolis, MN, legally described as follows:

Lot 7, Block 5, Badger and Penney's Addition to Minneapolis

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below, whichever occurs first in time. The value of Wife's marital lien is one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's

marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

F. 2500 Blaisdell Avenue, Minneapolis, MN, legally described as follows:

> Lots 1, 2, 3, and 4 except the South 12 feet of Lot 4, Robbins' Addition to Minneapolis according to the plat thereof on file or of record in the office of the Register of Deeds, Hennepin County, Minnesota.

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below, whichever occurs first in time. The value of Wife's marital lien is one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said

property including any lawsuits relating to the past, present or future use of the property.

G. Husband is hereby granted all right, title and interest n the rental property located at 203 Poplar Street, Vernon Center, MN, legally described as follows:

Lots 9 and 10, Block 2, Vernon Centre, Blue Earth County, Minnesota

free and clear of any claim by Wife whatsoever.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

**General responsibility for Properties:** Husband shall be responsible for all taxes, insurance, utilities and maintenance with respect to all properties awarded to Husband herein.

A. **Schedule for Payment of Marital Liens:** Wife's marital liens shall be paid upon the sale, refinance or exchange of each of the properties. The minimum total amount that Wife shall receive from all properties and the timing of payments shall be the amount set forth in the parties' Marital Termination Agreement (long form). The encumbrances subtracted in determining Wife's marital liens amounts, as set forth above, shall not be higher than the encumbrances that existed on June 1, 2004, which are identified above. However, in the event that these properties are not immediately sold, refinanced or exchanged,

If all properties are sold, refinanced or exchanged and the Wife is fully paid prior to the end of 2005 the Husband shall not owe Wife any interest on said properties.

Filing of long form Marital Termination Agreement; Either party may file the long form of the Marital Termination Agreement and the terms of the long form Marital Termination Agreement shall be enforceable as if fully included in this judgment and decree.

**Whittier Real Estate Company and KT Properties Partnership, LLP.**

Except for the disposition of the real estate as set forth above, Husband is hereby granted all of the parties' right, title and interest in Whittier Real Estate Company and any of the parties' interest in the general partnership of KT Properties Partnership, LLP, free and clear of any interest by the Wife whatsoever.

9. Capital Gains Taxes. The parties have been notified that income tax laws regarding the capital gain tax may apply to the sale of the parties' real property and the parties may wish to consult with an attorney or tax advisor concerning the applicable laws. These laws may include but are not limited to, the exclusion available on the sale of a principal residence for those over a certain age under Section 121 of the Internal Revenue Code of 1986, or other applicable law. Husband shall be responsible for all capital gains taxes on all of the real estate assets.

10. Household Goods and Furnishings: The parties shall work out a division of all the personal property located in the homestead. If the parties are unable to work out a division of the property on their own, the parties shall seek the assistance of a mediator. If the parties are unable to resolve this issue through mediation, the parties shall submit the issue of personal property to an arbitrator for binding arbitration.

Before any party disposes of any item granted to that party which has emotional or monetary value, that party shall first contact the other party to see if that party wishes to purchase the property. In addition, any family items or family inherited items shall be offered to the family as a gift before being sold to another individual who is not related to either party. Any property that neither party wants can be sold and the parties shall divide the proceeds equally.

The parties shall make copies of all of the photos and memorabilia of the family and shall divide those photos equally between the parties.

The following items shall be divided between the parties to be owned only during that parties' lifetime. Upon the death of either party, the items listed in paragraph 10 of the long form of the Marital Termination Agreement shall be immediately returned to the surviving party and shall not be a part of the deceased party's estate.

11. **Automobiles:** The Wife is granted all right, title, and interest in the following vehicles, free and clear of any interest by Husband:

- 1991 Honda Civic
- 1988 Mercedes Benz 300C

The Husband is granted all right, title, and interest in the following vehicles, free and clear of any interest by Wife:

- 1992 Nissan Pickup registered in the name of the Husband and driven by Husband
- 1994 Plymouth Acclaim

Each party shall be solely responsible for any and all encumbrances on the vehicles they are awarded.

Husband shall pay Wife the sum of $10,000 for Wife's share of the 1966 Mercedes Benz 230SL on or before June 30, 2005.

proceeds.

