# EXHIBIT 11

STATE OF MINNESOTA
COUNTY OF HENNEPIN

FILED
2004 AUG 18 PM 9:33
BY ____________ DEPUTY
HENN CO. DISTRICT
COURT ADMINISTRATOR

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
FAMILY COURT DIVISION

---

In Re the Marriage of:

PENNY SUE REAM

Petitioner,

and

ROBERT LEE KREISLER, JR.

Co-Petitioner.

Court File No. 293235

FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER FOR JUDGMENT, JUDGMENT AND DECREE

AUG 30 2004

---

THE ABOVE-ENTITLED PROCEEDING came on for administrative dissolution review before the undersigned Referee on ~~July 28~~ August 12, 2004 set forth below.

BASED UPON THE Amended MARITAL TERMINATION AGREEMENT, and being fully advised in the premises, and upon all the files and records herein, the Court makes the following as:

## FINDINGS OF FACT

I.

PARTIES

The true and correct names and addresses of the parties and their attorneys are as follows:

Petitioner: Penny Sue Ream (Hereinafter "Wife")
121 Elmwood Place West
Minneapolis, MN 55419
Date of Birth: August 7, 1946

ORIGINAL

interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. Marital Lien Maximum and Minimum: Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

Within thirty (30) days after entry of the Judgment and Decree herein, the Wife shall execute a deed conveying said property to the Husband, subject to the lien in favor of Wife as set forth above.

8. Other Real Estate/Rental Properties. Husband is granted title to all of rental properties, subject to Wife's lien interests as set forth below. Both parties shall continue to assist in the operation and management of the properties until Wife's lien interests have been fully satisfied. Both parties shall share equally in the net cash flow from the operation of the properties (currently approximately $8,000 per month) until Wife's lien interests have been fully satisfied. In the event that Husband becomes incapacitated and is unable to participate in the management or operation of these properties, Wife shall be allowed to manage these properties,

including, but not limited to, the collection of rents and the sale of said properties.

Husband is be granted all right, title and interest in the following real estate:

A. 2530 Blaisdell Avenue, Minneapolis, MN, legally described as follows:

> The south two (2) feet of Lot 5; Lots 6 and 7 and the North Half of Lot 8, "Robbins" Addition to Minneapolis

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below, whichever occurs first in time. The value of Wife's marital lien is one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

B. 2421 Pillsbury Avenue, Minneapolis, MN, legally described as follows:

> Lot 20, except South 5 feet of said Lot 20; Lot 21; the South 5 feet of Lot 22, Block 8; J.T. Blaisdell Revised Addition to Minneapolis, according to the recorded plat thereof, Hennepin County, Minnesota.

Torrens Property
Torrens Certificate No. 758684 (includes additional land)

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below, whichever occurs first in time. The value of Wife's marital lien is one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

C. 123-127-131 West 26th Street, Minneapolis, MN, legally described as follows:

Lots 25 and 26, Block 14, J.T. Blaisdell's Revised Addition to Minneapolis

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below,

whichever occurs first in time. The value of Wife's marital lien shall be one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

D. 424 West 24th Street, Minneapolis, MN, legally described as follows:

Lots 8 and 9, Block 11, Badger and Penney's Addition to Minneapolis

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below, whichever occurs first in time. The value of Wife's marital lien shall be one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale.

If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien shall governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

E. 2124 Garfield Avenue, Minneapolis, MN, legally described as follows:

Lot 7, Block 5, Badger and Penney's Addition to Minneapolis

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below, whichever occurs first in time. The value of Wife's marital lien is one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. **Marital Lien Maximum and Minimum:** Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's

marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

F. 2500 Blaisdell Avenue, Minneapolis, MN, legally described as follows:

> Lots 1, 2, 3, and 4 except the South 12 feet of Lot 4, Robbins' Addition to Minneapolis according to the plat thereof on file or of record in the office of the Register of Deeds, Hennepin County, Minnesota,

subject to Wife's marital lien. Wife's marital lien on said property shall be satisfied upon the sale, refinance or exchange of said property or pursuant to the schedule set forth below, whichever occurs first in time. The value of Wife's marital lien is one-half of the equity interest in said property, subject to the marital lien minimum and maximum set forth below. If Wife's marital lien is paid through a sale of the property, the equity interest shall be defined as the total sales price, minus the costs of sale and the capital gains taxes generated from the sale. If Wife's marital lien is paid through a refinancing of the property, or an exchange of the property for other properties the parties' equity interest shall be defined as the value of the property (as determined at the time of refinance or exchange), minus the costs of refinancing or the costs of the exchange. Marital Lien Maximum and Minimum: Notwithstanding the actual appraisal, sale price or exchange value of the property, the minimum and maximum amount of Wife's marital lien is governed by the specific terms of the Marital Termination Agreement (long form) signed by both parties. Husband shall be responsible for the mortgage, taxes, utilities and general maintenance of the property.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said

property including any lawsuits relating to the past, present or future use of the property.

G. Husband is hereby granted all right, title and interest n the rental property located at 203 Poplar Street, Vernon Center, MN, legally described as follows:

Lots 9 and 10, Block 2, Vernon Centre, Blue Earth County, Minnesota

free and clear of any claim by Wife whatsoever.

Husband shall hold Wife harmless and indemnify Wife from any liability relating to said property including any lawsuits relating to the past, present or future use of the property.

General responsibility for Properties: Husband shall be responsible for all taxes, insurance, utilities and maintenance with respect to all properties awarded to Husband herein.

A. **Schedule for Payment of Marital Liens:** Wife's marital liens shall be paid upon the sale, refinance or exchange of each of the properties. The minimum total amount that Wife shall receive from all properties and the timing of payments shall be the amount set forth in the parties' Marital Termination Agreement (long form). The encumbrances subtracted in determining Wife's marital liens amounts, as set forth above, shall not be higher than the encumbrances that existed on June 1, 2004, which are identified above. However, in the event that these properties are not immediately sold, refinanced or exchanged,

If all properties are sold, refinanced or exchanged and the Wife is fully paid prior to the end of 2005 the Husband shall not owe Wife any interest on said properties.

Filing of long form Marital Termination Agreement; Either party may file the long form of the Marital Termination Agreement and the terms of the long form Marital Termination Agreement shall be enforceable as if fully included in this judgment and decree.

Whittier Real Estate Company and KT Properties Partnership, LLP.

Except for the disposition of the real estate as set forth above, Husband is hereby granted all of the parties' right, title and interest in Whittier Real Estate Company and any of the parties' interest in the general partnership of KT Properties Partnership, LLP, free and clear of any interest by the Wife whatsoever.