**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Eboni SternJohn *et al*,

Plaintiff,

vs.

Robert L. Kreisler, Jr., *et al*

Defendants.

Civil File No. 82-842
(MJD/JSM)

**SUPPLEMENTAL AFFIDAVIT OF PENNY REAM IN SUPPORT OF MOTION TO MODIFY OR CLARIFY CONTEMPT ORDER**

---

STATE OF MINNESOTA )
) SS.
COUNTY OF HENNEPIN )

**PENNY REAM**, being first duly sworn under oath, states and alleges as follows:

1. My name is **PENNY REAM**. I make this Affidavit, consisting of four pages, of my personal knowledge and would so testify if called upon to do so.

2. I make this Affidavit to supplement the statements in my Affidavit dated July 12, 2006 herein.

3. While I was married to Mr. Kreisler I worked approximately 12 to 15 hours per week in his office performing administrative and bookkeeping-type tasks. I did not make substantive decisions on issues affecting tenants.

4. To my knowledge I have never been accused of any illegally discriminatory conduct toward any tenant or applicant for tenancies of any Kreisler-owned properties.

5. Among other things, the Marital Settlement Agreement (Long Form) between me and Robert L. Kreisler, Jr., provided that I was to receive payments totaling a cumulative $200,000 by December 31, 2004, and a cumulative $500,000 by December 31, 2005 to satisfy (in part) my marital lien against the properties that Mr. Kreisler had purchased during our marriage.

6. I needed my marital lien satisfied because there was no provision for maintenance, either temporary or permanent, in the Judgment and Decree, and I was going to need a source of income upon separating from Mr. Kreisler.

7. The properties purchased by Mr. Kreisler during our marriage included the home where we lived as well as seven rental properties – six of which were in South Minneapolis. Title to all of the properties was awarded to Mr. Kreisler in the Judgment and Decree.

8. Mr. Kreisler did not make the payment that was due to me at the end of 2004. In subsequent weeks, he explained that he had insufficient cash resources to make that payment and, probably, the payment that would be due at the end of 2005. He said that the only way he could realistically satisfy my marital lien was to transfer title to some of the rental properties to me.

9. After much negotiating by both my attorney and me with Mr. Kreisler, we determined that property transfer would be the only likely solution to the marital lien satisfaction issue. Attached hereto as Exhibit 1 is a true and correct copy of a letter that my lawyer sent to Mr. Kreisler demanding resolution of my marital lien. I had by this time learned of the restriction that had been placed on my management involvement in the Kreisler properties by

the Consent Decree. I also knew that if I had to hire others to make tenant-related decisions, the properties that were being discussed with Mr. Kreisler were unlikely to produce positive cash flow, and if it was positive, it would result in extremely low income.

10. After consulting at length with my attorneys, I believed that I was an "unrelated third party" and that, as such, the restrictions of the Consent Decree should not apply to me.

11. In October 2005 I accepted Mr. Kreisler's deed to three of his Minneapolis properties: 424 West 24th Street, 2124 Garfield Avenue, and 123-127-131 West 26th Street.

12. The transferred properties had 51 rental units and the value of the equity transferred is estimated at approximately $370,000 – $130,000 less than what was due to me at the end of 2005.

13. I have managed the transferred properties as my sole occupation and source of income since October 2005. I am a sole proprietorship, doing business as PSR Properties, and have only one employee – a part-time maintenance person who works approximately 12 hours per week.

14. Robert L. Kreisler, Jr. has had no voice in the management or ownership of my properties. He and I reside separately.

15. To my knowledge there have been no complaints of illegal housing discrimination made against me or my company.

16. The foregoing is true to the best of my knowledge and understanding.

Dated: August 1, 2006

By: s/ Penny S. Ream
Penny S. Ream

Subscribed and sworn to before me this 1st day of August, 2006.

s/ Nichole L. Bowen
Notary Public
Commission Expires: 1/31/10

420530