**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Eboni SternJohn, *et al,*

Plaintiff,

vs.

Robert L. Kreisler, Jr., *et al*

Defendants.

Civil File No. 82-842 (MJD/JSM)

**AFFIDAVIT OF RONALD OUSKY**

---

STATE OF MINNESOTA )
) SS.
COUNTY OF HENNEPIN )

**RONALD OUSKY,** being first duly sworn under oath, states and alleges as follows:

1. My name is **RONALD OUSKY**. I am an attorney duly licensed to practice law in the State of Minnesota and make this Affidavit based upon my own personal knowledge.

2. I represented Penny Ream in connection with the dissolution of her marriage to Robert Kreisler. The marital dissolution proceeding took place in Hennepin County District Court, was exhaustively negotiated by the parties, and was finalized on August 18, 2004, with Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree, a copy of which is attached hereto as Exhibit 1.

3. During the marriage, Mr. Kreisler acquired several residential rental properties, including six in Minneapolis. All of them were titled to Mr.

Kreisler, or Kreisler-related entities. Penny Ream was not in title on any of the rental properties.

4. While representing Ms. Ream in the dissolution proceeding, I did not understand her to be a party in the above-captioned litigation. Nor was I aware that anyone was discussing the inclusion of Ms. Ream's name in a Consent Decree that would subject her to restrictions on the management of any of the real estate properties that might be conveyed to her. I do not believe that Ms. Ream was aware of this provision, since she never mentioned it to me during the negotiation of the marriage dissolution. I did not become aware of the terms of the Consent Decree until Ms. Ream brought it to my attention several months after the dissolution.

5. The Ream/Kreisler Judgment and Decree was based upon their Marital Termination Agreement, the terms of which resulted from vigorous negotiations between Ms. Ream and Mr. Kreisler. Paragraph 8 of the Conclusions of Law in the Judgment and Decree (page 12 of Exhibit 1) awards all of the rental properties to Mr. Kreisler, subject to Ms. Ream's marital lien in one-half of the equity in each rental property.

6. The Ream/Kreisler Marital Termination Agreement (Long Form) was not filed in Hennepin County District Court, although the Court was aware of it and referenced it several times in its Conclusions of Law. See, e.g., Exhibit 1, page 12, lines 9-10, and page 13, line 17. The Long Form was not filed because, the parties agreed that stating their estimate of valuation of the real estate holdings as well as the timing of Mr. Kreisler's satisfaction of Ms. Ream's

marital liens in the properties in a document accessible to the public could disadvantage any sale of the properties. I have occasionally used this method of filing two versions of a Marital Termination Agreement in order to protect the privacy rights of my clients

7. The Ream/Kreisler Marital Termination Agreement (Long Form) required Ms. Ream's marital liens to be satisfied as follows: (a) a cumulative total of $200,000 on or before the end of 2004, without interest; and (b) A cumulative total of $500,000 on or before the end of 2005, payable without interest. There are further payment requirements on Ms. Ream's marital liens that will not become relevant until December 31, 2006.

8. After the dissolution was concluded, the parties subsequently engaged in intense arm's length negotiation over the timing and manner by which Ms. Ream's marital lien would be satisfied. Ms. Ream was concerned about getting her liens paid as soon as possible. Mr. Kreisler claimed to have insufficient cash resources to make the requisite payments and stated that the only way he could even *partially* satisfy Ms. Ream's lien that was due at the end of 2005 would be to transfer title to three of the six properties to Ms. Ream. After examining all of her options, Ms. Ream concluded that this seemed to be the best way to protect her interests.

9. As a result of the arms-length contested marital lien negotiations,[1] Mr. Kreisler conveyed three of the properties to Ms. Ream in partial satisfaction of her marital lien in the fall of 2005. The properties conveyed were located at

1 See Exhibit 2.

2124 Garfield, 1124 W. 24th Street, and 121-131 W. 26th Street – all in Minneapolis. The total equity in those properties was insufficient to satisfy the $500,000 marital lien that was due at the end of 2005.

10. The conveyance of the three apartment buildings was not done in order to avoid or evade the terms of the Consent Decree. The sole purpose was to satisfy at least a portion of the marital lien for Ms. Ream. The properties that were conveyed to her constituted a source of income for her following the divorce and allowed Ms. Ream to receive at least a portion of the marital property that she was entitled to receive under the terms of the decree

The above is true and correct to the best of my knowledge.

Dated: August 1, 2006

By: s/ Ronald Ousky
**RONALD OUSKY**

Subscribed and sworn to before
me this 1st day of August, 2006.

s/ Steven S. Yasgur
Notary Public
Commission Expires: 1/31/10
419823