**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

v.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership, L.L.P, a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger, Realty, Inc.,

Defendants.

Civil No. 02-842 MJD/JSM

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO PENNY REAM'S MOTION FOR MODIFICATION OR CLARIFCATION OF THE COURT'S JULY 7, 2006 ORDER**

---

**INTRODUCTION**

To avoid incurring further costs in enforcing the Consent Decree, Eboni and Julius SternJohns' counsel scheduled a conference call with Penny Ream's counsel to try to avoid a Motion here. Ms. Ream rejected the proposal for an amicable resolution and filed her motion papers the next day. Thus, the SternJohns are compelled to file this response in opposition to Ms. Ream's Motion.

## I. MS. REAM CHOSE NOT TO INTERVENE IN THE CONTEMPT ACTION DESPITE ACTUAL NOTICE THEREOF, SO SHE CANNOT INTERVENE NOW AFTER THE MATTER HAS BEEN LITIGATED AND DECIDED.

Upon securing a briefing schedule for the Contempt action, the SternJohns' counsel immediately served written notice on Ms. Ream's counsel. See Affidavit of Justin D. Cummins, dated August 7, 2006 ("Cummins Aff."), ¶ 5, Exh. 1. This notice informed Ms. Ream that the Contempt Action concerned whether transferring apartment buildings covered by the Consent Decree to her violated the Decree. Id. The written advisory also provided the briefing deadline and invited Ms. Ream's counsel to confer with the SternJohns' counsel. Id.

Nonetheless, Ms. Ream's counsel never contacted the SternJohns' counsel nor the Court about the Contempt Action until Ms. Ream sought leave to challenge the Order issued pursuant to the Court's Contempt ruling. Id. at ¶ 2. Ms. Ream's voluminous Court submissions and colorful prose cannot obscure, however, the fundamental fact that she waived her right to intervene in the Contempt Action. EEOC v. Westinghouse Corp., 675 F.2d 164, 166 (8th Cir. 1982) (affirming the denial of intervention where the putative intervener waited until after judgment before moving to intervene); see also U.S. v. British American Tobacco Australia Services, Ltd., 437 F.3d 1235, 1239 (D.C. Cir. 2006) (citation omitted) (affirming the denial of intervention because "[t]imeliness is a prerequisite to any claim for intervention under Rule 24. . . ."); Fed.R.Civ.P. 24 (predicating intervention on a "timely application.").

On this basis alone and to safeguard judicial economy, Ms. Ream's Motion should be denied.

## II. THE CONSENT DECREE PROPERLY APPLIES TO MS. REAM AS AN AGENT OF THE LIABLE COMPANIES, AND HER DUTY UNDER THE CONSENT DECREE AND RELATED CONTEMPT ORDER IS NOT ONEROUS.

As set forth more fully in the Memorandum of Law opposing Defendants' Motion for Alteration or Amendment of the Contempt Order, Ms. Ream was an agent of the defendant companies at the time the civil rights violations occurred, at the time the defendant companies executed the Consent Decree, and since then. Accordingly, the Consent Decree properly applies to Ms. Ream. Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 958 (8th Cir. 2002); Liddell v. Caldwell, 553 F.2d 557, 557-58 (8th Cir. 1977). Notably, the Consent Decree provides explicit injunctive relief concerning the conduct of the liable defendant companies' agents, such as Ms. Ream. For example, the Court orders all agents affirmatively to treat tenants equally and not to discriminate, harass, or retaliate going forward. See Consent Decree, Part VII, Attachment A (1)-(3). The Consent Decree also declares as follows: "***Any*** employee or ***agent*** of the owners and managers ***who does not follow any part of the policy*** summarized above ***will be subject to*** disciplinary action, termination of employment, and/or ***federal court sanctions***."). Id. at (4) (emphasis added).

At any rate, Ms. Ream can comply with the Consent Decree and related Contempt Order by simply doing what – according to the defendant companies –

she has done all these years: not make tenancy-related decisions. See Consent Decree, Part IV. An affidavit from Ms. Ream to this effect that is submitted as part of the quarterly reporting under the Consent Decree would be sufficient in the SternJohns' opinion. The SternJohns made this proposal, but Ms. Ream rejected it. See Cummins Aff., ¶ 3.

In sum, the Consent Decree and related Contempt Order appropriately apply to Ms. Ream as an agent for the companies against which the Court entered judgment in the underlying civil rights case. The Contempt Order does not impose an undue burden, and Ms. Ream's untimely motion must be denied on these additional grounds.

## CONCLUSION

For the foregoing reasons, the SternJohns respectfully request that Ms. Ream's Motion be denied in its entirety and that Ms. Ream pay the costs incurred to oppose this Motion.

Dated: August 7, 2006

**MILLER·O'BRIEN, P.L.L.P.**

s/ Justin D. Cummins
M. William O'Brien, # 130229
Justin D. Cummins, # 276248
One Financial Plaza
120 South Sixth Street, Suite 2400
Minneapolis, MN 55402
612-333-5831

**ATTORNEYS FOR PLAINTIFFS**