**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Eboni SternJohn and Julius SternJohn,

Plaintiffs,

v.

Robert L. Kreisler, Jr., a/k/a Bob Peterson, a/k/a Robert Peterson, d/b/a Kreisler Real Estate Company, d/b/a Whittier Real Estate Company, d/b/a KT Properties Partnership L.P., d/b/a Whittier Community Apartments, d/b/a Bristol Apartments; Solar Partnership, a/k/a Solar Partnership, L.L.P, a/k/a Solar Partnership I, L.L.P., a/k/a Solar Partnership III, L.L.P., a/k/a Solar Partnership IV, L.L.P., d/b/a Solar Corporation; and Larry Hopfenspirger, d/b/a Hopfenspirger, Realty, Inc.,

Defendants.

Civil No. 02-842 MJD/JSM

**AFFIDAVIT OF JUSTIN D. CUMMINS**

STATE OF MINNESOTA )
) SS.
COUNTY OF HENNEPIN )

JUSTIN D. CUMMINS, being first duly sworn on oath, states as follows:

1. I am an attorney of record representing Plaintiffs Eboni and Julius SternJohn with respect to enforcement of the Consent Decree entered pursuant to judgment against

Robert Kreisler and the defendant companies in SternJohn v. Kreisler, Civ. No.: 02-842 (MJD/JSM). I make this affidavit based on personal knowledge.

2. On February 8, 2006, and at the direction of the Court, I served via facsimile and U.S. mail notice of the Contempt Action and related briefing schedule on Penny Ream's counsel. Ms. Ream's counsel never contacted me about this matter before seeking leave to challenge the Contempt Order issued.

3. I scheduled and participated in a conference with counsel for Ms. Ream and for Mr. Kreisler and defendant companies. During the meeting on July 31, 2006, the SternJohns proposed that we settle the pending Motions by agreeing that Ms. Ream provide an affidavit on a quarterly basis affirming that she is not making tenancy-related decisions at the properties transferred to her. The SternJohns' offer was rejected.

4. As set forth at Exhibit 2 of this affidavit, I spent a total of 13.30 hours on enforcing the governing Consent Decree, at a billing rate of $240.00 per hour, by opposing Defendants' Motion for Alteration or Amendment of the Court's' July 7, 2006 Order. As set forth at Exhibit 3 of this affidavit, I also spent a total of 16.20 hours on enforcing the governing Consent Decree, at the same billing rate, by opposing Penny Ream's Motion for Modification or Clarification of the Court's July 7, 2006 Order. My hourly rate is well within the parameters of attorneys with my experience in this geographic and practice area. I have represented plaintiffs in discrimination cases for nearly a decade. I also continue to teach anti-

discrimination law at the University of Minnesota Law School, at William Mitchell College of Law, and at various CLEs in Minnesota and elsewhere. I have published multiple articles on the subject in national law journals, and I am an Officer of the National Employment Lawyers Association's Eighth Circuit Board as well as the Governing Council of the Minnesota State Bar Association's Labor & Employment Section. Minnesota Lawyer recently identified me as one of Minnesota's top attorneys.

5. Attached is a true and correct copy of the following:

Exh. 1: correspondence from the SternJohns' counsel to Ms. Ream's counsel, dated February 8, 2006;

Exh. 2: itemization of costs incurred by the SternJohns to enforce the Consent Decree by opposing Defendants' Motion for Alteration or Amendment of the Court's' July 7, 2006 Order; and

Exh. 3: itemization of costs incurred by the SternJohns to enforce the Consent Decree by opposing Ms. Ream's Motion for Modification or Clarification of the Court's July 7, 2006 Order.

6. The above is true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

s/ Justin D. Cummins
Justin D. Cummins

Subscribed and sworn to before me
this 7th day of August, 2006.

______________________________
NOTARY PUBLIC