12. **Debts:** Each party shall be responsible for any debts in his or her name and shall indemnify and hold the other harmless from any liability thereon.

In the event that there is a debt obligation that has not been heretofore disclosed, that obligation shall become the sole responsibility of the party who incurred it.

Husband shall be solely responsible for all costs and any liability arising from any past, present or future lawsuits involving Husband or Husband's business in any court and Husband shall indemnify Wife and hold Wife harmless from any liability thereon. Husband shall be entitled to any proceeds generated from any past, present or future lawsuits.

14. **Dogs:** The dogs shall remain at the homestead with whoever lives there. Both

parties shall be flexible and generous to allow each other access to the dogs. Both parties shall provide mutual care for the dogs, including trips to the veterinarian, buying dog food, etc.

15. **Other Property:** In the event that additional assets of value are determined to exist, those assets may be the subject of future court proceedings pursuant to Minnesota Statutes Section 518.145, and the party having failed to disclose assets of value shall be responsible for all reasonable attorney's fees and costs ordered by the Court.

16. **Tax Returns:** The parties shall file separate taxes for 2004.

17. **Attorney Fees and Costs:** All attorney fees and costs incident to this proceeding shall by paid by Husband's business, Whittier Real Estate Company.

18. **Service of Judgment and Decree:** Service of a copy of the final Judgment and Decree herein shall be made upon Wife's attorney, Ronald D. Ousky, and Ronald D. Ousky, P.A., at 3300 Edinborough Way, Suite 400, Edina, MN 55435, by United States mail, and the same shall be in lieu of personal service upon Wife.

Service of a copy of the final Judgment and Decree herein shall be made upon Husband at 121 Elmwood place West, Minneapolis, MN 55419 by United States mail, and the same shall be in lieu of personal service upon Husband.

19. **Withdrawal of Attorney:** Ronald D. Ousky, Esq., and Ronald D. Ousky, P.A., shall no longer be the attorney of record for Wife effective sixty-one (61) days from the date of entry of the Judgment and Decree herein.

20. **Execution of Documents:** To implement the terms and provisions contained herein, each of the parties shall make, execute and deliver to the other party instruments of conveyance, assignment and other documents as may be required. In the event either party fails to do so, the Judgment and Decree shall operate as said conveyance.

21. Release: Subject to the foregoing and subject to full compliance therewith, each of the parties is in all respects, manners and things released and fully discharged from any liability, claims or obligations of any kind or character, whether arising out of the marriage relationship or otherwise, and the foregoing constitutes a full, final and complete property settlement between the parties.

22. Waiver of Stay of Judgment: The thirty (30) day stay of Judgment is waived.

## ORDER FOR JUDGMENT

LET JUDGMENT BE ENTERED FORTHWITH.

BY THE COURT:

Dated this 18 day of August, 2004.

Judge of District Court
THOMAS W. WEXLER

BY THE COURT:

Dated this 9th day of August, 2004.

Judy B. Mack
Referee Judy Mack
Referee of District Court

I certify that the above Conclusions of Law constitute the Judgment and Decree of the Court.

DECREE ENTERED AND JUDGMENT ROLL FILED THIS ______ DAY OF

______________, 2004.

BY THE COURT:

DECREE ENTERED AND
JUDGEMENT ROLL FILED

AUG 3 0 2004

District Court Administrator

21. Release: Subject to the foregoing and subject to full compliance therewith, each of the parties is in all respects, manners and things released and fully discharged from any liability, claims or obligations of any kind or character, whether arising out of the marriage relationship or otherwise, and the foregoing constitutes a full, final and complete property settlement between the parties.

22. Waiver of Stay of Judgment: The thirty (30) day stay of Judgment is waived.

## ORDER FOR JUDGMENT

LET JUDGMENT BE ENTERED FORTHWITH.

BY THE COURT:

Dated this 18 day of August, 2004.

Judge of District Court
THOMAS W. WEXLER

BY THE COURT:

Dated this 9th day of August, 2004. Judy B. Mack

Referee Judy Mack
Referee of District Court

I certify that the above Conclusions of Law constitute the Judgment and Decree of the Court.

DECREE ENTERED AND JUDGMENT ROLL FILED THIS ______ DAY OF ______________, 2004.

BY THE COURT:

DECREE ENTERED AND JUDGEMENT ROLL FILED
AUG 30 2004

District Court Administrator